IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA, et al.,

        *Plaintiffs*,

        v.

AT&T INC., et al.,

        *Defendants*.

Case No. 1:11-cv-01560-ESH

**MEMORANDUM OF DEFENDANTS IN OPPOSITION TO NON-PARTY
GOOGLE INC.'S MOTION TO AMEND THE PROTECTIVE ORDER**

The Protective Order in this case reflects the carefully negotiated agreement of the Department of Justice ("DOJ") and Defendants regarding the appropriate procedures to protect the confidential information of parties and non-parties that will be essential to the resolution of this case. Google Inc. ("Google") — alone among the more than 60 companies that have already received notice of the Protective Order, because they provided confidential information to the DOJ or the Plaintiff States ("States") during their extensive pre-suit investigations — has moved to modify the Protective Order in three ways. The Court should deny Google's motion because the modifications it proposes are prejudicial to Defendants, unnecessary, and unduly cumbersome for a case on an expedited schedule.

First, Google would require Defendants to give a non-party five days' advance notice of the identities of Defendants' consulting and potential testifying experts before disclosing that non-party's confidential information to those experts. Moreover, Google would grant each non-party the right to veto those disclosures and require Defendants to seek Court approval before disclosing the information. Defendants' ability to prepare their case will be severely prejudiced if, before providing a non-party's confidential information to their chosen experts, they must

obtain permission from — or persuade this Court to override the veto of — each of the dozens of non-parties producing relevant confidential material in this case. Moreover, Google's proposal would force Defendants to identify their consulting and potential testifying experts to dozens of non-parties, even though the Federal Rules of Civil Procedure protect the identities of those experts from disclosure. In all events, Google's proposal is unnecessary: experts must abide by the Protective Order's terms and are subject to significant sanctions should they violate them.

Second, Google would require Defendants to provide each non-party with three days' advance notice before filing confidential material with the Court. The Local Rules of the Court, as well as the Protective Order, ensure that pleadings containing or attaching confidential material must be filed under seal. The need to file motions to seal provides non-parties with both notice and all necessary safeguards. Moreover, a strict three-day notice period is impractical, particularly as trial approaches and the pleading cycle for filings shortens.

Third, Google would require Defendants to provide non-parties 24 hours' advance notice that they might introduce their confidential information at trial and three days' advance notice that they might do so in pre-trial proceedings. Google's proposal is likely to impede the efficient conduct of court proceedings and, in particular, the trial. Defendants may not know 24 hours in advance that they may seek to use a non-party's confidential material at trial, whether on cross-examination or during rebuttal testimony. Nor can Defendants anticipate every matter that may arise at a pre-trial hearing, for which Google proposes three days' advance notice to non-parties. Google's proposed rule would force Defendants to choose between forgoing the effective presentation of their case and repeatedly asking the Court to delay the trial or pre-trial proceedings. In all events, the Court already has sufficient ability to protect confidential material from public disclosure.

**BACKGROUND**

On March 20, 2011, AT&T Inc. ("AT&T") entered into a stock purchase agreement to acquire T-Mobile USA, Inc. ("T-Mobile") from its parent company, Deutsche Telekom AG ("DT"), and to merge the two companies' mobile wireless telecommunications services businesses. During the course of the DOJ's and the States' investigations into the proposed merger, more than 60 companies other than Defendants produced material to the DOJ and the States pursuant to Civil Investigative Demands ("CID") or Subpoenas.

On August 31, 2011, the United States filed an action under § 7 of the Clayton Act, 15 U.S.C. § 18, seeking permanently to enjoin the transaction. On September 15, 2011, the United States filed an unopposed motion to enter the Protective Order. The same day, the Court granted that motion and entered the Protective Order.[1]

Pursuant to the terms of the Protective Order, Google received notice of the DOJ's intention to produce Google's CID materials to Defendants so they may prepare for trial. Following discussions with counsel for Defendants and the government concerning the scope of protection offered by the Protective Order, Google filed a motion for relief under the Protective Order on September 26, 2011.

**ARGUMENT**

**I.   GOOGLE'S PROPOSAL WOULD PREJUDICE DEFENDANTS BY HANDING NON-PARTIES A VETO RIGHT OVER DEFENDANTS' CHOICE OF EXPERTS AND VIOLATES THE FEDERAL RULES BY REQUIRING DISCLOSURE OF EXPERTS WITHOUT A SHOWING OF EXCEPTIONAL CIRCUMSTANCES**

**A.**   Google proposes to require Defendants to notify a non-party at least five days in advance of disclosing that non-party's confidential information to a consulting or potential testifying expert. This proposal would grant every non-party the effective ability to veto

---

[1] On September 30, 2011, following the addition of a number of States as Plaintiffs, the Court approved an amended Protective Order to reflect the additional parties to the case.

Defendants' choice of experts, by denying them access to confidential information that is necessary to their work as experts in this case. Faced with objections from non-parties, Defendants would be forced to choose between abandoning their chosen expert and incurring the time and expense of engaging in motions practice before this Court to challenge the non-party's objections.

Given the number of non-parties that have already provided the DOJ and the States with confidential information — and the many more that soon will respond to subpoenas — Defendants may be required to seek permission from many dozens of non-parties. Moreover, the decision that a non-party's confidential information is relevant to the work of a particular expert will be made on a rolling basis, as counsel for Defendants' review the material that the DOJ, the States, and subpoenaed entities produce. Google's proposal, therefore, raises "the potential for a long series of expert vetoes." *Medtronic, Inc. v. Guidant Corp.*, Nos. Civ. 00-1473(MJD/JGL) & Civ. 00-2503(MJD/JGL), 2001 WL 34784493, at *3 (D. Minn. Dec. 20, 2001), *aff'd*, 2002 WL 171711 (D. Minn. Jan. 29, 2002). Because "[f]inding an appropriate expert can be a time consuming and expensive process" — and this case is proceeding under expedited deadlines for expert reports and depositions — Defendants would be severely prejudiced if non-parties could effectively veto their chosen experts. *Id.* These vetoes, moreover, would "needlessly 'bog down' the discovery process" and delay these proceedings. *Id.*

In support of its proposal, Google cites (at 10) *Bank of New York v. Meridien BIAO Bank Tanzania Ltd.*, 171 F.R.D. 135 (S.D.N.Y. 1997), but that case is inapposite. In that case, the Bank of New York objected to the defendants' experts viewing a narrow, specific set of documents that "collectively indicate [the plaintiff's] credit policies, provide a specimen signature for its officers, and demonstrate how [the plaintiff's] internal audit procedures are

developed to prevent fraud." *Id.* at 141 (internal quotation marks omitted). After emphasizing that the objecting party bears a heavy burden of proving that "exceptional circumstances" justify its request for advance notice, the court granted limited relief that required the defendants to identify any expert who planned to view the few specific documents at issue and allowed the plaintiff an opportunity to object to that expert. *Id.* at 144-45. Google's request, by comparison, seeks carte-blanche authority for *every* non-party to object to an expert viewing *any part* of that non-party's confidential documents. Even as to its own documents, Google merely alludes generally to the confidential nature of the documents it produced in response to the DOJ's CID. *See* Mem. at 10. Google has thus failed to demonstrate "exceptional circumstances" that justify allowing it — or any other third party — this veto power, particularly in light of the prejudice it would impose on Defendants.

   **B.**  The Protective Order already protects Google and other non-parties from the potential for misuse of their confidential information. Before receiving confidential information, experts must sign Appendix A to the Protective Order, in which they "agree to be bound by the terms of the Protective Order" and to use confidential information "only for the purpose of this litigation," and acknowledge that "failure to abide by the terms of the Protective Order" will subject the expert "to civil and criminal penalties for contempt of Court." Protective Order App. A.

   Because the Court has the full "spectrum of sanctions" at its disposal to "deter" the improper use of confidential information, Google's claim to require advance notice of Defendants' experts' identities is unwarranted. *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 643 (1976) (per curiam); *see id.* (reinstating sanctions for violations of discovery orders "to deter those who might be tempted to such conduct in the absence of such a

deterrent"); *Quinter v. Volkwagen of Am.*, 676 F.2d 969, 974 (3d Cir. 1982) (sanctioning an expert for revealing information obtained under a protective order); *Hi-Tek Bags, Ltd. v. Bobtron Int'l, Inc.*, 144 F.R.D. 379, 383-84 (C.D. Cal. 1992) (noting the availability of sanctions under Federal Rule of Civil Procedure 37 to deter violations of a protective order).

Sanctions are a serious penalty for experts and attorneys alike, and may harm an expert's professional reputation. *Cf. Johnson v. Board of County Comm'rs*, 85 F.3d 489, 492-93 (10th Cir. 1996) (noting that disqualification order as sanction "could harm his or her professional reputation"). Google's speculation (at 10) that an expert for Defendants who also works for "a significant competitor of Google" will risk those severe sanctions and misuse its — or another non-party's — confidential information is far too speculative to constitute "good cause" for modifying the Protective Order. Fed. R. Civ. P. 26(c); *see Phillips ex rel. Estates of Byrd v. GMC*, 307 F.3d 1206, 1210-11 (9th Cir. 2002) ("[f]or good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result"); *Arvco Container Corp. v. Weyerhaeuser Co.*, No. 1:08-cv-548, 2009 WL 311125, at *5 (W.D. Mich. Feb. 9, 2009) ("Where a business is the party seeking protection, it is obliged to show that 'disclosure would cause significant harm to its competitive and financial position. That showing requires specific demonstrations of fact, supported where possible by affidavits and concrete examples, rather than broad, conclusory allegations of potential harm.'") (quoting *Deford v. Schmid Prods. Co.*, 120 F.R.D. 648, 653 (D. Md. 1987)).

**C.**   Google's proposal regarding Defendants' experts is additionally flawed because it violates the Federal Rules' protections against disclosure of non-testifying experts. Google would require Defendants to reveal the identities of their consulting and potential testifying experts to dozens of non-parties. More than 60 companies and individuals received CIDs or

subpoenas or otherwise provided materials to the DOJ or the States in connection with their investigation of the merger; dozens more have already received subpoenas in this litigation. Under Google's proposal, every one of these non-parties would have the right to learn the identities of Defendants' experts.

Google has failed to show "exceptional circumstances" to justify revealing the identities of non-testifying experts retained solely for consulting purposes. Fed. R. Civ. P. 26(b)(4)(D); *see Layne Christensen Co. v. Purolite Co.*, 271 F.R.D. 240, 251 (D. Kan. 2010) (noting that Rule 26(b)(4) extends to "'the identity, and other collateral information' concerning any non-testimonial expert who is retained or specially employed in anticipation of litigation") (quoting *Ager v. Jane C. Stormont Hosp. & Training Sch. for Nurses*, 622 F.2d 496, 503 (10th Cir. 1980)). Moreover, Google's proposed language would disclose Defendants' non-testifying experts to dozens of other non-parties that have not made any showing to warrant an exception to the Federal Rules. *See In re Pizza Time Theatre Sec. Litig.*, 113 F.R.D. 94, 98 (N.D. Cal. 1986) ("When these decisions relate to the identity of experts who will *not* testify, they should be disclosed only after a very substantial showing of need."). This proposal endangers Defendants' important interest in maintaining the confidentiality of the identity of their consulting experts.

Nor is Google (or any other non-party) entitled to learn the identities of Defendants' testifying experts prior to their designation as such. The Court's Scheduling Order adopted two deadlines: one for designation of experts that each side will call for its respective case-in-chief (November 22, 2011), and a later date for designation of rebuttal experts (December 7, 2011). Until those deadlines pass and Defendants designate an individual as a testifying expert, he or she remains a "non-testifying expert," whose identity is protected from disclosure, subject only to the "exceptional circumstances" standard in Rule 26(b)(4)(D). *See FMC Corp. v. Vendo Co.*,

7

196 F. Supp. 2d 1023, 1044 (E.D. Cal. 2002) ("Parties should be encouraged to consult experts to formulate their own cases, to discard those experts for any reason, and to place them beyond the reach of an opposing party, if they have never indicated an intention to use the expert at trial.") (internal quotation marks omitted).

## II. GOOGLE'S PROPOSAL REGARDING COURT FILINGS IS UNNECESSARY AND BURDENSOME, AND EXISTING SAFEGUARDS ADEQUATELY PROTECT NON-PARTIES' CONFIDENTIAL INFORMATION

Google's request for three days' advance notice before confidential information is attached to court filings would impose a heavy burden on parties to protect against a negligible risk to non-parties. If Defendants seek to file a pleading, motion, or other paper with the Court containing confidential information — whether of a party or a non-party — they must file that document under seal, unless they can convince the party to withdraw or waive its designation. The Local Rules contain extensive safeguards for the protection of confidential third-party information attached to filings, requiring physical filing of documents under seal to be marked " 'DOCUMENT UNDER SEAL' or 'DOCUMENTS SUBJECT TO PROTECTIVE ORDER,' or the equivalent." LCvR 5.1(d), (j)(2). The Protective Order imposes obligations consistent with that Local Rule. *See* Protective Order ¶ D.12.

Defendants will comply with these requirements, as well as LCvR 5.1(j)(1), by filing a motion to seal in conjunction with its filings that include confidential material. Those motions will identify the owner of the confidential information included in the document, whether that is a party or a non-party. These motions ensure that non-parties can learn when their confidential information is filed under seal and allow the Court to put the burden on the non-party to justify maintaining that information under seal if the Court questions the validity of the confidentiality designation. *See Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 166 (3d Cir. 1993) ("[T]he party seeking to maintain the seal would have the burden of proof with respect to

those documents."); *Tavoulareas v. Washington Post Co.*, 111 F.R.D. 653, 658 (D.D.C. 1986) (holding that non-parties carry the burden of proving that their confidential documents should remain under seal).

Google offers no reason to believe these safeguards are inadequate or why its proposed three-day notice is necessary. As trial draws near and pleading cycles are expedited, a strict three-day rule will become ever more cumbersome and inefficient, unfairly prejudicing Defendants in their ability to make use of confidential information to present their arguments. Moreover, Google's proposal is incompatible with the deadlines in the Court's Order [ECF No. 46] appointing the Special Master, which provides only 48 hours for responses to discovery motions and 24 hours for replies.

### III. GOOGLE'S REQUEST FOR ADVANCE NOTICE OF THE POTENTIAL USE OF CONFIDENTIAL INFORMATION IN COURT PROCEEDINGS IS UNNECESSARY AND WOULD UNFAIRLY HAMPER DEFENDANTS' ABILITY TO PRESENT THEIR CASE

Google's request for advance notice — either 24 hours or three days — before Defendants use any confidential documents, other than those on their exhibit list or in deposition designations, in pre-trial proceedings or at trial is unfounded and would unfairly prejudice Defendants, especially at trial. The Protective Order already includes safeguards to ensure that non-parties receive written notice of any trial exhibits or deposition testimony containing their confidential information, as well as a provision whereby non-parties may object to such disclosure in advance of trial. *See* Protective Order ¶ D.13(a). Google, however, would like to go further and impose an additional three-day notice period for pre-trial proceedings and a 24-hour notice period for trial. Such inflexible rules are unrealistic and burdensome.

In particular, Google's proposal would unfairly and unreasonably restrict Defendants' ability to introduce confidential information on cross-examination in order to impeach

9

unexpected witness testimony.  *Cf. United States v. Vest*, 116 F.3d 1179, 1187 (7th Cir. 1997) (noting the need for "flexibility" during cross-examination of expert witnesses at trial).  Without the ability to use confidential information — the need for which may not be anticipated 24 hours in advance — Defendants will not fully be able to engage in "[v]igorous cross-examination" and "presentation of contrary evidence," both of which "are the traditional and appropriate means of attacking shaky but admissible evidence."  *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 596 (1993).  Defendants may also not know 24 hours in advance that they will use a non-party's confidential information during re-direct questioning or in presenting rebuttal evidence.  If Google's 24 hours' notice requirement were in place, Defendants would have to choose between forgoing the use of that evidence and asking the court to delay the trial proceedings to give the non-party the required notice.  Such a requirement would inevitably delay trial proceedings, interfere with the Court's management of its docket, and threaten Defendants' right to a fair hearing.

Likewise, Google's request (at 8-9) for three days' advance notice of the potential disclosure of confidential information in pre-trial court proceedings would cause Defendants significant harm.  It would stifle preparation for pre-trial hearings, which may be convened on short notice, and constrain Defendants' ability to reference confidential materials in court, including in response to questioning from the Court.

In the event that Defendants have reason to introduce additional information marked confidential, the Protective Order already contains a built-in remedy.  The Court must decide whether to seal the courtroom each time Defendants or another party seeks to introduce confidential information not previously designated as a trial exhibit.  *See* Protective Order ¶ D.13(b).  To the extent they can anticipate these occasions, Defendants have a strong incentive

to notify the non-party in advance and request that the non-party waive its designation, which will allow trial or pre-trial hearings[2] to proceed without interruption.  If the non-party declines to waive its designation, Defendants can request that counsel for the non-party be present in the courtroom, so that the Court will not need to delay proceedings in order to hear argument from the non-party on whether to close the courtroom.  Halting the proceedings each time Defendants need to use a non-party's confidential information does not serve the interests of Defendants or the Court.

## CONCLUSION

For the reasons set forth above, the Court should deny Google's motion.

---

[2] Defendants interpret Section D of the Protective Order ("Disclosure of Confidential Information in This Action"), and in particular Paragraph D.13, to encompass pre-trial proceedings.  *See* Protective Order ¶ A.1(k) (" 'This Action' means the above-captioned action pending in this Court, including any pretrial, trial, post-trial, or appellate proceedings.").

Dated: October 11, 2011

Respectfully submitted,

*/s/ Mark C. Hansen*
Mark C. Hansen, D.C. Bar # 425930
Michael K. Kellogg, D.C. Bar # 372049
Kellogg, Huber, Hansen, Todd,
 Evans & Figel, P.L.L.C.
1615 M Street, NW, Suite 400
Washington, DC 20036
(202) 326-7900

Richard L. Rosen, D.C. Bar # 307231
Donna E. Patterson, D.C. Bar # 358701
Arnold & Porter LLP
555 Twelfth Street, NW
Washington, DC 20004-1206
(202) 942-5000

Wm. Randolph Smith, D.C. Bar # 356402
Kathryn D. Kirmayer, D.C. Bar # 424699
Crowell & Moring, LLP
1001 Pennsylvania Avenue, NW
Washington, DC 20004
(202) 624-2500

*Counsel for AT&T Inc.*


George S. Cary, D.C. Bar # 285411
Mark W. Nelson, D.C. Bar # 442461
Cleary Gottlieb Steen & Hamilton LLP
2000 Pennsylvania Avenue, NW
Washington, DC 20006
(202) 974-1500

Richard G. Parker, D.C. Bar # 327544
O'Melveny & Myers LLP
1625 Eye Street, NW
Washington, DC 20006
(202) 383-5300

*Counsel for T-Mobile USA, Inc. and
 Deutsche Telekom AG*

12

**CERTIFICATE OF SERVICE**

      I hereby certify that on October 11, 2011, I caused the foregoing Memorandum of Defendants in Opposition to Non-Party Google Inc.'s Motion To Amend the Protective Order to be filed using the Court's CM/ECF system, which will send e-mail notification of such filings to counsel of record. This document is available for viewing and downloading on the CM/ECF system.

      Two copies of the foregoing Memorandum, together with cases and other cited materials, shall be served on Special Master Richard A Levie.

                                              */s/ Mark C. Hansen*
                                              Mark C. Hansen