**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, et al., <br><br> Plaintiffs, <br><br> v. <br><br> AT&T INC., T-MOBILE USA, INC., and DEUTSCHE TELEKOM AG, <br><br> Defendants. | Civil Action No. 11-01560 (ESH) <br><br> (Referred to Special Master Levie) |

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO GOOGLE'S**
**MOTION FOR ADDITIONAL RELIEF UNDER THE PROTECTIVE ORDER**

This case is large and complex:  it will involve developing and presenting at trial a significant amount of nonparty evidence.  The Protective Order governs more than 100 nonparties, which must be treated evenly and consistently.  Modifications to the Protective Order are thus appropriate only in unusual circumstances where the asserted concerns outweigh the burdens.

The three modifications Google seeks do not meet that standard.  The Protective Order already affords a high degree of protection for confidential information, and the requested modifications would impede the parties' ability to prepare expeditiously for, and present this matter at, trial.  Accordingly, the United States, Plaintiff States, and Plaintiff Commonwealths (collectively, "Plaintiffs") oppose Google's Motion for Additional Relief under the Protective Order.

Two modifications Google requests concern confidential information in court filings and hearings.  Specifically, Google asks the Court to order the parties to provide

nonparties:  (1) three days' notice before confidential information is filed or discussed during a pretrial proceeding; and (2) one day's notice before confidential information not included on an exhibit list or a deposition designation is discussed at trial.

Both modifications are unnecessary since confidential information to be filed or discussed at a court hearing is already provided significant protection.  First, parties are required to file confidential information under seal.  (Amended Stipulated Protective Order Concerning Confidentiality ("Protective Order") ¶ 12 (Oct. 4, 2011).)  Thus, providing advance notice of a filing does not provide additional protection.  Second, before confidential information is discussed at a pretrial hearing, parties can ask the Court to seal the courtroom or the Court can seal it.  Third, parties must alert the Court before discussing confidential information at trial and, at that time, the Court will determine whether to seal the courtroom.  (*Id.* ¶ 13(b)(i), (ii).)  Fourth, after the use of confidential information at trial, a nonparty can object to the inclusion of that information on the record.  (*Id.* ¶ 13(b).)

Moreover, Plaintiffs told Google during the meet-and-confer process that Plaintiffs will endeavor to provide Google the notice it seeks.  That can be accomplished, for instance, by informing Google if its documents become the subject of pretrial motion practice.  No modification of the Protective Order is necessary to obtain this protection.

In light of the expedited schedule, however, it is impractical to require by Court Order that the parties provide advance notice of every instance where a confidential document (which is otherwise receiving all protections afforded under the Protective Order) might be used.  For example, responses to discovery motions are due 48 hours after the filing of a motion, and replies are due 24 hours after responses.  (Referral Order ¶ 3

(Oct. 7, 2011).)  Moreover, oral argument may be held on short notice.  Three days' notice is thus inconsistent with the expedited procedures already ordered.  Further, it is impossible to anticipate the ways a party may use documents or deposition testimony at a hearing or trial.  For example, the parties may need to make quick decisions regarding information to use at trial for impeachment or at hearings in response to the Court's questions.  And, even if the parties could anticipate such use, requiring them to identify each document that could be used, notify nonparties, and undergo motion practice to defend the use of those documents in the brief amount of time before trial or a hearing imposes an impractical burden.

The third modification Google requests is a Court Order requiring the parties to provide nonparties with five days' notice before disclosing confidential information to experts because Google is concerned that the experts might also be engaged by Google's competitors on other matters.  This proposal is also unnecessary.  Before receiving confidential information, experts must agree, subject to contempt, to use that information "only for the purpose of this litigation."  (Protective Order ¶ 9; App. A ¶¶ 2, 3.)  Moreover, the proposal would require the parties to reveal litigation strategies by disclosing non-testifying experts, and it would also require disclosing testifying experts before the dates ordered for that disclosure.  (Stipulated Scheduling and Case Management Order ¶ 11 (Sept. 23, 2011).)

Finally, Google has moved to intervene for the limited purpose of seeking relief under the Protective Order.  Plaintiffs do not oppose intervention for that limited purpose but note that it is unnecessary because the Court has ordered that, "[i]f a non-party

Protected Person determines that this Order does not adequately protect its confidential

Investigation Materials, it may . . . seek additional relief from the Court."  (Protective

Order ¶ 2.)

Dated:  October 11, 2011                      Respectfully submitted,

                                              /s/ Joseph F. Wayland
Richard L. Schwartz                           Joseph F. Wayland
Geralyn J. Trujillo                           Deputy Assistant Attorney General
Mary Ellen Burns
Keith H. Gordon                               /s/ Christine A. Hill
Matthew D. Siegel                             Christine A. Hill (D.C. Bar #461048)
*Counsel for the State of New York*
                                              Laury E. Bobbish
David M. Kerwin                               Claude F. Scott, Jr. (D.C. Bar #414906)
Jonathan A. Mark                              Kenneth M. Dintzer
*Counsel for the State of Washington*         Matthew C. Hammond
                                              U.S. Department of Justice
Quyen D. Toland                               Antitrust Division
Ben Labow                                     450 Fifth Street, N.W., Suite 7000
*Counsel for the State of California*         Washington, D.C.  20530
                                              Tel:  (202) 514-5621
Robert W. Pratt                               Fax:  (202) 514-6381
Chadwick O. Brooker                           christine.hill@usdoj.gov
*Counsel for the State of Illinois*           *Counsel for the United States of America*

William T. Matlack
Michael P. Franck
*Counsel for the Commonwealth of Massachusetts*

Jessica L. Brown
*Counsel for the State of Ohio*

James A. Donahue, III
Joseph S. Betsko
*Counsel for the Commonwealth of Pennsylvania*

José G. Díaz-Tejera
Nathalia Ramos-Martínez
*Counsel for the Commonwealth of Puerto Rico*

## CERTIFICATE OF SERVICE

I, Christine A. Hill, hereby certify that on October 11, 2011, I caused a true and

correct copy of the foregoing Plaintiffs' Memorandum in Opposition to Google's Motion

for Additional Relief under the Protective Order to be served via electronic mail on:

For Special Master Richard A. Levie:
Hon. Richard A. Levie (Ret.)
JAMS
555 13th Street, N.W.
Suite 400 West
Washington, D.C.  20004
Tel:  (202) 533-2056

For Defendant AT&T Inc.:
Steven F. Benz
Kellogg, Huber, Hansen, Todd, Evans & Figel, P.L.L.C.
Sumner Square
1615 M Street, N.W., Suite 400
Washington, D.C.  20036
Tel:  (202) 326-7929

For Defendants T-Mobile USA, Inc. and Deutsche Telekom AG:
Patrick Bock
Cleary Gottlieb Steen & Hamilton LLP
2000 Pennsylvania Avenue, N.W.
Washington, D.C.  20006
Tel:  (202) 974-1922

For Nonparty Google Inc.:
Michael L. Keeley                           John D. Harkrider
Axinn, Veltrop & Harkrider LLP              Daniel Bitton
1330 Connecticut Avenue, N.W.               Axinn, Veltrop & Harkrider LLP
Washington, D.C.  20036                     114 West 47th Street, 22nd Floor
Tel:  (202) 912-4700                        New York, N.Y.  10036
                                            Tel:  (212) 728-2200

/s/ Christine A. Hill
Christine A. Hill
United States Department of Justice
Antitrust Division
450 Fifth Street, N.W., Suite 8700
Washington, D.C.  20530