IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA, et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>AT&T INC., et al., )<br>)<br>Defendants. )<br>) | Case No. 1:11-cv-01560-ESH |

**JOINT MOTION TO INTERVENE**

Pursuant to Rule 24 of the Federal Rules of Civil Procedure, nonparties Sprint Nextel Corporation, Cellular South, Inc., and Corr Wireless Communications, L.L.C. (hereinafter "Petitioners"), jointly move to intervene as of right, or in the alternative, to permissively intervene, for the limited purpose of seeking relief pursuant to Fed. R. Civ. P. 26(c) in the form of an amendment to the Amended Stipulated Protective Order Concerning Confidentiality ("Protective Order") (Dkt. No. 42) entered in the above-captioned case. Petitioners, who are plaintiffs in *Sprint Nextel Corporation v. AT&T Inc., et al.*, Case No. 1:11-cv-01600-ESH, and *Cellular South, Inc., et al. v. AT&T Inc., et al.*, Case No. 1:11-cv-01690-ESH, seek to intervene for the limited purpose of preventing the fundamental unfairness that would result from the defendants' sweeping discovery requests, and so that the U.S. Department of Justice may share confidential information with Petitioners to efficiently prepare for expedited trial. Petitioners do not seek intervention for any other purpose at this time.

WHEREFORE, Petitioners move for an Order permitting Petitioners to intervene in this matter pursuant to Fed. R. Civ. P. 24 for the limited purpose of relief pursuant to Fed. R. Civ. P. 26(c) in the form of an amendment to the Protective Order.

Dated:  October 11, 2011                                         Respectfully submitted,

| | |
|---|---|
| */s/ Chong S. Park* | */s/ Tara L. Reinhart* |
| Chong S. Park (D.C. Bar No. 463050) | Steven C. Sunshine (D.C. Bar No. 450078) |
| Kenneth P. Ewing (D.C. Bar No. 439685) | Gregory B. Craig (D.C. Bar No. 164640) |
| Matthew Kepniss (D.C. Bar No. 490856) | Tara L. Reinhart (D.C. Bar No. 462106) |
| STEPTOE & JOHNSON LLP | SKADDEN, ARPS, SLATE, |
| 1330 Connecticut Avenue, N.W. |    MEAGHER & FLOM LLP |
| Washington, DC 20036-1795 | 1440 New York Avenue, N.W. |
| Tel: (202) 429-3000 | Washington, DC 20005-2111 |
| cpark@steptoe.com | Tel: (202) 371-7000 |
| | Steven.Sunshine@skadden.com |
| Alan W. Perry (*pro hac vice*) | Gregory.Craig@skadden.com |
| Daniel J. Mulholland (*pro hac vice*) | Tara.Reinhart@skadden.com |
| Walter H. Boone (*pro hac vice*) | |
| FORMAN PERRY WATKINS KRUTZ & | James A. Keyte (*pro hac vice*) |
|    TARDY LLP | Matthew P. Hendrickson (*pro hac vice*) |
| City Centre, Suite 100 | SKADDEN, ARPS, SLATE, |
| 200 South Lamar Street |    MEAGHER & FLOM LLP |
| Jackson, Mississippi 39201-4099 | 4 Times Square |
| Tel: (601) 969-7833 | New York, NY 10036-6522 |
| aperry@fpwk.com | Tel: (212) 735-3000 |
| | James.Keyte@skadden.com |
| Charles L. McBride, Jr. (*pro hac vice*) | Matthew.Hendrickson@skadden.com |
| Joseph A. Sclafani (*pro hac vice*) | |
| Brian C. Kimball (*pro hac vice*) | *Counsel for Sprint Nextel Corporation* |
| BRUNINI, GRANTHAM, GROWER & | |
|    HEWES, PLLC | |
| The Pinnacle Building, Suite 100 | |
| 190 East Capitol Street | |
| Jackson, Mississippi 39201 | |
| Tel: (601) 960-6891 | |
| cmcbride@brunini.com | |

*Counsel for Plaintiffs Cellular South, Inc. and*
   *Corr Wireless Communications, L.L.C.*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| UNITED STATES OF AMERICA, et al., ) ) ) *Plaintiffs,* ) ) v. ) ) AT&T INC., et al., ) ) *Defendants.* ) ) | Case No. 1:11-cv-01560-ESH |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF**
**JOINT MOTION TO INTERVENE**

Pursuant to Rule 24 of the Federal Rules of Civil Procedure, Sprint Nextel Corporation, Cellular South, Inc., and Corr Wireless Communications, L.L.C. (hereinafter "Petitioners"), hereby submit this Memorandum in Support of Petitioners' Joint Motion to Intervene. Petitioners, who are plaintiffs in *Sprint Nextel Corporation v. AT&T Inc., et al.,* Case No. 1:11-cv-01600-ESH; and *Cellular South, Inc., et al. v. AT&T Inc., et al.*, Case No. 1:11-cv-01690-ESH, submit this motion for the limited purpose of seeking relief pursuant to Rule 26(c) in the form of an amendment to the Amended Stipulated Protective Order Concerning Confidentiality ("Protective Order") (Dkt. No. 42) entered in the above-captioned case ("DOJ Case"). Because Petitioners wish to intervene only for the limited purpose of modifying the Protective Order, this motion should be granted.

**BACKGROUND**

On August 31, 2011, the U.S. Department of Justice ("DOJ") commenced the above-captioned action against AT&T Inc., T-Mobile USA, Inc., and Deutsche Telekom AG

(hereinafter "Defendants"), challenging AT&T's proposed acquisition of T-Mobile. On September 6, Sprint filed its own private action challenging the acquisition, and, on September 19, Cellular South and Corr Wireless filed a related case also challenging the acquisition. On September 21, this Court held a scheduling conference in the DOJ Case, and the nonparty Petitioners participated. In the conference, the Court made decisions regarding the pretrial schedule in the DOJ Case and also set a briefing schedule for motions to dismiss in the Petitioners' cases. The Court decided from the bench that discovery in the Petitioners' cases would be deferred pending the outcome of the motions to dismiss.

Despite the decision to defer discovery, AT&T served comprehensive Rule 45 subpoenas for documents on Petitioners in the DOJ Case. Although styled as third-party discovery, the subpoenas are effectively party discovery that seek information relevant to all of the claims in all three cases. Yet, because discovery is deferred in their cases, Petitioners may not serve discovery on Defendants nor have access to the stores of documents produced in the DOJ Case. Under these circumstances, AT&T now enjoys a significant advantage over Petitioners in preparation for trial that may become insurmountable. For this reason, Petitioners move to intervene to seek relief pursuant to Fed. R. Civ. P. 26(c).

Petitioners are mindful and respectful of the Court's decision to defer discovery in the Petitioners' cases, and therefore they are not asking the Court to permit Petitioners to take reciprocal discovery at this time. Instead, Petitioners' motion asks only that the Protective Order be amended to permit disclosure of Defendants' confidential information to Petitioners' outside counsel and experts. Access to materials produced by Defendants to the DOJ will allow Petitioners to prepare for trial on a roughly parallel track to that of Defendants, while also allowing AT&T to take its requested discovery of Petitioners and causing no burden to the

Defendants. Finally, the requested relief would allow the DOJ and Petitioners to share information in fact development and expert preparation, which would greatly assist the parties in meeting the expedited pretrial schedule.[1]

In telephonic conferences on October 6-7, 2011, Sprint and Cellular South counsel sought a compromise with the Defendants, expressing a willingness to substantially comply with AT&T's de facto party request for production if the Defendants would allow Petitioners to have access to materials provided to the DOJ. Reinhart Decl. ¶¶ 7-8. Despite the fact that this proposal puts *no* burden on them, Defendants refused. *Id.* The parties are at an impasse, and so Petitioners filed this motion to intervene.[2]

## ARGUMENT

### I. PETITIONERS MAY INTERVENE AS OF RIGHT TO SEEK MODIFICATION OF THE DOJ PROTECTIVE ORDER.

Petitioners may intervene as of right for the limited purpose of seeking modification of the Protective Order because they "claim[ ] an interest relating to the property or transaction that is the subject of the action" as provided by Fed. R. Civ. P. 24(a)(2). The requirements for granting a motion for intervention are to be applied with flexibility. *See United States v. Am. Tel. & Tel. Co.*, 642 F.2d 1285, 1291 (D.C. Cir. 1980) (overturning the denial of a motion to intervene of right to challenge a discovery order and explaining that Rule 24 was designed to liberalize the right to intervene). Parties may intervene as of right if they satisfy the

---

[1] Petitioners understand that the DOJ supports Petitioners' motion seeking access to materials provided by Defendants to the DOJ through amendment of the Protective Order.

[2] Petitioners hereby represent to the Court that they have satisfied their obligation under LCvR 7(m) to confer with opposing counsel on this motion as it pertains to this Joint Motion to Intervene, the Joint Motion to Amend the Protective Order Pursuant to Rule 26(c) and the Joint Motion to Expedite, all being filed concurrently. Defendants oppose those motions. Reinhart Decl. ¶ 8.

following factors: (1) timeliness, (2) interest, (3) impairment of interest, and (4) inadequacy of representation. *Wildearth Guardians v. Salazar*, 272 F.R.D. 4, 12-13 (D.D.C. 2010).

Petitioners' motion to intervene satisfies these requirements. First, it is timely brought. AT&T's sweeping discovery requests are pending, and Petitioners are being harmed by their lack of access to discovery in the DOJ Case. Second, Petitioners have an interest in the litigation that is being impaired and is not adequately represented. Specifically, Defendants have circumvented this Court's decision to defer discovery in Petitioners' cases by serving Rule 45 subpoenas on Petitioners in the DOJ Case. Petitioners have no access to discovery and, therefore, cannot prepare for their trials at all. Yet, Petitioners cannot prevent Defendants from using the DOJ Case discovery record, including documents responsive to the Rule 45 subpoenas, to prepare for trials in Petitioners' case. Thus, Petitioners satisfy the requirements of Fed. R. Civ. P. 24(a) to intervene as of right.

## II. PETITIONERS MAY PERMISSIVELY INTERVENE TO SEEK MODIFICATION OF THE DOJ PROTECTIVE ORDER.

Federal Rule of Civil Procedure 24(b) provides that "[o]n timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Courts in the D.C. Circuit have deemed a motion to intervene permissively to be an appropriate vehicle for third parties seeking to modify a protective order. *In re Vitamins Antitrust Litig.*, Misc. No. 99-197-TFH, MDL No. 1285, 2001 U.S. Dist. LEXIS 25068 at *35 (D.D.C. Mar. 19, 2001) ("[L]ike every other circuit to consider the issue, this Circuit has held that permissive intervention is the proper procedure for a non-party to seek modification of a protective order") (citation omitted).

Courts recognize three criteria in determining permissive intervention under Fed. R. Civ. P. 24(b): (1) an independent basis for jurisdiction, (2) timeliness of the motion, and (3)

4

commonality of questions of law or fact. *Id.* at *29-34. The Court should construe the requirements for permissive intervention liberally and resolve all doubts in favor of permitting intervention. *See id.* at *29 (citing Fed. R. Civ. P. 24); *see also E.E.O.C. v. National Children's Ctr.*, 146 F.3d 1042, 1047 (D.C. Cir. 1998) (holding that the requirements for granting permissive intervention are to be interpreted with flexibility where a nonparty seeks to intervene for the limited purpose of modifying a protective order).

The first factor, independent basis for jurisdiction, is satisfied where the party seeking intervention wishes to modify a court's previous order. *See Nat'l Children's Ctr.*, 146 F.3d at 1046; *Am. Tel. & Tel.*, 642 F.2d at 1295. Petitioners meet this requirement because they seek to intervene for the limited purpose of modifying the Protective Order entered by this Court. Second, Petitioners have filed this motion to intervene in a timely manner. Timeliness is judged in consideration of all circumstances, including the status of the case, the purpose of intervention, the need for intervention to preserve the applicant's rights, and prejudice to existing parties. *In re Vitamins Antitrust Litig.*, 2001 U.S. Dist. LEXIS 25068 at *31-32. Petitioners' motion is timely, as AT&T's sweeping "party" discovery request is pending, even as Petitioners are excluded from all discovery.

Finally, Petitioners' complaints were filed as related cases under LCvR 40.5(a)(3) because they involve common issues of fact and grow out of the same transaction. Moreover, the Joint Motion to Amend the Protective Order Pursuant to Rule 26(c) "presents a common question that links the [Petitioners'] challenge with the main action." *Id.* at *32-33 (quoting *Nat'l Children's Ctr*, 146 F.3d at 1047) (explaining that courts take a liberal approach in determining whether parties seeking intervention meet the common question requirement). As is evident from AT&T's broad discovery requests to Petitioners, as well as from Petitioners' Joint

Opposition to Defendants' Motions to Dismiss the Complaints of Sprint and Cellular South filed on October 7, 2011, the DOJ Case and Petitioners' cases overlap significantly.  *See* Joint Opposition to Defendants' Motions to Dismiss the Complaints of Sprint and Cellular South, *Sprint,* Case No. 1:11-cv-01600-ESH (D.D.C. Oct. 7, 2011), ECF No. 26; Joint Opposition to Defendants' Motions to Dismiss the Complaints of Sprint and Cellular South, *Cellular South*, Case No. 1:11-cv-01690-ESH (D.D.C. Oct. 7, 2011), ECF No. 26.  AT&T's subpoenas and, indeed, the entire discovery record in the DOJ Case, are relevant to all three related cases.

## **CONCLUSION**

For the foregoing reasons, Petitioners respectfully request that the Court grant Petitioners' Motion to Intervene as of right, or to intervene permissively, for the limited purpose of seeking modification to the Protective Order so that Petitioners' counsel and experts may have access to materials produced by Defendants to the DOJ.

| | |
|---|---|
| Dated: October 11, 2011 | Respectfully submitted, |

/s/ Chong S. Park                                       
Chong S. Park (D.C. Bar No. 463050)  
Kenneth P. Ewing (D.C. Bar No. 439685)  
Matthew Kepniss (D.C. Bar No. 490856)  
STEPTOE & JOHNSON LLP  
1330 Connecticut Avenue, N.W.  
Washington, DC 20036-1795  
Tel: (202) 429-3000  
cpark@steptoe.com  

Alan W. Perry (*pro hac vice*)  
Daniel J. Mulholland (*pro hac vice*)  
Walter H. Boone (*pro hac vice*)  
FORMAN PERRY WATKINS KRUTZ &  
   TARDY LLP  
City Centre, Suite 100  
200 South Lamar Street  
Jackson, Mississippi 39201-4099  
Tel: (601) 969-7833  
aperry@fpwk.com  

Charles L. McBride, Jr. (*pro hac vice*)  
Joseph A. Sclafani (*pro hac vice*)  
Brian C. Kimball (*pro hac vice*)  
BRUNINI, GRANTHAM, GROWER &  
   HEWES, PLLC  
The Pinnacle Building, Suite 100  
190 East Capitol Street  
Jackson, Mississippi 39201  
Tel: (601) 960-6891  
cmcbride@brunini.com  

*Counsel for Plaintiffs Cellular South, Inc. and*  
   *Corr Wireless Communications, L.L.C.*

/s/ Tara L. Reinhart                                      
Steven C. Sunshine (D.C. Bar No. 450078)  
Gregory B. Craig (D.C. Bar No. 164640)  
Tara L. Reinhart (D.C. Bar No. 462106)  
SKADDEN, ARPS, SLATE,  
   MEAGHER & FLOM LLP  
1440 New York Avenue, N.W.  
Washington, DC 20005-2111  
Tel: (202) 371-7000  
Steven.Sunshine@skadden.com  
Gregory.Craig@skadden.com  
Tara.Reinhart@skadden.com  

James A. Keyte (*pro hac vice*)  
Matthew P. Hendrickson (*pro hac vice*)  
SKADDEN, ARPS, SLATE,  
   MEAGHER & FLOM LLP  
4 Times Square  
New York, NY 10036-6522  
Tel: (212) 735-3000  
James.Keyte@skadden.com  
Matthew.Hendrickson@skadden.com  

*Counsel for Sprint Nextel Corporation*

**CERTIFICATE OF SERVICE**

   I hereby certify that, on October 11, 2011, I caused the foregoing (1) Joint Motion to Intervene and Memorandum of Points and Authorities in Support; (2) Joint Motion to Amend the Protective Order Pursuant to Rule 26(c) and Memorandum of Points and Authorities in Support; and (3) Motion to Expedite and Points and Authorities in Support to be filed via electronic mail with the Clerk of Court.  I also caused the foregoing documents or papers to be mailed via electronic mail to counsel for the parties listed below:

     Matthew C. Hammond
     202-305-8541
     matthew.hammond@usdoj.gov

     Katherine Celeste
     U.S. Department of Justice, Antitrust Division
     450 Fifth Street, N.W., Suite 7000
     Washington, DC  20001
     202-532-4713
     202-514-5381 (fax)
     katherine.celeste@usdoj.gov

     *Counsel for the United States*


     Geralyn J. Trujillo
     STATE OF NEW YORK
     Office of the Attorney General
     Antitrust Bureau
     120 Broadway, 26th Floor
     New York, NY 10271
     Tel: 212- 416-6677
     Fax: 212-416-6015
     Geralyn.Trujillo@ag.ny.gov

     David M. Kerwin
     STATE OF WASHINGTON
     Office of Attorney General
     Antitrust Division
     800 Fifth Avenue, S. 2000
     Seattle, WA 98104
     Tel: 206-464-7030
     Fax: 206-464-6338
     davidk3@atg.wa.gov

     *Representative Counsel for the Plaintiff States*

2

Michael K. Kellogg
Kellogg, Huber, Hansen, Todd, Evans & Figel, P.L.L.C.
1615 M Street, N.W.
Suite 400
Washington, DC  20036
202-326-7902
mkellogg@khhte.com

*Counsel for AT&T Inc. and AT&T Mobility LLC*


Mark W. Nelson
Cleary Gottlieb Steen & Hamilton LLP
2000 Pennsylvania Avenue, NW
Washington DC  20006
202-974-1622
mnelson@cgsh.com

*Counsel for Defendants T-Mobile USA, Inc., and Deutsche Telekom AG*


                                        */s/ Tara L. Reinhart*
                                        Tara L. Reinhart (D.C. Bar No. 462106)
                                        *Counsel for Sprint Nextel Corporation*