**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, et al., )<br>)<br>　　　　　*Plaintiffs,* )<br>)<br>　　v. )<br>)<br>AT&T INC., et al., )<br>)<br>　　　　　*Defendants.* )<br>) | Case No. 1:11-cv-01560-ESH |

## JOINT MOTION TO AMEND THE PROTECTIVE ORDER PURSUANT TO RULE 26(c)

Sprint Nextel Corporation, Cellular South, Inc., and Corr Wireless Communications, L.L.C. (together, "Petitioners"), hereby jointly move for relief pursuant to Rule 26(c) of the Federal Rules of Civil Procedure to amend the Amended Stipulated Protective Order Concerning Confidentiality entered in *United States v. AT&T Inc., et al.* In support of this motion, Petitioners submit a memorandum of points and authorities and a proposed order.

WHEREFORE, Petitioners move for relief pursuant to Rule 26(c) to amend the Amended Stipulated Protective Order Concerning Confidentiality entered in *United States v. AT&T Inc., et al.* (Dkt. No. 42).

Dated: October 11, 2011

Respectfully submitted,

*/s/ Chong S. Park*
Chong S. Park (D.C. Bar No. 463050)
Kenneth P. Ewing (D.C. Bar No. 439685)
Matthew Kepniss (D.C. Bar No. 490856)
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, N.W.
Washington, DC 20036-1795
Tel: (202) 429-3000
cpark@steptoe.com

Alan W. Perry (*pro hac vice*)
Daniel J. Mulholland (*pro hac vice*)
Walter H. Boone (*pro hac vice*)
FORMAN PERRY WATKINS KRUTZ &
    TARDY LLP
City Centre, Suite 100
200 South Lamar Street
Jackson, Mississippi 39201-4099
Tel: (601) 969-7833
aperry@fpwk.com

Charles L. McBride, Jr. (*pro hac vice*)
Joseph A. Sclafani (*pro hac vice*)
Brian C. Kimball (*pro hac vice*)
BRUNINI, GRANTHAM, GROWER &
    HEWES, PLLC
The Pinnacle Building, Suite 100
190 East Capitol Street
Jackson, Mississippi 39201
Tel: (601) 960-6891
cmcbride@brunini.com

*Counsel for Plaintiffs Cellular South, Inc. and
    Corr Wireless Communications, L.L.C.*

*/s/ Gregory B. Craig*
Steven C. Sunshine (D.C. Bar No. 450078)
Gregory B. Craig (D.C. Bar No. 164640)
Tara L. Reinhart (D.C. Bar No. 462106)
SKADDEN, ARPS, SLATE,
    MEAGHER & FLOM LLP
1440 New York Avenue, N.W.
Washington, DC 20005-2111
Tel: (202) 371-7000
Steven.Sunshine@skadden.com
Gregory.Craig@skadden.com
Tara.Reinhart@skadden.com

James A. Keyte (*pro hac vice*)
Matthew P. Hendrickson (*pro hac vice*)
SKADDEN, ARPS, SLATE,
    MEAGHER & FLOM LLP
4 Times Square
New York, NY 10036-6522
Tel: (212) 735-3000
James.Keyte@skadden.com
Matthew.Hendrickson@skadden.com

*Counsel for Sprint Nextel Corporation*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, et al., | ) ) ) ) | |
| *Plaintiffs,* | ) ) ) | |
| v. | ) ) | Case No. 1:11-cv-01560-ESH |
| AT&T INC., et al., | ) ) ) | |
| *Defendants.* | ) ) ) ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
JOINT MOTION TO AMEND THE PROTECTIVE ORDER PURSUANT TO RULE 26(c)**

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and for good cause shown, Sprint Nextel Corporation, Cellular South, Inc., and Corr Wireless Communications L.L.C. (hereinafter "Petitioners"), who are plaintiffs in *Sprint Nextel Corporation v. AT&T Inc., et al.,* Case No. 1:11-cv-01600-ESH; and *Cellular South, Inc., et al. v. AT&T Inc., et al.*, Case No. 1:11-cv-01690-ESH, hereby submit this Memorandum of Points and Authorities in Support of Petitioners' Joint Motion to Amend the Protective Order Pursuant to Rule 26(c).

**BACKGROUND**

Less than a week after this Court deferred discovery in the Petitioners' private actions, AT&T served the Petitioners with extremely broad and comprehensive Rule 45 subpoenas in the U.S. Department of Justice ("DOJ") case, *United States, et al. v. AT&T Inc., et al.* ("DOJ Case").[1] These subpoenas seek what amounts to wholesale party discovery. AT&T

---

[1] *See* Joint Motion to Amend the Protective Order Pursuant to Rule 26(c), Declaration of Tara L. Reinhart (hereinafter "Reinhart Decl.") ¶¶ 3-4, Exs. 1-2.

knew full well that all discovery had been deferred in Petitioners' cases, but drafted and served these subpoenas nonetheless.

In addition to the materials that AT&T seeks with these subpoenas, AT&T *already* possesses the voluminous discovery record that the DOJ assembled in the course of its regulatory investigation. That record includes more than 2.2 million pages of documents that the DOJ obtained from Petitioners. In short, AT&T already has access to all of the materials it needs to prepare for trial while Petitioners have access to nothing. The unfairness of the current situation is self-evident.

The Petitioners seek relief by filing this Motion pursuant to Fed. R. Civ. P. 26(c). If the Motion were to be granted, the Court would simply enter an order giving Petitioners access to materials produced by the defendants to the DOJ. This would remedy some of the unfairness and allow the Petitioners to prepare for trial on a track roughly parallel to that of Defendants. The proposed remedy would require nothing more than minor amendments to the Amended Stipulated Protective Order Concerning Confidentiality in the DOJ Case ("Protective Order")[2] to add Petitioners' outside counsel and experts to the categories of persons to whom Defendants' confidential information may be disclosed.

The proposed amendment is warranted and necessary for four reasons:

> *First*, AT&T's proposed discovery is an attempt to circumvent this Court's September 21 decision to defer discovery in the Petitioners' cases pending a decision on the motions to dismiss filed against Petitioners by defendants AT&T Inc., T-Mobile USA, Inc., and Deutsche Telekom AG (hereinafter "Defendants"). Wearing the disguise of a Rule 45 third-party subpoena, AT&T's requests are the kind of broad discovery that is usually available only from a party to the case;

---

[2]   *See* Reinhart Decl. ¶ 5, Ex. 3.

> ***Second***, it is fundamentally unfair for Defendants to conduct what amounts to party discovery of Petitioners *and* to have access to a voluminous record that is relevant to all three cases when Petitioners are barred from access to any discovery at all;
>
> ***Third***, the subpoenas demonstrate that the three cases are not just related—they are substantially the same;[3] and
>
> ***Fourth***, the existing Protective Order prevents the DOJ from sharing confidential information with Petitioners, and, therefore, the DOJ and Petitioners are unable to discuss factual or expert issues.[4]

Petitioners are mindful and respectful of the Court's decision to defer discovery in their cases. For that reason, Petitioners do not at this time seek reciprocal discovery from either Defendants or the DOJ. Nor do Petitioners seek to quash the subpoenas at this time. In fact, Petitioners are willing to meet and confer with Defendants regarding the scope of discovery so that Petitioners can begin producing documents as soon as possible to keep all three cases on Defendants' schedule.[5]

Petitioners are not asking the Court to narrow the subpoenas to proper third-party requests, because, by any measure, the issues in the three litigations overlap substantially. As a result, the problem of unbalanced and asymmetric discovery cannot be solved by trying to compartmentalize ongoing discovery in the DOJ Case from future discovery in the Petitioners' cases. Any attempt to do so would be unworkable in practice, and any restriction on Defendants' right to seek appropriate discovery in the DOJ Case could only serve to cause confusion and

---

[3] Petitioners' Joint Opposition to Defendants' Motions to Dismiss the Complaints of Sprint and Cellular South filed on October 7 also demonstrates the extent to which the cases overlap. See Joint Opposition to Defendants' Motions to Dismiss the Complaints of Sprint and Cellular South, Sprint, Case No. 1:11-cv-01600-ESH (D.D.C. Oct. 7, 2011), ECF No. 26; Joint Opposition to Defendants' Motions to Dismiss the Complaints of Sprint and Cellular South, Cellular South, Case No. 1:11-cv-01690-ESH (D.D.C. Oct. 7, 2011), ECF No. 26.

[4] Petitioners understand that the DOJ supports Petitioners' motion seeking access to materials produced by Defendants through amendment of the Protective Order.

[5] *See* Reinhart Decl. ¶ 9.

delay.  Instead, Petitioners respectfully request only that the Court amend the Protective Order and give them access to materials produced by Defendants to the DOJ.[6]

## ARGUMENT

### I. A PROTECTIVE ORDER PURSUANT TO RULE 26(c) IS AN APPROPRIATE REMEDY FOR PREVENTING HARM TO THE PETITIONERS.

This Court has discretion under Fed. R. Civ. P. 26(c)(1) to "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  Here, by serving Petitioners with sweeping subpoenas akin to party discovery, AT&T has sought to circumvent the Court's decision to defer discovery in the Petitioners' cases.  Moreover, the DOJ Case discovery record, relevant to all three cases, is voluminous and growing.[7]  Defendants have access; Petitioners do not.  The appropriate metaphor here is not so much giving both parties the same "level playing field" as it is arranging the race so that one party does not have an insurmountable head start.  An order granting Petitioners access to the same discovery record already in Defendants' possession will do much to remove the disparity.  It is an appropriate mechanism to protect Petitioners' interests and will result in efficient, even-handed management of these cases as contemplated by Fed. R. Civ. P. 1 and 26(c).  *See Am. Tel. & Tel. Co. v. Grady,* 594 F.2d 594 (7th Cir. 1978) (modification of protective order in private

---

[6] In a telephone conference, Petitioners' counsel sought a compromise with Defendants, expressing a willingness to negotiate a reasonable scope and to substantially comply with AT&T's de facto party request for production if Defendants would allow Petitioners to have access to the discovery record in the DOJ Case. Reinhart Decl. ¶¶ 7-8. Defendants refused. *Id.* The parties are at an impasse, and so Petitioners filed this Motion. Petitioners hereby represent to the Court that they have satisfied their obligation under LCvR 7(m) to confer with opposing counsel on this Motion as it pertains to the entry of an order giving Petitioners access to the discovery record in the DOJ Case, and Defendants oppose this Motion.

[7] Defendants have served more subpoenas for documents that will generate new stores of documents in addition to the millions of pages already in the DOJ Case discovery record. Reinhart Decl. ¶ 7.

party antitrust case against AT&T was appropriate and efficient, where it allowed access to documents by nonparty DOJ, which was a plaintiff in a similar pending case).

## II. ALLOWING PETITIONERS ACCESS TO MATERIALS PRODUCED BY DEFENDANTS WILL PREVENT INJUSTICE AND IMPOSE NO BURDEN ON DEFENDANTS.

### A. The AT&T Subpoenas Are Excessively Broad for Third-Party Discovery and Are Akin to Comprehensive Party Requests for Production.

The subpoena served by AT&T on Sprint includes 47 broad document specifications that, in combination, represent nothing less than a comprehensive request for production typical of party discovery conducted in accordance with Fed. R. Civ. P. 26(b)(1). The subject matter of these specifications is not confined to issues relevant only to the DOJ Case (and there are no such unique issues), but encompasses issues common to all three cases. For example, 15 of the specifications seek "all documents" related to a wide variety of topics, such as:

> 3. **All documents analyzing the Transaction**, including, but not limited to: documents evaluating or analyzing the potential impact of the Transaction on the Company or on consumers, other mobile wireless service providers, or any other party; financial, economic, engineering or technical models analyzing the effects of the Transaction on price, quality, capacity, supply or demand conditions, or any other economic variable, including any evaluations or analyses of the efficiencies generated by the Transaction; documents evaluating or analyzing the impact of the Transaction on innovation in the mobile wireless business; documents relating to the Company's plans to compete with AT&T and other mobile wireless service providers post-Transaction; documents evaluating or analyzing any actions the Company might take in response to the Transaction; documents relating to actions contemplated by the Company or any plans it has formulated or considered, including any business combination with T-Mobile, in the event the Transaction is not consummated.

> 11. **All documents relating to the Company's ability to compete** (as a whole and separately for its Sprint, Boost Mobile, or Virgin Mobile brands) with AT&T, T-Mobile, Verizon, MetroPCS, Leap, or other mobile wireless service providers, including, but not limited to, any competitive assessment or other description, analysis, or comparison with respect to device offerings, network quality, features and functionality, pricing, churn, customer service, or other dimension of competition.

A number of other requests seek "documents sufficient to show *all*" (emphasis added) or "documents sufficient to show" several facets of a topic "*including but not limited to*" the specified facets (emphasis added), lending the appearance of a narrow request while in fact propounding a very broad one.  *See, e.g.,* Reinhart Decl. Ex. 1, Specifications 14, 16, 19, 30.

The Cellular South subpoena contains 24 broad document specifications which overlap significantly with those of the Sprint subpoena, including specifications substantially the same as numbers 3 and 11 quoted above.  *See* Reinhart Decl. Ex. 2.  Moreover, the scope of the Cellular South subpoena significantly exceeds the scope of documents requested by the DOJ from Cellular South under its Civil Investigative Demand ("CID").

      B.      Permitting AT&T to Seek Such Broad Discovery Without Giving Petitioners Access to Defendants' Discovery Materials Could Give the Defendants a <u>Permanent Advantage over Petitioners in Trial Preparation</u>.

The current DOJ Case discovery record includes all materials generated in the DOJ regulatory investigation through CIDs and depositions.  Under the terms of the Protective Order, Defendants already have access to those millions of pages of documents.  In contrast, Petitioners currently have access only to their own documents.[8]  As a result, Defendants, who are also the same defendants in the private actions, will use the expansive productions made in the DOJ regulatory investigation to prepare for trial while Petitioners have no means to prepare.

---

[8] Petitioners are permitted to view a much smaller set of documents produced by numerous parties, including Defendants, in the Federal Communications Commission ("FCC") regulatory investigation.  However, the protective orders entered in the FCC investigation prohibit use of the confidential materials for any purpose other than that proceeding.  As a result, Petitioners may not use any of those documents to prepare for their trials or to share in fact development or expert preparation with the DOJ.  Defendants recently wrote to Sprint counsel to remind her that the FCC record may not be used by Sprint in its private action.  *See* Reinhart Decl. ¶ 6, Ex. 4.

There can be no denying that Defendants' preparation for trial in the DOJ Case will serve equally as preparation for the Petitioners' trials.[9]

Under Fed. R. Civ. P. 26(c), Courts may allow third parties who are plaintiffs in related litigation access to documents when doing so is necessary to ensure fairness in the related litigation.  Such relief is not uncommon.  *Smith v. Life Investors Ins. Co. of Am.*, No. 2:07-cv-00681 (TFM), Dkt. No. 186 (W.D. Pa. June 18, 2009) (modifying a discovery order to allow plaintiffs to share information with other plaintiffs in a related class action, because the information would assist class members in determining whether a proposed settlement was fair, and the modification imposed no additional burden on the defendant).  Here, a slight modification of the Protective Order is all that is required.

    C.    <u>No Burden Would Flow from Petitioners' Request</u>.

During the September 21 status conference, Defendants expressed concern that, if discovery commenced in the Petitioners' cases, Defendants would face multiple, duplicative sets of discovery requests and depositions lasting 21 hours.  DOJ Case Status Conference Trans. at 20-21.  Critically, however, if Petitioners were granted their requested relief, none of Defendants' concerns of additional discovery burden would be realized.  The DOJ would simply provide Petitioners with discovery materials produced in the DOJ Case.

If Petitioners are *not* given access to documents until after the motion to dismiss is decided, the unfairness suffered by Petitioners is increased.  One cannot predict what will develop in the DOJ Case as Defendants' motions to dismiss the Petitioners' complaints are

---

[9]    Any claim by Defendants that they will compartmentalize discovery received in the DOJ Case and not use it to prepare for Petitioners' cases should be disregarded.  The information sought in the subpoenas is relevant to all three cases, and Defendants cannot credibly represent that their counsel will somehow prevent their knowledge from spilling over from the DOJ Case into Petitioners' cases.

7

litigated. Regardless of how the DOJ Case unfolds, however, if Petitioners prevail on the motions to dismiss, their claims should be set for trial with all due speed. Under that scenario, the burden on the Petitioners will be immense. Amending the Protective Order now to allow Petitioners access to materials produced by Defendants would preclude these risks, while creating no additional burden on Defendants. *See* Fed. R. Civ. P. 1 (requiring that the Federal Rules of Civil Procedure be used to "secure the just, speedy, and inexpensive determination of every action and proceeding"); *Wilk v. Am. Med. Ass'n*, 635 F.2d 1295, 1299 (7th Cir. 1980) ("where an appropriate modification of a protective order can place private litigants in a position they would otherwise reach only after repetition of another's discovery, such modification can be denied only where it would tangibly prejudice substantial rights of the party opposing modification"), *cited in In re Vitamins Antitrust Litig.*, Misc. No. 99-197 (TFH), MDL No. 1285, 2001 WL 34088808, at *6 & n.19 (D.D.C. Mar. 19, 2001).

### III.  AMENDMENT OF THE PROTECTIVE ORDER WOULD ENABLE PETITIONERS AND THE DOJ TO PREPARE MOST EFFICIENTLY FOR EXPEDITED TRIAL.

Without the requested relief, not only are the Petitioners denied timely access to core materials, the DOJ is effectively denied access to the Petitioners. In the absence of the proposed relief, the DOJ is precluded from communicating with the Petitioners about critical documents and issues. When it comes to obtaining discovery from the Petitioners, Defendants make the broadest possible requests and treat Petitioners like parties to the DOJ Case. But, when it comes to giving the DOJ comparable access to the Petitioners, Defendants flatly refuse. As a result, if the Court does not give Petitioners access to documents covered by the Protective Order, there can be no "parallel discovery."

In light of AT&T's broad discovery requests, the Court should facilitate parallel discovery and allow the DOJ to share information with the Petitioners as both prepare their cases for trial. As recognized in *Tasty Baking Co. v. Ralston Purina, Inc.*, 653 F. Supp. 1250 (E.D. Pa. 1987), *quoting Schoenkopf v. Brown & Williamson Tobacco Corp.*, 637 F.2d 205, 210-11 (3d Cir. 1980):

> While in some cases competing companies all may benefit by increasing oligopolistic character of a market, in other cases competitors—with specialized knowledge of their market—may recognize that an acquisition will enable the acquiring company to harm competition by harming the remaining competitors; with this special knowledge that enables rapid action, together with their access to resources needed to prosecute an antitrust action, competitor-plaintiffs well may assure that "a plaintiff adequately represents the interests of 'victims' of the antitrust violation" and that "in fashioning relief [judges] appropriately address and remedy the actual violation rather than simply correct an incidental injury."

Similarly, in *Grady*, 594 F.2d at 597 (7th Cir. 1978), a private plaintiff antitrust case against AT&T, the court found that modifying a protective order to allow the U.S. government access to the private plaintiff's analysis reduced the "wastefulness of requiring government counsel to duplicate the analyses and discovery already made [by the private plaintiff]."

Here, AT&T's broad subpoenas imply that Defendants recognize Petitioners' importance in the government's case. Petitioners believe that the expedited pre-trial schedule is more likely to be met and better achieved through coordination with the DOJ that cannot occur unless Petitioners receive discovery generated in the DOJ Case.

IV. **MINIMAL AMENDMENTS TO THE PROTECTIVE ORDER WOULD BE NECESSARY TO GRANT PETITIONERS ACCESS TO DISCOVERY PROVIDED BY DEFENDANTS AND PROTECT THE PRODUCING PARTIES' CONFIDENTIALITY.**

The remedy sought by Petitioners can be accomplished through a simple order entered in all three cases that (1) orders that Petitioners shall be bound by the confidentiality protections of the Protective Order and (2) minimally amends the Protective Order.

First, Paragraph 10 of the Protective Order provides that, before a disclosure is made to a person identified in the Protective Order, that person shall sign and agree to be bound by Appendix A, the Agreement Concerning Confidentiality.  Because Petitioners are not parties to the Protective Order, their proposed order specifies that Petitioners "shall be bound by the terms of Paragraph 10."

Second, the proposed order would require minor amendments to the Protective Order that would allow disclosure of Defendants' confidential information to Petitioners while protecting the producing parties.

> A.   Amendment to Paragraph 1 of the Protective Order

Paragraph 1, which defines terms used in the protective order, including "Defendants," should be amended to add definitions for Petitioners as follows:

> (n)   "Cellular South" means Cellular South, Inc., and Corr Wireless Communications, L.L.C., their divisions, subsidiaries, affiliates, partnerships and joint ventures, and all directors, officers, employees, agents, and representatives of the foregoing.
>
> (o)   "Sprint" means Sprint Nextel Corporation, its divisions, subsidiaries, affiliates, partnerships and joint ventures, and all directors, officers, employees, agents, and representatives of the foregoing.

> B.   Amendment to Paragraph 9 of the Protective Order

Paragraph 9 identifies categories of persons to whom disclosures of confidential information may be made.  The paragraph should be amended to add outside counsel and experts acting on behalf of Petitioners, as set forth below:

> (h)   outside counsel acting for Cellular South in *Cellular South, Inc. and Corr Wireless Communications, L.L.C. v. AT&T Inc., AT&T Mobility LLC, T-Mobile USA, Inc., and Deutsche Telekom AG,* Civil No. 11-01690 (ESH), that counsel's employees, independent contractors assisting such outside counsel, and

10

Case 1:11-cv-01560-ESH   Document 52-2   Filed 10/11/11   Page 13 of 14

> testifying or consulting experts retained by Cellular South to assist in the prosecution of that action, including employees of the firm with which the expert or consultant is associated or independent contractors to the extent necessary to assist the expert's work in that action.
>
> (i) outside counsel acting for Sprint in *Sprint Nextel Corporation v. AT&T Inc., AT&T Mobility LLC, T-Mobile USA, Inc., and Deutsche Telekom AG*, Civil No. 11-01600 (ESH), that counsel's employees, independent contractors assisting such outside counsel, and testifying or consulting experts retained by Sprint to assist in the prosecution of that action, including employees of the firm with which the expert or consultant is associated or independent contractors to the extent necessary to assist the expert's work in that action.

These amendments would give outside counsel and experts acting on behalf of Petitioners access to documents, commensurate with the access of Defendants' representatives and eliminate any concerns that competitively sensitive data from AT&T and T-Mobile would be shared with employees of the Petitioners.

  C. <u>Amendment to Paragraph 14 of the Protective Order</u>

Paragraph 14 provides that confidential information shall be used only for "purposes of the conduct of this Action," referring to the DOJ Case. The paragraph should be amended so that the confidential information may be used in all three cases, as follows:

> 14. All materials produced or exchanged in connection with this Action, including but not limited to Confidential Information, produced by a Party or a non-party as part of this proceeding shall be used solely for purposes of the conduct of this Action; *Cellular South, Inc. and Corr Wireless Communications, L.L.C. v. AT&T Inc., AT&T Mobility LLC, T-Mobile USA, Inc., and Deutsche Telekom AG*, Civil No. 11-01690 (ESH); or *Sprint Nextel Corporation v. AT&T Inc., AT&T Mobility LLC, T-Mobile USA, Inc., and Deutsche Telekom AG*, Civil No. 11-01600 (ESH) and shall not be used for any business, commercial, competitive, personal, or other purpose.

Together, these provisions would ensure fairness and efficiency for the DOJ and Petitioners in their respective cases, without causing any prejudice to Defendants or burdening the Court.

## V. CONCLUSION

For the foregoing reasons, Petitioners respectfully ask the Court to grant their motion and order the proposed relief.

Dated: October 11, 2011                                         Respectfully submitted,

| | |
|---|---|
| */s/ Chong S. Park* | */s/ Gregory B. Craig* |
| Chong S. Park (D.C. Bar No. 463050) | Steven C. Sunshine (D.C. Bar No. 450078) |
| Kenneth P. Ewing (D.C. Bar No. 439685) | Gregory B. Craig (D.C. Bar No. 164640) |
| Matthew Kepniss (D.C. Bar No. 490856) | Tara L. Reinhart (D.C. Bar No. 462106) |
| STEPTOE & JOHNSON LLP | SKADDEN, ARPS, SLATE, |
| 1330 Connecticut Avenue, N.W. |    MEAGHER & FLOM LLP |
| Washington, DC 20036-1795 | 1440 New York Avenue, N.W. |
| Tel: (202) 429-3000 | Washington, DC 20005-2111 |
| cpark@steptoe.com | Tel: (202) 371-7000 |
| | Steven.Sunshine@skadden.com |
| Alan W. Perry (*pro hac vice*) | Gregory.Craig@skadden.com |
| Daniel J. Mulholland (*pro hac vice*) | Tara.Reinhart@skadden.com |
| Walter H. Boone (*pro hac vice*) | |
| FORMAN PERRY WATKINS KRUTZ & | James A. Keyte (*pro hac vice*) |
|    TARDY LLP | Matthew P. Hendrickson (*pro hac vice*) |
| City Centre, Suite 100 | SKADDEN, ARPS, SLATE, |
| 200 South Lamar Street |    MEAGHER & FLOM LLP |
| Jackson, Mississippi 39201-4099 | 4 Times Square |
| Tel: (601) 969-7833 | New York, NY 10036-6522 |
| aperry@fpwk.com | Tel: (212) 735-3000 |
| | James.Keyte@skadden.com |
| Charles L. McBride, Jr. (*pro hac vice*) | Matthew.Hendrickson@skadden.com |
| Joseph A. Sclafani (*pro hac vice*) | |
| Brian C. Kimball (*pro hac vice*) | *Counsel for Sprint Nextel Corporation* |
| BRUNINI, GRANTHAM, GROWER & | |
|    HEWES, PLLC | |
| The Pinnacle Building, Suite 100 | |
| 190 East Capitol Street | |
| Jackson, Mississippi 39201 | |
| Tel: (601) 960-6891 | |
| cmcbride@brunini.com | |

*Counsel for Plaintiffs Cellular South, Inc. and*
   *Corr Wireless Communications, L.L.C.*