IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA, et al., <br><br> *Plaintiffs,* <br><br> v. <br><br> AT&T INC., et al., <br><br> *Defendants.* | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) Case No. 1:11-cv-01560-ESH |

**DECLARATION OF TARA L. REINHART IN SUPPORT OF
JOINT MOTION TO INTERVENE, JOINT MOTION TO AMEND THE PROTECTIVE
ORDER PURSUANT TO RULE 26(c), AND JOINT MOTION TO EXPEDITE**

I, Tara L. Reinhart, declare pursuant to 28 U.S.C. § 1746 as follows:

   1.   I am counsel with the law firm of Skadden, Arps, Slate, Meagher & Flom LLP, attorneys for Sprint Nextel Corporation, which is the plaintiff in *Sprint Nextel Corporation v. AT&T Inc., et al.,* Case No. 1:11-cv-01600-ESH, filed as a related case to the above-captioned matter. I have personal knowledge of the matters set forth herein, unless otherwise noted.

   2.   I make this declaration in support of three joint motions, and memoranda of points and authorities in support thereof, filed by Sprint, Cellular South, Inc., and Corr Wireless Communications, L.L.C. ("Petitioners"):  (1) the Joint Motion to Intervene, (2) the Joint Motion to Amend the Protective Order Pursuant to Rule 26(c), and (3) the Joint Motion to Expedite.

   3.   Attached hereto as Exhibit 1 is a Rule 45 subpoena for the production of documents served by AT&T on Sprint on September 26, 2011, in the above-captioned matter.

4. Attached hereto as Exhibit 2 is a Rule 45 subpoena for the production of documents served by AT&T on Cellular South on September 26, 2011, in the above-captioned matter.

5. Attached hereto as Exhibit 3 is a true and correct copy of the Amended Stipulated Protective Order Concerning Confidentiality entered in the above-captioned action.

6. Attached hereto as Exhibit 4 is a true and correct copy of a letter from Peter J. Schildkraut of Arnold & Porter on behalf of AT&T to Antoinette Cook Bush of Skadden, Arps, Slate, Meagher & Flom LLP on behalf of Sprint dated September 27, 2011.

7. On October 6, 2011, counsel for Petitioners conferred with counsel for AT&T and T-Mobile via telephone regarding the subpoenas, as well as Petitioners' request that Petitioners have access to discovery in the above-captioned case. Petitioners' counsel sought a compromise with the defendants, expressing a willingness to negotiate a reasonable scope and to substantially comply with AT&T's de facto party request for production if the defendants would allow Petitioners to have access to the discovery record in the DOJ Case. During that phone conference, counsel for AT&T represented that the defendants had served subpoenas on other third-party carriers.

8. On October 7, 2011, in another telephone conference, counsel for AT&T said that the defendants would not agree that Petitioners may have access to the discovery record in the above-captioned case and that they object to Petitioners' Joint Motion to Intervene and Joint Motion to Amend the Protective Order Pursuant to Rule 26(c).

9. On October 11, 2011, in another phone conference with AT&T counsel, I agreed that counsel for Petitioners would meet and confer regarding the scope of and relative

burdens of responding to the subpoenas pending a decision by the Court on Petitioners' Joint Motion to Amend the Protective Order Pursuant to Rule 26(c).

10. Also on October 11, AT&T counsel indicated that the defendants object to Petitioners' proposed expedited schedule on these motions because the defendants believe Petitioners' motions present a discovery dispute that should be decided by the Hon. Richard A. Levie (Ret.), the Special Master appointed by this Court in *United States v. AT&T Inc., et al.*, Case No. 1:11-cv-01560-ESH, Dkt. No. 46.

I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED this 11th day of October 2011.

_____
Tara L. Reinhart