UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, et al.,  )<br>  )<br>Plaintiffs,  )<br>  )<br>v.  )<br>  )<br>AT&T INC., et al.,  )<br>  )<br>Defendants.  )<br>  ) | Civil Action No. 11-1560 (ESH) |

# ORDER

Upon review of Google's Motion for Additional Relief under the Protective Order, Sept. 26, 2011 [Dkt. No. 34-2] ("Google's Motion"), and the letters filed by Google and by AT&T et al. [Dkt. Nos. 53 and 55, respectively], the Court concludes:

1. Google's Motion was timely filed prior to the entry of the Order of Referral, Oct. 7, 2011 [Dkt. No. 46].[1] As such, in this particular instance with respect to this Motion only, it is **ORDERED** that the parties are not bound by the timing and word limitations of the Order of Referral.

2. Based on Google's Motion, the Court has concerns regarding the effectiveness of the Amended Stipulated Protective Order that is now in effect in terms of facilitating the expeditious resolution of this case. These appear particularly acute when considered in the context of trial.

---

[1] No one contests that Google's Motion is timely. Google alleges that it received notice of the first Stipulated Protective Order Concerning Confidentiality, which was entered on September 15, 2011 [Dkt. No. 24] (the "Original Stipulated Protective Order"), on September 16. (Google's Motion at 2.) Google's Motion was filed on September 26, or "within ten days after receipt." (Original Stipulated Protective Order at ¶ 2). Although an Amended Stipulated Protective Order Concerning Confidentiality was subsequently entered on October 4 [Dkt. No. 42] (the "Amended Stipulated Protective Order"), it specified that for those nonparties that received notice of the Original Stipulated Protective Order, such as Google, the Original Stipulated Protective Order's time periods control. (*Id.* at ¶ 2.)

For example, provisions in Paragraph 13(a) of the Amended Stipulated Protective Order allow for as many as twenty-one days to pass between the filing of exhibit lists and deposition designations and the filing of a motion seeking to prevent the public disclosure of allegedly confidential information related to those lists and designations.  This timetable appears incompatible with the tight pretrial and trial schedules agreed upon by the parties.

In addition, Google's Motion reveals possible ambiguities in the Amended Stipulated Protective Order as between materials gathered by the government during its investigation and discovery materials, and as to the treatment of these and other materials in pretrial and trial proceedings.

Accordingly, it is **ORDERED** that the parties and Google meet with the Special Master forthwith in order to devise a more practicable and comprehensive protective order.  For this limited purpose, the Special Master will assist the parties and Google in a non-adjudicative role.

In so ordering, the Court does not mean to suggest that any of Google's proposed modifications should be adopted.  In particular, Google's proposals regarding disclosure to experts could interfere with defendants' ability to prepare their case, violate Federal Rule of Civil Procure 26(b)(4)(D), and provide for unnecessary litigation over objections to possible experts.  *See Medtronic, Inc. v. Guidant Corp.*, Nos. Civ. 00-1473(MJD/JGL) & Civ. 00-2503(MJD/JGL), 2001 WL 34784493, at *3 (D. Minn. Dec. 20, 2001), *aff 'd*, 2002 WL 171711 (D. Minn. Jan. 29, 2002).  In addition, many of the notice provisions and timelines suggested by Google appear to be unnecessary or overly cumbersome.  The Court directs the parties and Google to work with the Special Master to craft new procedures that will provide simple and workable mechanisms for addressing the concerns of both parties and nonparties.

3.  If the parties and Google are unable to reach an agreement on further modifications to the Amended Stipulated Protective Order, it is **ORDERED** that Google shall file any reply on or before Wednesday, October 19, 2011, in compliance with Local Rules 7(d) – (e), and the Court will consider Google's Motion at the status conference set for Monday, October 24, 2011, at 3:30 p.m.

**SO ORDERED.**

/s/
ELLEN SEGAL HUVELLE
United States District Judge

Date:   October 13, 2011