**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, et al., <br><br> *Plaintiffs*, <br><br> v. <br><br> AT&T INC., et al., <br><br> *Defendants*. | Case No. 1:11-cv-01560-ESH |

**MEMORANDUM OF DEFENDANTS IN OPPOSITION TO
JOINT MOTION OF NON-PARTIES SPRINT NEXTEL CORPORATION,
CELLULAR SOUTH, INC., AND CORR WIRELESS COMMUNICATIONS, L.L.C.
TO AMEND THE PROTECTIVE ORDER**

At the September 21, 2011 Status Hearing, this Court expressly rejected the request by Sprint, Cellular South, and Corr Wireless (collectively, "Petitioners") that they receive copies of all discovery materials exchanged between Defendants and the United States. Undeterred, Petitioners repeat that request and seek to amend the Protective Order to allow them to receive those same discovery materials. This Court's prior decision was correct, and nothing has changed since the Status Hearing that would warrant reconsideration of that decision.

In particular, Petitioners are wrong to assert that Defendants are flouting this Court's decision to defer discovery in their separate cases against Defendants. Both the United States and Defendants have followed the standard practice of serving subpoenas on non-parties, including on wireless carriers. At the Status Hearing, this Court recognized that Petitioners would likely be receiving such subpoenas. Moreover, Defendants have served subpoenas on more than a dozen non-party wireless carriers, including Petitioners, all of which seek similar categories of information.

The United States now supports Petitioners' request, but for reasons that have nothing to do with Petitioners' separate complaints against Defendants. Instead, the United States claims that it would benefit if it could augment its litigation efforts with lawyers paid for by Defendants' competitors. The United States' preference for this litigation advantage provides no reason to grant special privileges under the Protective Order to three of the more than 100 non-parties that are producing confidential information relevant to this case.

## BACKGROUND

On March 20, 2011, AT&T Inc. ("AT&T") entered into a stock purchase agreement to acquire T-Mobile USA, Inc. ("T-Mobile") from its parent company, Deutsche Telekom AG ("DT"), and to merge the two companies' mobile wireless telecommunications services businesses. On August 31, 2011, the United States filed an action under § 7 of the Clayton Act, 15 U.S.C. § 18, seeking permanently to enjoin the transaction.

On September 6 and September 19, 2011, Petitioners filed their own complaints against Defendants. At the September 21, 2011 Status Hearing, Petitioners asked to "obtain copies of" "any discovery materials that are exchanged between DOJ and AT&T." Tr. 62:15-17. Petitioners claimed that they would suffer "prejudice" to their separate complaints without the same access to the discovery material as Defendants and asserted that there is "absolutely no burden" to allowing them access to the confidential discovery materials. Tr. 63:18-20. Petitioners also recognized that an amendment to the Protective Order the Court had entered on September 15, 2011, would be required to permit them to receive Defendants' and other non-parties' confidential information. *See* Tr. 62:21-63:1. The Court denied that request, stating that it was "certainly not ordering them to give you the documents." Tr. 65:3-4; *see* Tr. 63:8 ("[I]t's gonna gum up the works.").

On September 30, 2011, Defendants moved to dismiss Petitioners' complaints, pursuant to the schedule set at the Status Hearing. As Petitioners have acknowledged, *see* Tr. 63:16-18, their motion to amend the Protective Order will be moot if the Court grants Defendants' motions to dismiss.

## ARGUMENT

**I.** At the Status Hearing, the Court denied Petitioners' request to have access to discovery materials in this case, stating clearly that it was "certainly not ordering them" – that is, the United States and Defendants – "to give you the documents" exchanged in discovery. Tr. 65:3-5. As the Court recognized, Petitioners' proposal would "gum up the works," Tr. 63:8, and allowing Petitioners access to the discovery materials in this case "does make a difference on how fast we go here," Tr. 65:8-9.

Yet, even though the Court squarely rejected the relief that Petitioners seek through their motion,* Petitioners never once acknowledge the Court's ruling. Instead, Petitioners repeat the same arguments that this Court rejected at the Status Hearing. Petitioners complain that, unless they have access to all of the discovery material exchanged in this case, Defendants will "have an insurmountable head start" for purposes of their own complaints. Mem. at 4; *see id.* at 6-7. At the Status Hearing, Petitioners also claimed that "there is great risk [of] prejudice here to our private right of action" if they are denied access to the discovery materials in this case, so that Petitioners "can begin work" on their own cases. Tr. 62:14-20; *see* Tr. 63:18-19.

---

\* Although Petitioners variously describe the relief they seek – as "access to materials produced by the defendants to the DOJ" (at 2), "access to the same discovery record already in Defendants' possession" (at 4), and "access to documents covered by the Protective Order" (at 8) – it is clear that Petitioners seek access to *all* of the confidential material produced in this case. *See id.* at 10-11 (proposing specific amendments to the Protective Order that would grant outside counsel for Petitioners access to all confidential information in this case).

3

Petitioners assert that allowing them access to that material will impose no burdens, because "[t]he DOJ would simply provide Petitioners with discovery materials produced" in this case.  Mem. at 7.  At the Status Hearing, Petitioners also asserted that there would be "absolutely no burden" in sharing discovery materials with Petitioners, because the documents in question "are going to be turned over" in this case.  Tr. 63:19-25.

Although the Court may reconsider interlocutory decisions "as justice requires," "[m]otions for reconsideration are not simply an opportunity to reargue facts and theories upon which a court has already ruled." *Dalal v. Goldman Sachs & Co.*, 541 F. Supp. 2d 72, 75 (D.D.C. 2008) (internal quotation marks omitted), *aff'd*, 575 F.3d 725 (D.C. Cir. 2009) (per curiam).  Petitioners' repeated arguments therefore provide no basis for reconsideration.

**II.** The one supposedly new fact on which Petitioners rely are the non-party subpoenas that Defendants served on them.  Petitioners claim that Defendants are "circumvent[ing] the Court's decision to defer discovery in the Petitioners' cases" by serving non-party subpoenas that, they assert, "seek what amounts to wholesale party discovery." Mem. at 1, 4.

But this Court recognized at the Status Hearing that Petitioners would face "subpoena[s]" for "all your confidential information." Tr. 40:20-22.  Such subpoenas are commonplace in cases like this.  The fact that Defendants served subpoenas on Petitioners, therefore, does not provide a basis for revisiting the Court's decision at the Status Hearing.  The United States has already served subpoenas on approximately 70 non-parties; Defendants have already served subpoenas on approximately 50 non-parties.  Furthermore, both the United States and Defendants have served subpoenas on multiple non-party providers of wireless service.

Nor is there any merit to Petitioners' claim that Defendants are using their subpoenas to pursue the equivalent of party discovery. Defendants have served subpoenas on 13 non-party wireless providers other than Petitioners. Those subpoenas are similar in breadth and scope to the ones served on Petitioners. Petitioners complain (at 5-6) that Defendants' subpoena to Sprint includes 47 topics and its subpoena to Cellular South (which includes Corr Wireless) includes 24 topics. But Defendants' subpoenas to other wireless providers contain a comparable number of topics. For example, Defendants' subpoena to Verizon Wireless contains 39 topics, to U.S. Cellular contains 28 topics, and to Leap Wireless contains 27 topics. In addition, all of Defendants' subpoenas to the different non-party wireless providers contain topics in common. Petitioners have not identified any respect in which Defendants' subpoenas seek information that is irrelevant to the claims and defenses in *this* case.

In short, as this Court anticipated at the Status Hearing, both the United States and Defendants are using non-party subpoenas – including to wireless providers like Petitioners – to prepare to prosecute and defend in the United States' case. As the United States recently explained, this is a "large and complex" case that "will involve developing and presenting at trial a significant amount of nonparty evidence." Plaintiffs' Mem. in Opp. to Google Mot. at 1 ("U.S. Google Opp.") (ECF No. 51). As a result, the Protective Order already "governs more than 100 nonparties, which must be treated evenly and consistently," and modifications to the Protective Order are "appropriate only in unusual circumstances where the asserted concerns outweigh the burdens." *Id.* The routine non-party subpoenas that are the purported justification for Petitioners' renewal of their request to amend the Protective Order do not come close to satisfying that appropriately demanding standard.

**III.** The United States supports Petitioners' motion because it would like to augment its litigation efforts with the work of privately funded counsel. *See* Plaintiffs' Statement in Support of Sprint et al. Mot. at 2 (ECF No. 54). The United States' arguments – about how it would be "efficient" and "useful" if Petitioners' counsel could work in conjunction with the Government's lawyers, *id.* – have nothing to do with Petitioners' status as plaintiffs in their own cases, which is the ostensible basis for Petitioners' motion. Indeed, the United States could have made the same claims if Sprint and Cellular South had never filed their own suits. As the United States recognized in opposing Google's motion to amend the Protective Order, the "more than 100" non-parties to this case must be "treated evenly and consistently," U.S. Google Opp. at 1; that principle remains applicable even when it is the United States that would benefit if select non-parties obtained special privileges under the Protective Order.

Moreover, like Petitioners, the United States neither acknowledges that this Court has already rejected Petitioners' request nor offers any reason why the Court should revisit the issue. Notably, the United States had the opportunity to support Petitioners' request at the Status Hearing, but elected not to do so. *See* Tr. 62:13-65:9. It also remains the case that allowing Petitioners access to all discovery in this case would "gum up the works," Tr. 63:8, and "make[s] a difference on how fast we go here," Tr. 65:8-9. Those harms to the efficient administration of this case clearly outweigh the United States' desire to add additional counsel to its litigation team, paid for by Defendants' competitors.

## CONCLUSION

The Court should deny Petitioners' motion.

Dated: October 17, 2011

Respectfully submitted,

*/s/ Mark C. Hansen*
Mark C. Hansen, D.C. Bar # 425930
Michael K. Kellogg, D.C. Bar # 372049
Kellogg, Huber, Hansen, Todd,
  Evans & Figel, P.L.L.C.
1615 M Street, NW, Suite 400
Washington, DC 20036
(202) 326-7900

Richard L. Rosen, D.C. Bar # 307231
Donna E. Patterson, D.C. Bar # 358701
Arnold & Porter LLP
555 Twelfth Street, NW
Washington, DC 20004-1206
(202) 942-5000

Wm. Randolph Smith, D.C. Bar # 356402
Kathryn D. Kirmayer, D.C. Bar # 424699
Crowell & Moring, LLP
1001 Pennsylvania Avenue, NW
Washington, DC 20004
(202) 624-2500

*Counsel for AT&T Inc.*


George S. Cary, D.C. Bar # 285411
Mark W. Nelson, D.C. Bar # 442461
Cleary Gottlieb Steen & Hamilton LLP
2000 Pennsylvania Avenue, NW
Washington, DC 20006
(202) 974-1500

Richard G. Parker, D.C. Bar # 327544
O'Melveny & Myers LLP
1625 Eye Street, NW
Washington, DC 20006
(202) 383-5300

*Counsel for T-Mobile USA, Inc. and*
  *Deutsche Telekom AG*

**CERTIFICATE OF SERVICE**

I hereby certify that, on October 17, 2011, I caused the foregoing Memorandum of Defendants in Opposition to Joint Motion of Non-Parties Sprint Nextel Corporation, Cellular South, Inc., and Corr Wireless Communications, L.L.C. To Amend the Protective Order to be filed using the Court's CM/ECF system, which will send e-mail notification of such filings to counsel of record. This document is available for viewing and downloading on the CM/ECF system.

/s/ *Mark C. Hansen*
Mark C. Hansen