IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, et al., | ) ) ) ) | |
| *Plaintiffs,* | ) ) | |
| v. | ) ) | Case No. 1:11-cv-01560-ESH |
| AT&T INC., et al., | ) ) ) | |
| *Defendants.* | ) ) ) | |

**PETITIONERS' REPLY MEMORANDUM IN SUPPORT OF**
**JOINT MOTION TO AMEND THE PROTECTIVE ORDER PURSUANT TO RULE 26(c)**

In their Opposition to Petitioners' Joint Motion to Amend the Protective Order Pursuant to Rule 26(c) ("Opp'n Br."), Defendants assert that "nothing has changed since the [September 21] Status Hearing [to] warrant reconsideration" (Opp'n Br. at 1); that their subpoenas are "routine non-party" discovery (*id*. at 5); that Petitioners should be treated no differently from the "'more than 100' [other] non-parties to this case" (*id.* at 6); and that "allowing Petitioners access to all discovery in this case would 'gum up the works.'" *Id.* Defendants utterly ignore the issue of fundamental fairness that is at the core of Petitioners' argument:  In addition to the more than 2.2 million pages of Petitioners' documents they already have, Defendants have served subpoenas on Petitioners that seek enormously broad discovery, and Defendants will use that discovery to prepare for trial against Petitioners while Petitioners are permitted no discovery at all.  Such an arrangement gives Defendants an advantage that will seriously handicap Petitioners' capacity to prepare for trial.  The prejudice is indisputable.

Defendants do not attempt to explain how their requests can possibly be appropriate nonparty discovery; nor can they. For example, Request 5 of the Sprint subpoena seeks almost eight years worth of records relating to *Sprint's* past transactions with other mobile wireless providers. Defendants want Sprint to provide:

> *All documents relating to transactions entered into from January 1, 2004 through the present involving: (a) Nextel, (b) Virgin Mobile, (c) Clearwire, or (d) any other mobile wireless provider,* that: (i) the Company submitted to the U.S. Department of Justice in response to Item 4(c) of the Notification and Report Form filed by the Company pursuant to the Hart-Scott-Rodino Antitrust Improvement Act, or (ii) reflect any analysis of anticipated or achieved efficiencies or synergies for such transaction.

(emphasis added). Requests for these types of documents go far beyond ordinary, nonparty merger case discovery, which focuses on the current competitive landscape, not on the details of every transaction entered into by a competitor in the last eight years.

Other requests are clearly inappropriate when directed at Petitioners. For example, Defendants seek "[a]ll documents analyzing the Transaction, including but not limited to . . . financial, economic, engineering or technical models analyzing the effects of the Transaction." (Sprint subpoena Request 3; Cellular South subpoena Request 4). It cannot be appropriate for Defendants to discover all internal analyses of the transaction, including expert models and business models, *from companies that are plaintiffs in parallel litigations* when discovery has been deferred in those parallel actions. Such materials are not even required to be produced by the parties to the DOJ case until December 28. The fact is that Petitioners are *not* just like other nonparties in the DOJ case, and the discovery being sought is *not* routine third-party discovery. The Petitioners are plaintiffs in their own cases, and so the documents being sought go well beyond the boundaries of ordinary third-party discovery.

Defendants insist that the subpoenas are just like all the others they served on nonparties in the DOJ case, Opp'n Br. at 4-5, but, inexplicably, they do not append examples to

2

permit comparison.  It is telling, however, that the subpoena to Verizon, the largest player in the wireless industry, includes only 39 requests to Sprint's 47.  Opp'n Br. at 5.  Moreover, even as they insist that these broad subpoenas are ordinary, nonparty discovery, Defendants ignore the fact that they already have more than 2.2 million pages of Sprint documents from 15 senior executives with responsibility for the business groups relevant to this litigation, as well as the core relevant Cellular South documents.

Incredibly, Defendants imply that this Court gave them *carte blanche* to propound any discovery they like regardless of the Rules.  They quote, in a misleading way, a *question* that this Court asked Sprint's counsel during the status conference while discussing party discovery.  Defendants quote the Court (erroneously) as making the statement:  "[T]his Court recognized at the Status Hearing that Petitioners would face 'subpoena[s]' for 'all your confidential information.'"  Opp'n Br. at 4.  In truth, the Court asked Sprint's counsel a question about what would happen if Sprint obtained *party* discovery.  The Court asked: "[W]hat happens when they [the Defendants] subpoena all your confidential information?  You would be happy to give it to your competitors?"[1]  Sept. 21 Status Hr'g Tr. 40:21-22 ("Tr.").  Nothing in the transcript remotely suggests that the Court was willing to permit the Defendants to take the broadest possible discovery of Petitioners that could be used in all actions while Petitioners were not permitted access to any materials.

Rather than contest Petitioners' motion on the merits, Defendants manufacture imaginary inefficiencies that they argue would flow from the proposed relief, but none of these is

---

[1] The Court's question arose in the context of a discussion regarding the consolidation or coordination of the three pending litigations, which would grant Sprint and Cellular South party or party-like status.  The Court asked Sprint's counsel if Sprint would mind, in the event that the proceedings were consolidated or coordinated, providing confidential information to a competitor.  Because the Court declined to consolidate the proceedings, that discussion has no bearing on this motion.

implicated by Petitioners' request. In particular, Defendants quote the Court out of context to claim that the requested relief would "gum up the works."[2] *See* Opp'n Br. at 2, 3 (quoting Tr. 63:8). This fear is unfounded, however. First, Petitioners are not seeking to serve their own discovery requests on parties or nonparties at this time. Second, Petitioners seek access only to Defendants' materials at this time; contrary to Defendants' suggestion, the proposed order does not provide a mechanism to give Petitioners access to third-party materials.[3] Third, the only action to be taken under the proposed order is for the DOJ to give Petitioners access to Defendants' documents after Petitioners have agreed to be bound by the protective order. Fourth, Defendants do not dispute that the requested relief would not burden them. Defendants' suggestions of inefficiency simply are illusory.

Defendants do not dispute the obvious efficiencies that would result from Petitioners' requested relief. First, this Court made clear at the status conference that the cases, although not consolidated, should proceed in parallel. *See* Tr. 65:2-3 (the Court "will treat [Petitioners' and DOJ's cases] as parallel"). And, Defendants themselves have conceded that the "core" of the cases is the same. *See* Defs.' Motion to Dismiss Reply Br. at 1 (recognizing that the "core" of Sprint's case "mimics the horizontal case brought by the Department of Justice"). The most efficient way to ensure that these cases remain parallel is to permit the requested relief

---

[2] The Court's comments occurred in the context of a discussion of the potential for privilege issues to become complicated in coordinated proceedings, which could affect the pretrial schedule. Because Petitioners' requested relief is only for access to Defendants' documents, no special privilege issues are implicated. The only possible "gumming up" of the works would occur if the Court denies Petitioners' request for relief and Petitioners find it necessary to file motions asking the Court to quash these overbroad subpoenas, or if Defendants continue to take the position that the requests are reasonable and move to compel.

[3] The proposed amendments to the protective order simply add Petitioners' outside counsel and experts to the list of individuals who may access information under the terms of the protective order and requires them to be bound by the confidentiality provision. For Petitioners to receive disclosures of confidential third-party information, provision would have to be made for the DOJ to give notice to third parties of a proposed production to Petitioners and allow them time to object just as Google has objected to production to the Defendants. Petitioners seek no such mechanism.

so that Petitioners do not fall behind irretrievably in their litigation.  The DOJ and Plaintiff States likewise agree that the requested relief would ensure efficiency in the pretrial schedule: "as Plaintiffs prepare on an expedited basis for trial, it will be much more efficient in developing the factual record for Plaintiffs to have the ability to discuss with Petitioners' counsel the same type of information produced from Defendants that Defendants are seeking from Petitioners." *See* Plaintiffs' Statement in Support of Sprint's, Cellular South's, and Corr Wireless's Motion to Amend the Protective Order at 2.

**CONCLUSION**

For the foregoing reasons, Petitioners respectfully request that the Court grant Petitioners' motion to amend the protective order so that Petitioners' counsel and experts may have access to materials produced by Defendants to the DOJ.

Dated: October 19, 2011                                             Respectfully submitted,

*/s/ Chong S. Park*                                                           */s/ Gregory B. Craig*
Chong S. Park (D.C. Bar No. 463050)                  Steven C. Sunshine (D.C. Bar No. 450078)
Kenneth P. Ewing (D.C. Bar No. 439685)            Gregory B. Craig (D.C. Bar No. 164640)
Matthew Kepniss (D.C. Bar No. 490856)             Tara L. Reinhart (D.C. Bar No. 462106)
STEPTOE & JOHNSON LLP                                  SKADDEN, ARPS, SLATE,
1330 Connecticut Avenue, N.W.                                MEAGHER & FLOM LLP
Washington, DC 20036-1795                                 1440 New York Avenue, N.W.
Tel: (202) 429-3000                                                 Washington, DC 20005-2111
cpark@steptoe.com                                                  Tel: (202) 371-7000
                                                                              Steven.Sunshine@skadden.com
Alan W. Perry (*pro hac vice*)                                Gregory.Craig@skadden.com
Daniel J. Mulholland (*pro hac vice*)                    Tara.Reinhart@skadden.com
Walter H. Boone (*pro hac vice*)
FORMAN PERRY WATKINS KRUTZ &               James A. Keyte (*pro hac vice*)
  TARDY LLP                                                         Matthew P. Hendrickson (*pro hac vice*)
City Centre, Suite 100                                             SKADDEN, ARPS, SLATE,
200 South Lamar Street                                              MEAGHER & FLOM LLP
Jackson, Mississippi 39201-4099                           4 Times Square
Tel: (601) 969-7833                                                 New York, NY 10036-6522
aperry@fpwk.com                                                   Tel: (212) 735-3000
                                                                              James.Keyte@skadden.com
Charles L. McBride, Jr. (*pro hac vice*)                Matthew.Hendrickson@skadden.com
Joseph A. Sclafani (*pro hac vice*)
Brian C. Kimball (*pro hac vice*)                         *Counsel for Sprint Nextel Corporation*
BRUNINI, GRANTHAM, GROWER &
  HEWES, PLLC
The Pinnacle Building, Suite 100
190 East Capitol Street
Jackson, Mississippi 39201
Tel: (601) 960-6891
cmcbride@brunini.com

*Counsel for Plaintiffs Cellular South, Inc. and*
   *Corr Wireless Communications, L.L.C.*

## **CERTIFICATE OF SERVICE**

      I hereby certify that, on October 19, 2011, I caused the foregoing Petitioners' Reply Memorandum in Support of Joint Motion to Amend the Protective Order Pursuant to Rule 26(c) to be filed using the Court's CM/ECF system.  I also caused the foregoing document to be mailed via electronic mail to counsel for the parties listed below:

                Matthew C. Hammond
                202-305-8541
                matthew.hammond@usdoj.gov

                Katherine Celeste
                U.S. Department of Justice, Antitrust Division
                450 Fifth Street, N.W., Suite 7000
                Washington, DC  20001
                202-532-4713
                202-514-5381 (fax)
                katherine.celeste@usdoj.gov

                *Counsel for the United States*


                Geralyn J. Trujillo
                STATE OF NEW YORK
                Office of the Attorney General
                Antitrust Bureau
                120 Broadway, 26th Floor
                New York, NY 10271
                Tel: 212- 416-6677
                Fax: 212-416-6015
                Geralyn.Trujillo@ag.ny.gov

                David M. Kerwin
                STATE OF WASHINGTON
                Office of Attorney General
                Antitrust Division
                800 Fifth Avenue, S. 2000
                Seattle, WA 98104
                Tel: 206-464-7030
                Fax: 206-464-6338
                davidk3@atg.wa.gov

                *Representative Counsel for the Plaintiff States*

Michael K. Kellogg
Kellogg, Huber, Hansen, Todd, Evans & Figel, P.L.L.C.
1615 M Street, N.W.
Suite 400
Washington, DC  20036
202-326-7902
mkellogg@khhte.com

*Counsel for AT&T Inc.*


Mark W. Nelson
Cleary Gottlieb Steen & Hamilton LLP
2000 Pennsylvania Avenue, NW
Washington DC  20006
202-974-1622
mnelson@cgsh.com

*Counsel for Defendants T-Mobile USA, Inc., and Deutsche Telekom AG*


  */s/ Tara L. Reinhart*
Tara L. Reinhart (D.C. Bar No. 462106)
*Counsel for Sprint Nextel Corporation*