IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, et al.,<br><br>　　　　　*Plaintiffs*,<br><br>　　v.<br><br>AT&T INC., et al.,<br><br>　　　　　*Defendants*. | Case No. 1:11-cv-01560 (ESH)<br><br>**Discovery Matter:  Referred to Special Master Levie** |

## MOTION TO COMPEL RESPONSES BY SPRINT NEXTEL CORP. TO DEFENDANT AT&T INC.'S RULE 45 SUBPOENA

AT&T Inc. hereby moves to compel responses by Sprint Nextel Corp. to AT&T Inc.'s September 26, 2001 subpoena pursuant to Rule 45 of the Federal Rules of Civil Procedure.  In support of this Motion, AT&T Inc. submits a memorandum of points and authorities and a proposed order.

Dated:  October 21, 2011

　　　　　　　　　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　*/s/ Steven F. Benz*
　　　　　　　　　　　　　　　　　　　　　　Mark C. Hansen, D.C. Bar # 425930
　　　　　　　　　　　　　　　　　　　　　　Michael K. Kellogg, D.C. Bar # 372049
　　　　　　　　　　　　　　　　　　　　　　Steven F. Benz, D.C. Bar # 428026
　　　　　　　　　　　　　　　　　　　　　　Kellogg, Huber, Hansen, Todd,
　　　　　　　　　　　　　　　　　　　　　　　　Evans & Figel, P.L.L.C.
　　　　　　　　　　　　　　　　　　　　　　1615 M Street, NW, Suite 400
　　　　　　　　　　　　　　　　　　　　　　Washington, DC 20036
　　　　　　　　　　　　　　　　　　　　　　(202) 326-7900

Wm. Randolph Smith, D.C. Bar # 356402
Kathryn D. Kirmayer, D.C. Bar # 424699
Shari Ross Lahlou, D.C. Bar # 476630
Crowell & Moring, LLP
1001 Pennsylvania Avenue, NW
Washington, DC 20004
(202) 624-2500

Richard L. Rosen, D.C. Bar # 307231
Donna E. Patterson, D.C. Bar # 358701
Arnold & Porter LLP
555 Twelfth Street, NW
Washington, DC 20004-1206
(202) 942-5000

*Counsel for AT&T Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, et al.,<br><br>         *Plaintiffs*,<br><br>   v.<br><br>AT&T INC., et al.,<br><br>         *Defendants*. | Case No. 1:11-cv-01560 (ESH)<br><br>**Discovery Matter:  Referred to Special Master Levie** |

### MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL RESPONSES TO SUBPOENA

On September 26, 2011, AT&T issued a Rule 45 subpoena to Sprint seeking documents highly relevant to the Department of Justice's claims against AT&T.  On October 12, 2011, Sprint represented to Judge Huvelle that it was "willing to meet and confer" and "begin producing documents as soon as possible" in response to AT&T's subpoena.  Nonetheless, Sprint has refused to produce any responsive documents.  Sprint claims that the subpoena inappropriately seeks party discovery and that Sprint's prior production to DOJ fully satisfies its obligations regarding what it views as appropriate non-party discovery.  Sprint is wrong.  AT&T's subpoena to Sprint – like the similar subpoenas served on other carriers – seeks appropriate non-party discovery.  As the party resisting discovery, Sprint bears the burden of showing that its compliance would be unduly burdensome, a burden it has wholly failed to meet.  The Court should compel Sprint to produce responsive documents without further delay.

### SPRINT MUST PROMPTLY PRODUCE THE REQUESTED DOCUMENTS

Although it admits that AT&T's subpoena seeks relevant documents, Sprint has not produced a single document.  *See* Declaration of Steven F. Benz ("Benz Decl.") ¶ 2 & Ex. B.  Instead, Sprint contends that it is not required to comply with the subpoena because it is duplicative of the production that Sprint made to DOJ during the merger review process.  *Id*.,

1

Ex. C.  During meet-and-confers, Sprint claimed that AT&T must identify documents that are responsive to its subpoena that Sprint did not produce to DOJ before Sprint is required to do anything.  And, notwithstanding an illusory offer to meet and confer on the scope, Sprint now takes the position that its DOJ production "is more than [AT&T] ever would be entitled to under the strictures of Rule 45."  *Id*.  Sprint has no legitimate basis for failing to comply.

As an initial matter, Sprint's claim that the subpoena represents "party discovery" is off the mark.  Sprint does not dispute the relevance of the material sought.  And AT&T issued a number of subpoenas to other non-party mobile wireless service providers, such as Verizon, MetroPCS, and Leap Wireless, seeking similar categories of documents.  *See* Benz Decl. ¶ 3.  Subpoenas – even those seeking broad document productions – are properly directed to non-parties to obtain relevant information in their possession.  *See Call of the Wild Movie, LLC v. Does 1-1,062*, 770 F. Supp. 2d 332, 354-55 (D.D.C. 2011) (denying motion to quash subpoena as overbroad where information sought was central to plaintiff's case); *Software Rights Archive, LLC v. Google Inc.*, C.A. Nos. 2:07-CV-511 (CE) & CV08-03172RMW, 2009 WL 1438249, at *2 (D. Del. May 21, 2009) (non-party witnesses are "'subject to the same scope of discovery under [Rule 45] as … a party to whom a request is addressed pursuant to Rule 34'") (quoting Fed. R. Civ. P. 45 advisory committee's note (1991 Amendment)); *United States v. IBM Corp.*, 71 F.R.D. 88, 92 (S.D.N.Y. 1976) (denying motion to quash subpoena in antitrust case where compliance would take "three to six months" and cost "tens of thousands of dollars").

Further, as the party resisting discovery, Sprint bears the burden of establishing that compliance with the subpoena would be unduly burdensome.  *See Irons v. Karceski*, 74 F.3d 1262, 1264 (D.C. Cir. 1995) ("the party seeking to quash a subpoena bears a heavy burden" of proving compliance would impose an undue burden); *Northrop Corp. v. McDonnell Douglas Corp.*, 751 F.2d 395 (D.C. Cir. 1984) (vacating order quashing subpoena based on failure to establish that searching more than 900 cubic feet of hard copy documents would be unduly burdensome); *see also* Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2459, at 446 (3d ed. 2008) ("[t]he burden of proving that a subpoena duces tecum imposes an

undue burden is on the person who seeks to have it quashed"). Sprint has made no showing to satisfy this burden.

Nor has Sprint demonstrated that its DOJ production in fact fully responds to AT&T's subpoena. AT&T has already identified a number of categories of responsive documents that Sprint apparently did not produce to the DOJ, including documents created by employees of Sprint's Boost Mobile or Virgin Mobile brands, or by its "Enterprise" and "Wholesale" business units. Neither Sprint nor the DOJ is entitled unilaterally to define the scope of discovery to which AT&T is entitled. Having made no relevance objection and no showing of undue burden, Sprint is required to comply.

## CONCLUSION

Sprint received a proper non-party subpoena and is obligated to make a timely document production in response. Discovery in this matter is proceeding rapidly and trial is fast approaching. The Court should enforce AT&T's subpoena and compel Sprint to begin producing responsive documents immediately.

Dated: October 21, 2011　　　　　　　　Respectfully submitted,


　　　　　　　　　　　　　　　　　　　　/s/  Steven F. Benz

　　　　　　　　　　　　　　　　　　　　Mark C. Hansen, D.C. Bar # 425930
　　　　　　　　　　　　　　　　　　　　Michael K. Kellogg, D.C. Bar # 372049
　　　　　　　　　　　　　　　　　　　　Steven F. Benz, D.C. Bar # 428026
　　　　　　　　　　　　　　　　　　　　Kellogg, Huber, Hansen, Todd,
　　　　　　　　　　　　　　　　　　　　　　Evans & Figel, P.L.L.C.
　　　　　　　　　　　　　　　　　　　　1615 M Street, NW, Suite 400
　　　　　　　　　　　　　　　　　　　　Washington, DC 20036
　　　　　　　　　　　　　　　　　　　　(202) 326-7900

　　　　　　　　　　　　　　　　　　　　Wm. Randolph Smith, D.C. Bar # 356402
　　　　　　　　　　　　　　　　　　　　Shari Ross Lahlou, D.C. Bar # 476630
　　　　　　　　　　　　　　　　　　　　Kathryn D. Kirmayer, D.C. Bar # 424699
　　　　　　　　　　　　　　　　　　　　Crowell & Moring, LLP
　　　　　　　　　　　　　　　　　　　　1001 Pennsylvania Avenue, NW
　　　　　　　　　　　　　　　　　　　　Washington, DC 20004
　　　　　　　　　　　　　　　　　　　　(202) 624-2500

                                        Richard L. Rosen, D.C. Bar # 307231
                                        Donna E. Patterson, D.C. Bar # 358701
                                        Arnold & Porter LLP
                                        555 Twelfth Street, NW
                                        Washington, DC 20004-1206
                                        (202) 942-5000

                                        *Counsel for AT&T Inc.*

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7(m)**

In telephone conferences and electronic mail exchanges, counsel for AT&T Inc. and counsel for Sprint Nextel Corp. have met and conferred regarding AT&T Inc.'s Rule 45 subpoena. Sprint Nextel Corp. objects to the subpoena and refuses to comply. The parties are at an impasse, and so AT&T Inc. filed this Motion. Sprint Nextel Corp. does not concur with the relief sought. AT&T Inc. hereby represents that it has satisfied its obligation under LCvR 7(m) to confer with opposing counsel on this Motion.

*/s/ Steven F. Benz*

Steven F. Benz

# CERTIFICATE OF SERVICE

I hereby certify that on October 21, 2011, I caused the foregoing Motion To Compel Responses to Subpoena to be filed using the Court's CM/ECF system, which will send e-mail notification of such filings to counsel of record. This document is available for viewing and downloading on the CM/ECF system. A copy of the foregoing also shall be served via electronic mail on:

| | |
|---|---|
| Special Master | The Honorable Richard A. Levie<br>ralevie@gmail.com<br>rlevie@jamsadr.com<br>JAMS<br>555 13th Street, NW, Suite 400 West<br>Washington, DC 2004<br>Tel. (202) 533-2056<br>*With two hard copies by hand-delivery |
| United States of America | Claude F. Scott, Jr., claude.scott@usdoj.gov<br>Hillary B. Burchuk, hillary.burchuk@usdoj.gov<br>Lawrence M. Frankel, lawrence.frankel@usdoj.gov<br>Matthew C. Hammond, matthew.hammond@usdoj.gov<br>US Department of Justice<br>Antitrust Division<br>450 5th Street, NW, Suite 7000<br>Washington, DC 20001<br><br>Joseph F. Wayland, joseph.wayland@usdoj.gov<br>US Department of Justice<br>950 Pennsylvania Avenue, NW, Suite 3121<br>Washington, DC 20530<br>Tel. (202) 514-1157 |
| State of California | Quyen D. Toland, quyen.toland@doj.ca.gov<br>Office of the Attorney General<br>455 Golden Gate Avenue, Suite 11000<br>San Francisco, CA 94102 |
| State of Illinois | Robert W. Pratt, rpratt@atg.state.il.us<br>Illinois Office of the Attorney General<br>100 West Randolph Street<br>Chicago, IL 60601<br>Tel. (312) 814-3722 |

| | |
|---|---|
| State of Massachusetts | William T. Matlack, william.matlack@state.ma.us |
| | Michael P. Franck, michael.franck@state.ma.us |
| | Massachusetts Office of the Attorney General |
| | 1 Ashburton Place |
| | 18th Floor |
| | Boston, MA 02108 |
| | Tel. (617) 963-2414 |
| State of New York | Richard L. Schwartz, richard.schwartz@ag.state.ny.us |
| | Geralyn J. Trujillo, geralyn.trujillo@ag.ny.gov |
| | Matthew D. Siegel, matthew.siegel@ag.ny.gov |
| | New York Attorney General's Office |
| | Antitrust Bureau |
| | 120 Broadway |
| | Suite 2601 |
| | New York, NY 10271 |
| | Tel. (212) 410-7284 |
| | Fax (212) 416-6015 |
| State of Ohio | Jennifer L. Pratt, jennifer.pratt@ohioattorneygeneral.gov |
| | Office of the Attorney General |
| | Antitrust Division |
| | 150 E. Gay St |
| | 23rd Floor |
| | Columbus, OH 43215 |
| State of Washington | David M. Kerwin, davidk3@atg.wa.gov |
| | Washington State Attorney General |
| | 800 Fifth Avenue |
| | Seattle, WA 98104 |
| | Tel. (206) 464-7030 |
| Non-Party Sprint | Steven C. Sunshine, steven.sunshine@skadden.com |
| | Gregory B. Craig, gregory.craig@skadden.com |
| | Tara L. Reinhart, tara.reinhart@skadden.com |
| | Skadden, Arps, Slate, Meagher & Flom LLP |
| | 1440 New York Avenue, NW |
| | Washington, DC 20005 |
| | Tel. (202) 371-7000 |

        James A. Keyte (PHV), james.keyte@skadden.com
        Matthew P. Hendrickson (PHV),
        matthew.hendrickson@skadden.com
        Skadden, Arps, Slate, Meagher & Flom LLP
        4 Times Square
        New York, NY 10036
        Tel. (212) 735-3000

        */s/  Steven F. Benz*

        Steven F. Benz