IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, et al.,<br><br>*Plaintiffs,*<br><br>v.<br><br>AT&T INC., et al.,<br><br>*Defendants.* | Case No. 1:11-cv-01560 (ESH) |

## DECLARATION OF STEVEN F. BENZ IN SUPPORT OF MOTION TO COMPEL

Pursuant to 28 U.S.C. § 1746, I, Steven F. Benz, declare as follows:

1. I am an attorney with the law firm of Kellogg, Huber, Hansen, Todd, Evans & Figel, P.L.L.C., counsel for AT&T Inc., which is a defendant in the matter of *United States v. AT&T Inc., et al.*, Case No. 1:11-cv-01560 (ESH) (the "DOJ case"). I have personal knowledge of the matters set forth herein. I make this declaration in support of AT&T's motion to compel Sprint to comply with the subpoena issued to it in the DOJ case.

2. Attached as **Exhibit A** is the Rule 45 subpoena served on Sprint on September 25, 2011. Sprint has not yet produced a single document in response to AT&T's subpoena.

3. On September 25, 2011, AT&T also served a number of subpoenas on other non-party mobile wireless service providers, such as Verizon, MetroPCS, and Leap Wireless. These subpoenas seek documents similar to the categories of documents that AT&T seeks from Sprint.

4. Over the course of the past few weeks, AT&T has conferred and negotiated in good faith with Sprint on several occasions regarding the subpoena. On October 6, 2011, during a meet and confer, AT&T agreed to extend the return date for the subpoena from October 7 to

October 21 to accommodate Sprint. AT&T also agreed that, in response to its subpoena, Sprint need not reproduce documents that were already produced to the DOJ as part of the Second Request in connection with the AT&T / T-Mobile Transaction.

5. Attached as **Exhibit B** is a true and correct copy of Shari Lahlou's and my e-mail to Tara Reinhart, counsel for Sprint, dated October 19, 2011.

6. Attached as **Exhibit C** is a true and correct copy of Ms. Reinhart's e-mail to me dated October 21, 2011.

7. From October 19-21, 2011, AT&T met and conferred with Sprint in an attempt to resolve this dispute without court intervention. Sprint was unwilling to produce any responsive documents. Because the information requested from Sprint is indispensable for the timely resolution of this litigation, AT&T now brings this motion.

EXECUTED on October 21, 2011.

_____
Steven F. Benz