| | |
|---|---|
| **From:** | Lahlou, Shari |
| **To:** | Reinhart, Tara L |
| **Cc:** | Benz, Steven F. |
| **Subject:** | RE: AT&T Subpoena |
| **Date:** | Wednesday, October 19, 2011 8:50:39 PM |

Tara - As an example, see *Heat and Control, Inc. v. Hester Indus., Inc.*, 785 F.2d 1017, 1025 (Fed. Cir. 1986). You might also consider *Rendon Group, Inc. v. Rigsby*, 268 F.R.D. 124, 127-28 (D.D.C. 2010) ("TRG claims that the subpoena is overly burdensome. Like every other judge who has been confronted by such a claim, I refuse to consider it without a detailed showing by affidavit specifying the actual burdens that it will incur if it has to comply.")

To briefly summarize our discussion this afternoon, we understand that Sprint is not raising a relevance objection to the subpoena generally, or to any particular request. Instead, it is Sprint's position that the subpoena is duplicative in light of Sprint's production to the DOJ, which AT&T now has. In Sprint's view, it is AT&T's burden to identify what is missing from the DOJ production that is responsive to its subpoena. Until AT&T undertakes that effort, Sprint will not endeavor to collect or produce any further responsive documents.

As we did in our prior calls including the one we had on Friday afternoon, we explained why we disagree with Sprint's view. We believe that we have served a valid Rule 45 non-party subpoena that calls for information relevant to the claims and defenses in the government's suit against AT&T and T-Mobile. While we are willing to address any specific objections or burden arguments that Sprint might have (which you have yet to raise), we do not agree that Sprint's generalized "duplicative" objection relieves it of its burden to comply.

In light of these disparate positions and our meet and confers on them, we indicated that we believe the parties are at an impasse and that it would be best to have SM Judge Levie resolve the dispute. You indicated that you did not have the authorization to agree that the parties are at an impasse. You agreed to attempt to seek that authorization by tomorrow mid-day.

We continue to be concerned about the amount of time that is passing with Sprint taking no action in response to our subpoena. Please advise us of Sprint's position as soon as possible. If we cannot get a firm commitment from Sprint to comply in good faith by producing documents in the near term, we will be forced to file the motion as we indicated on our call.

Thanks and regards,

Shari

Shari Ross Lahlou
Crowell & Moring LLP
1001 Pennsylvania Ave., NW
Washington, DC  20004
202.624.2679
slahlou@crowell.com

---

**From:** Reinhart, Tara L [mailto:Tara.Reinhart@skadden.com]
**Sent:** Wednesday, October 19, 2011 6:19 PM
**To:** Lahlou, Shari
**Cc:** Benz, Steven F.
**Subject:** AT&T Subpoena

Shari:

You said that you have authority for the proposition that it is not AT&T's burden to determine whether it already has Sprint documents that satisfy AT&T's requests. It would be helpful for us to see that. Please pass it along.

Regards,

**Tara L. Reinhart**
**Skadden, Arps, Slate, Meagher & Flom LLP**
1440 New York Avenue, N.W. | Washington | D.C. | 20005-2111
T: 202.371.7630 | F: 202.661.0540 | M: 202.439.3545
tara.reinhart@skadden.com

------------------------------------------------------------------------
*****************************************************

To ensure compliance with Treasury Department regulations, we advise you that, unless otherwise expressly indicated, any federal tax advice contained in this message was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or applicable state or local tax law provisions or (ii) promoting, marketing or recommending to another party any tax-related matters addressed herein.
*****************************************************
*****************************************************

This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.
*****************************************************
==========================================================================