| | |
|---|---|
| **From:** | Reinhart, Tara L |
| **To:** | Lahlou, Shari |
| **Cc:** | Benz, Steven F. |
| **Subject:** | RE: AT&T Subpoena |
| **Date:** | Friday, October 21, 2011 10:55:40 AM |

Shari:

Thank you for the authorities and for your summary of your understanding of Sprint's position. To avoid confusion, however, let me set forth our position in full.

The AT&T subpoena seeks a broad production that cannot be considered proper nonparty discovery. Such a request is even more inappropriate considering that Sprint is a plaintiff in its own parallel litigation in which all discovery has been deferred, and that AT&T already possesses Sprint's 2.2-million-page production to the DOJ. As I said last week, Sprint's position on the subpoena is intertwined with our motion seeking access to the Defendants' documents. We remain willing, pending the outcome of that motion (which could come as soon as this coming Monday, October 24), to meet and confer on an appropriate scope of production that assumes we will be complying as a nonparty. As I said last week, if we succeed in gaining access to Defendants' documents, we will negotiate a scope of production as if we are a party. If we do not succeed, then we are willing to produce nothing more than would be required of a Rule 45 respondent. Our position is that the production to the DOJ is more than you ever would be entitled to under the strictures of Rule 45.

You have had Sprint's DOJ production for almost a month, you have had the CID since Monday, and we understand from the DOJ that you have had the CID modification correspondence since last week. As a result, you have the ability to determine categories of materials that you believe you need but do not yet have. Yet, you insist that Sprint must tell you which categories of your own subpoena are satisfied by the documents already in your possession and, beyond those, what more exists at the company that satisfies your subpoena. This is a nonsensical, inefficient approach. To the extent you believe there are additional documents you are entitled to but do not have, we remain willing to discuss them on an expedited basis.

Finally, regarding relevance, we have been clear in our motion seeking access to Defendants' documents that we consider requests in the subpoena to be relevant not only to the DOJ case, but also to the Sprint and Cellular South cases. While our discussions regarding Sprint's willingness to produce documents pending the outcome of that motion have focused on the preliminary issue of burden, we do not relinquish our right to object to specific requests on the basis of relevance.

As for the authorities, neither appears to support your position on burden. In fact, both support our position. *Rendon Group, Inc. v. Rigsby*, in particular, explicitly recognizes the distinction between what is required for parties and nonparties: "But, prior cases where I have demanded such affidavits were cases that involved discovery between the parties and not discovery directed at a third party, *where there should be a greater sensitivity to the potential burden that will be imposed on a third party.*" 268 F.R.D. 124, 127 (D.D.C. 2010) (emphasis added). Further, in *Heat & Control, Inc. v. Hester Indus., Inc.*, while the court rejected a motion to quash based on a claim that the requested information was available from other sources (noting that the recipient did not support that assertion with specific evidence), the case did not involve a situation in which the subpoenaed party already had produced responsive documents to a another party in the litigation.

We appreciate your giving us the two-week extension on the original October 7 return date. On our call on Wednesday, you said you would waive formal objections and would consider all Sprint objections to be preserved. Please let us know whether you agree that formal objections are waived, or whether we should plan to serve objections today, or whether you are willing to extend the return date and continue our discussions.

Regards,

Tara

---

**From:** Lahlou, Shari [mailto:SLahlou@crowell.com]
**Sent:** Wednesday, October 19, 2011 8:51 PM
**To:** Reinhart, Tara L (WAS)
**Cc:** Benz, Steven F.
**Subject:** RE: AT&T Subpoena

Tara - As an example, see *Heat and Control, Inc. v. Hester Indus., Inc.*, 785 F.2d 1017, 1025 (Fed. Cir. 1986). You might also consider *Rendon Group, Inc. v. Rigsby*, 268 F.R.D. 124, 127-28 (D.D.C. 2010) ("TRG claims that the subpoena is overly burdensome. Like every other judge who has been confronted by such a claim, I refuse to consider it without a detailed showing by affidavit specifying the actual burdens that it will incur if it has to comply.")

To briefly summarize our discussion this afternoon, we understand that Sprint is not raising a relevance objection to the subpoena generally, or to any particular request. Instead, it is Sprint's position that the subpoena is duplicative in light of Sprint's production to the DOJ, which AT&T now has. In Sprint's view, it is AT&T's burden to identify what is missing from the DOJ production that is responsive to its subpoena. Until AT&T undertakes that effort, Sprint will not endeavor to collect or produce any further responsive documents.

As we did in our prior calls including the one we had on Friday afternoon, we explained why we disagree with Sprint's view. We believe that we have served a valid Rule 45 non-party subpoena that calls for information relevant to the claims and defenses in the government's suit against AT&T and T-Mobile. While we are willing to address any specific objections or burden arguments that Sprint might have (which you have yet to raise), we do not agree that Sprint's generalized "duplicative" objection relieves it of its burden to comply.

In light of these disparate positions and our meet and confers on them, we indicated that we believe the parties are at an impasse and that it would be best to have SM Judge Levie resolve the dispute. You indicated that you did not have the authorization to agree that the parties are at an impasse. You agreed to attempt to seek that authorization by tomorrow mid-day.

We continue to be concerned about the amount of time that is passing with Sprint taking no action in response to our subpoena. Please advise us of Sprint's position as soon as possible. If we cannot get a firm commitment from Sprint to comply in good faith by producing documents in the near term, we will be forced to file the motion as we indicated on our call.

Thanks and regards,

Shari

Shari Ross Lahlou
Crowell & Moring LLP
1001 Pennsylvania Ave., NW
Washington, DC  20004
202.624.2679
slahlou@crowell.com

---

**From:** Reinhart, Tara L [mailto:Tara.Reinhart@skadden.com]
**Sent:** Wednesday, October 19, 2011 6:19 PM
**To:** Lahlou, Shari
**Cc:** Benz, Steven F.
**Subject:** AT&T Subpoena

Shari:

You said that you have authority for the proposition that it is not AT&T's burden to determine whether it already has Sprint documents that satisfy AT&T's requests. It would be helpful for us to see that. Please pass it along.

Regards,

**Tara L. Reinhart**
**Skadden, Arps, Slate, Meagher & Flom LLP**
1440 New York Avenue, N.W. | Washington | D.C. | 20005-2111
T: 202.371.7630 | F: 202.661.0540 | M: 202.439.3545
tara.reinhart@skadden.com

----------------------------------------------------------------------------
****************************************************

To ensure compliance with Treasury Department regulations, we advise you that, unless otherwise expressly indicated, any federal tax advice contained in this message was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or applicable state or local tax law provisions or (ii) promoting, marketing or recommending to another party any tax-related matters addressed herein.
****************************************************
****************************************************

This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.
****************************************************
================================================================================

----------------------------------------------------------------------------
****************************************************

To ensure compliance with Treasury Department regulations, we advise you that, unless otherwise expressly indicated, any federal tax advice contained in this message was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or applicable state or local tax law provisions or (ii) promoting, marketing or recommending to another party any tax-related matters addressed herein.
****************************************************
****************************************************

This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.
****************************************************
================================================================================