## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| | ) | |
| | ) | |
| UNITED STATES OF AMERICA, et al., | ) | |
| | ) | |
| *Plaintiffs,* | ) | Case No. 1:11-cv-01560-ESH |
| | ) | |
| v. | ) | **Discovery Matter:  Referred to** |
| | ) | **Special Master Levie** |
| AT&T INC., et al., | ) | |
| | ) | |
| *Defendants.* | ) | |
| | ) | |
| | ) | |

## MOTION TO QUASH SUBPOENA

After the close of briefing on AT&T's motion to compel, the Special Master requested the parties to meet and confer to try to resolve the dispute.  Sprint's and AT&T's counsel conferred via teleconference on October 27, 2011, reviewed Sprint's specific objections to each request, and failed to reach agreement.  Specifically, AT&T still insists on obtaining broad discovery from Sprint, despite the fact it already has a robust production that responds to its requests.  AT&T now asks that, at a minimum, Sprint "refresh" its existing production with documents created during the past six months.  Declaration of Tara L. Reinhart ("Reinhart Decl.") ¶ 12.  Given the breadth of AT&T's request and the privilege issues implicated by that request, this new proposal would put an impermissible burden on Sprint.  For that reason, the subpoena should be quashed.  The attached declaration describes the burdens that Sprint would face in responding to AT&T's subpoena.  Sprint's motion is timely; Sprint served objections on AT&T on October 21, 2011.  *Id.* ¶ 9.

**ARGUMENT**

In the most recent meet and confer, Sprint's counsel described how the AT&T subpoena overlaps with the U.S. Department of Justice ("DOJ") Civil Investigative Demand ("CID") requests that resulted in a 2.2-million-page production to DOJ. AT&T has now had this production for a month. *Id.* ¶ 6, Exs. 1 and 2. A side-by-side comparison of the AT&T subpoena with the DOJ's CID categories confirms the overlap, and it demonstrates that AT&T's concern that some categories are not covered by the production is unfounded. *Id.,* Ex. 3.

As in earlier discussions, AT&T was unable to state with any specificity what additional information it needs. AT&T nonetheless continues to insist that it is *Sprint's* burden to identify responsive materials that may exist at the company but have not already been produced. *Id.* ¶ 8. Sprint's position is the oppositive. Sprint believes that AT&T bears the burden of reducing the scope of, or eliminating altogether, requests that are duplicative. Because AT&T already has such a significant production on the same topics as its requests, it is incumbent upon AT&T to identify what more it believes it needs so that Sprint can assess the burden of collecting those additional materials. *See In re Motion to Compel Compliance with Subpoena Direct to DVA*, 257 F.R.D. 12, 19 (D.D.C. 2009); *Alexander v. FBI*, 186 F.R.D. 12, 20 (D.D.C. 1998) ("The [nonparty] should not be forced to speculate as to the [ ] type or class of documents plaintiffs are seeking"). Asking Sprint to do a "refresh" production does nothing to alleviate these unjustifiable burdens on Sprint.

With its "refresh" request, AT&T's counsel demands that Sprint search for and produce an additional six months (from May 2011 to the present) of documents across many diverse topics. To respond to such a request and to provide such an update would be extremely burdensome. First, in terms of sheer volume, it would produce a significant review set. Reinhart

Decl. ¶¶ 13-14.  Second, it would implicate serious and significant privilege issues.  Many of the topics included in the "refresh" relate directly to the subject of the DOJ and FCC regulatory investigations.  Predictably, a "refresh" request such as the one now proposed by AT&T would generate numerous claims of privilege and work product protection.  *Id.* ¶¶ 13, 15.  Seeking such a burdensome and problematic production from a nonparty is not only inefficient, it is wholly inconsistent with AT&T's pursuit of an expedited trial.  As Judge Huvelle noted at the October 24, 2011, hearing, AT&T "ought to think twice about how greedy they are being, frankly, if they want to go to trial."  Oct. 24 Hr'g Tr. 98:18-19.

        The Special Master must weigh several factors, including "relevance, the need for the documents, the breadth of the document request, the time period covered by such request, the particularity with which the documents are described, and the burden imposed."  *Wyoming v. USDA*, 208 F.R.D. 449, 453 (D.D.C. 2002).  Based on the overlap between Sprint's production in response to the CID and the requests of the AT&T subpoena, AT&T has already received more in discovery from this nonparty than it would ever be entitled to under a Rule 45 subpoena.  The requested "refresh" imposes additional indefensible burdens on Sprint and does nothing to alleviate AT&T's duplicative demands on this nonparty.  For those reasons, the motion to quash should be granted.

## CONCLUSION

For the foregoing reasons, Sprint respectfully requests the Special Master to quash

the AT&T subpoena.

Dated:  October 28, 2011                          Respectfully submitted,

                                                  */s/ Tara L. Reinhart*
                                                  Steven C. Sunshine (D.C. Bar No. 450078)
                                                  Gregory B. Craig (D.C. Bar No. 164640)
                                                  Tara L. Reinhart (D.C. Bar No. 462106)
                                                  SKADDEN, ARPS, SLATE,
                                                      MEAGHER & FLOM LLP
                                                  1440 New York Avenue, N.W.
                                                  Washington, DC 20005-2111
                                                  Tel: (202) 371-7000
                                                  Steven.Sunshine@skadden.com
                                                  Gregory.Craig@skadden.com
                                                  Tara.Reinhart@skadden.com

                                                  James A. Keyte (*pro hac vice*)
                                                  Matthew P. Hendrickson (*pro hac vice*)
                                                  SKADDEN, ARPS, SLATE,
                                                      MEAGHER & FLOM LLP
                                                  4 Times Square
                                                  New York, NY 10036-6522
                                                  Tel: (212) 735-3000
                                                  James.Keyte@skadden.com
                                                  Matthew.Hendrickson@skadden.com

                                                  *Counsel for Sprint Nextel Corporation*

4