IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA, *et al.*,<br><br>        *Plaintiffs*,<br><br>      v.<br><br>AT&T INC., *et al.*,<br><br>        *Defendants*. | Case No. 1:11-cv-01560 (ESH)<br><br>Referred to Special Master Levie |

**SPECIAL MASTER ORDER NO. 1**

Before the Special Master are Defendant AT&T Inc.'s Motion to Compel Responses by Sprint Nextel Corp. to Defendant AT&T Inc.'s Rule 45 Subpoena, Sprint's Opposition, and Defendant's Reply. Upon review of the memoranda and supporting materials, the Special Master denies in part AT&T's Motion and otherwise defers ruling on the Motion to Compel pending resolution of Sprint's very recently filed Motion to Quash.[1]

**I.    Procedural History**

On August 31, 2011, the Department of Justice on behalf of the Plaintiff United States brought the above-captioned action to enjoin a proposed merger between Defendant AT&T and Defendant T-Mobile USA, Inc. [Compl. (Doc. 1)]. Prior to initiating this action, the DOJ conducted an investigation into the merger and collected voluminous discovery from Defendants

---

[1] Sprint moved the Court under Rule 26 to allow it access those materials AT&T produced to DOJ, and now requests that the Special Mater postpone ruling on AT&T's Motion to Compel until the Court has ruled on Sprint's Rule 26 motion. [Opp. at 1–2 (Doc. 64)]. The Court orally denied Sprint's Rule 26 motion on October 24, 2011. (Minute Order of 10/24/2011). As Sprint's Rule 26 motion has been resolved, there is no reason for the Special Master to delay ruling on AT&T's Motion.

and non-parties to the current suit. [*See* Amended Stip. Prot. Order at 2 (Doc. 42)]. One such non-party from which the DOJ obtained pre-suit discovery was Sprint. (Opp. at 1). On September 27, 2011, the DOJ turned over to AT&T 2.2 million pages of documents collected from Sprint during the investigation. (*Id*.).

On September 26, 2011, AT&T served Sprint with a subpoena for production of documents pursuant to Fed. R. Civ. Pro. 45. [Mem. in Supp., Ex. A. (9/26/2011 Subpoena) (Doc. 63-2)]. The subpoena directed Sprint to produce the requested documents by October 7, 2011. (*Id*.). AT&T and Sprint met and conferred on several occasions concerning the subpoena, including a meeting on October 6, 2011, at which AT&T agreed to extend Sprint's production deadline to October 21, 2011. [Mem. in Supp., Decl. of Steven F. Benz at ¶4 (Doc. 63-1)]. Sprint did not produce any documents in response to AT&T's subpoena by that date. (*Id.* at ¶2). The current motion followed.

On October 26, 2011, the Special Master requested AT&T and Sprint to meet and confer one final time regarding AT&T's Motion to Compel. In accordance with that request, AT&T and Sprint notified the Special Master by emails on October 28, 2011 that the parties had not reached any meaningful resolution of their disagreements. According to AT&T, however, it was willing to narrow some of its requests, although it also sought supplementation of the documents produced by Sprint to DOJ—a matter to be dealt with in connection with the Motion to Quash.

On October 28 Sprint filed a Motion to Quash Subpoena in which it argued that compliance with AT&T's subpoena, even as narrowed by AT&T during negotiations, would pose an undue burden. (Doc. 67). That motion is not yet ripe. The Special Master, however, has reviewed the Motion to Quash, the attachments to the Motion, and the email correspondence to the Special Master from counsel for AT&T and Sprint.

## II. Discussion

Generally, Sprint's Opposition to the Motion to Compel asserts that compliance with the subpoena is unduly burdensome and that "the sweeping AT&T subpoena is functionally party discovery." (Opp. at 2–3). Sprint faults AT&T for making "*no effort* to determine what information requested in its extraordinarily broad 'nonparty subpoena' it already possesses through DOJ's production of Sprint documents to AT&T." (Opp. at 2). It is Sprint's view that AT&T must first review the Sprint documents received from DOJ and determine after that review which portions of the AT&T subpoena seek Sprint documents not already produced to AT&T by the DOJ.

AT&T notes that Sprint's Opposition does not challenge the relevance of the information sought by the subpoena. AT&T contends that seeking relevant evidence from a non-party, as here, does not require denial of the Motion to Compel. Insofar as Sprint contends that compliance with the subpoena would be unduly burdensome, AT&T asserts that it is Sprint's "heavy burden" to demonstrate that compliance will be unduly burdensome. [Mem. in Supp. at 2, quoting *Irons v. Karceski*, 74 F.3d 1262, 1264 (D.C. Cir. 1995)]. AT&T argues that "Sprint's generalized objection is not sufficient to satisfy its burden." [Reply at 1 (Doc. 66)].

With respect to the scope of the subpoena, AT&T points out, without dispute, that Sprint's production to DOJ was responsive to the requests (and presumably needs and interests) of the DOJ. As to its subpoena to Sprint, AT&T asserts that it "has already identified a number of categories of responsive documents that Sprint apparently did not produce to the DOJ [citing examples]." (Mem. in Supp. at 3).

## III. Law and Analysis

Rule 45(c) safeguards non-parties' resources by obliging the issuing party to "take

reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena" and by mandating that any unduly burdensome subpoenas be quashed. [Fed. R. Civ. P. 45(c)(1), 45(c)(3)(A)(iv)]. The Rule is intended to protect non-parties from "significant expense resulting from involuntary assistance to the court." [Rule 45(c) advisory committee's notes to 1991 amendments].

To determine whether a burden is "undue," courts consider the factors set forth in Rule 26. *Watts v. SEC*, 482 F.3d 501, 509 (D.C. Cir. 2007). Rule 26(b)(2)(C) limits discovery in the following circumstances:

- if it is "unreasonably cumulative or duplicative";
- if it "can be obtained from some other source that is more convenient, less burdensome, or less expensive"; or
- if "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues."

A court considering a claim of burdensomeness has broad discretion. *Northrop Corp. v. McDonnell Douglas Corp.*, 751 F.2d 395, 403 (D.C. Cir. 1984). The party opposing a motion to compel carries a "heavy" burden of persuasion. *Id*.; *see also Linder v. Dep't of Defense*, 133 F.3d 17, 24 (D.C. Cir. 1998). That burden requires the submission of specific evidence of the hardship that compliance with a subpoena would cause to the non-party. *See, e.g., Ass'n of Am. Physicians & Surgeons, Inc. v. Clinton*, 837 F. Supp. 454, 458 n.2 (D.D.C. 1993). The D.C. Circuit has held that a lower court abuses its discretion when it rules in favor of a non-party opposing a subpoena

without evidence "describing the precise nature" of the burden the non-party would bear by complying with the subpoena. *Linder*, 133 F.3d at 24.

Sprint's Opposition failed to include any factual assertions of undue burden or significant expense and thus did not meet the procedural requirements for opposing a motion to compel on the ground of burdensomeness. Since that time, however, Sprint has filed its Motion to Quash and a declaration from its counsel enumerating the burdens that responding to the subpoena would create. [*See generally* Declaration of Tara Reinhart (Doc. 67-3)]. This declaration seeks to address Sprint's obligation to provide factual support for the claim it raises in both its Opposition to AT&T's Motion to Compel and its Motion to Quash. Because the Motion to Quash is not yet ripe, the Special Master will defer ruling on Sprint's claim of undue burden pending consideration of AT&T's opposition and Sprint's reply to that Motion.

Insofar as Sprint attempts to oppose the Motion to Compel on the basis that the subpoena calls for what Sprint characterizes as improper "party discovery," the Special Master is not persuaded. (Opp. at 3). Although it is not entirely clear from the email exchanges between counsel (Benz Decl.; Exs. B & C) and the papers filed here as to whether or not Sprint has conceded the relevance of the materials sought by AT&T, there is little basis in this case to consider further any difference between what is denominated party discovery from non-party discovery. As a general matter, Rule 45 contains no language distinguishing the scope of party discovery from non-party discovery, and "it is settled that a [Rule 45] subpoena is limited in scope by Rule 26(b)(1)." *Coleman v. Dist. of Columbia*, 275 F.R.D. 33, 36 (D.D.C. 2011); *see also Linder*, 133 F.3d at 24.

Moreover, without ruling upon any individualized assertion of lack of relevance as to any specific information sought by the subpoena, there seems to be no serious dispute that the

information at issue directly bears on AT&T's suit with the DOJ and presumably on Sprint's suit against AT&T. The fact that Sprint's suit against AT&T is pending dismissal and, if not dismissed, will move on a different time track than the DOJ/AT&T suit does not lessen the apparent relevance of the information sought. At a minimum, the pendency of the Sprint suit against AT&T lessens the impact of any attempt to rest upon a distinction arguably flowing to non-parties.

Having denied Sprint's categorical challenge to the subpoena on there being a difference in this case between party and non-party discovery and having deferred Sprint's defense of undue burden, the Special Master cannot at this time render a substantive ruling on the Motion to Compel.

Nevertheless, the parties raise an additional dispute that is ripe: whether Sprint or AT&T should bear the obligation of sorting through the 2.2 million pages already produced to determine which portions of the subpoena remain unaddressed by the Sprint production to DOJ. The Special Master is persuaded that Rule 45's emphasis on protecting non-parties supports Sprint's claim that AT&T should bear this initial responsibility. Requiring AT&T to make that determination is consistent with the purposes of Rule 45 and with the serving party's Rule 45(c)(1) duty to avoid imposing unduly on non-parties. Inasmuch as AT&T has had the Sprint/DOJ documents since September 27 [Opp. at 1], it cannot be said that AT&T has not had the opportunity to make such a determination. Indeed, AT&T states in its October 28, 2011, communication with the Special Master that it has already taken significant steps in that direction. Thus, a limited time for further review is warranted.

In connection with this review, AT&T shall formally delineate all modifications and narrowing of its subpoena consistent with the negotiations between AT&T and Sprint.

## IV.     Conclusion

For the foregoing reasons, the Special Master:

ORDERS that by November 5, 2011 AT&T shall identify and withdraw from its subpoena request documents produced by Sprint and supplied to AT&T by DOJ and document to Sprint and the Special Master AT&T's willingness to narrow or otherwise limit its subpoena; and it is

FURTHER ORDERED that the Motion to Compel is denied insofar as Sprint need not produce to AT&T documents Sprint provided to DOJ as part of Sprint's CID production; and it is

FURTHER ORDERED that the ruling on the Motion to Compel is deferred in all other respects pending consideration of Sprint's Motion to Quash.


Date:  October 29, 2011

/s/ Richard A. Levie
Hon. Richard A. Levie (Ret.)
Special Master