**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA et al., | |
| *Plaintiffs*, | |
| v. | Civil No. 11-01560 (ESH) |
| AT&T INC. et al., | |
| *Defendants*. | |

**SECOND AMENDED STIPULATED PROTECTIVE ORDER**
**CONCERNING CONFIDENTIALITY**

In the interests of (i) promoting an efficient and prompt resolution of this Action;

(ii) facilitating discovery by the Parties litigating this Action; and (iii) protecting the Parties' and

non-parties' Confidential Information from improper disclosure or use, Plaintiffs, the United

States and the other named plaintiffs ("Plaintiff States") (collectively, "Plaintiffs"), and

Defendants, AT&T, Inc., T-Mobile USA, Inc., and Deutsche Telekom AG, have stipulated to the

provisions set forth below. Upon good cause shown, the Court, pursuant to Fed. R. Civ. P.

26(c)(1)(G)**,** ORDERS as follows:

**A.    DEFINITIONS**

1.        As used in this Order:

(a)        "Confidential Information" means the portions of any Investigation

Materials, documents, transcripts, or other material that contain any trade secret or other

confidential research, development, or commercial information, as such terms are used in Fed. R.

Civ. P. 26(c)(1)(G).

(b)      "Defendants" means AT&T, Inc., Deutsche Telekom AG, and T-Mobile USA, Inc., their divisions, subsidiaries, affiliates, partnerships and joint ventures, and all directors, officers, employees, agents, and representatives of the foregoing.

(c)      "Disclosed" means shown, divulged, revealed, produced, described, transmitted, or otherwise communicated, in whole or in part.

(d)      "Document" means documents or electronically stored information as defined in Fed. R. Civ. P. 34(a).

(e)      "Investigation" means the Department of Justice's and Plaintiff States' pre-Complaint inquiries into the proposed acquisition of T-Mobile USA, Inc. by AT&T, Inc.

(f)      "Investigation Materials" means documents or transcripts of testimony that (i) any non-party provided to any Party either voluntarily or under compulsory process during the Investigation, (ii) any Party sent to any non-party during the Investigation, or (iii) that Defendants have provided to Plaintiffs during the Investigation.

(g)      "Parties" means collectively the plaintiffs and defendants to this Action.

(h)      "Person" means any natural person, corporate entity, partnership, association, joint venture, governmental entity, or trust.

(i)      "Plaintiffs" means the United States of America, the Antitrust Division of the United States Department of Justice, and representatives of the Antitrust Division of the Department of Justice and the Plaintiff States.

(j)      "Plaintiff States" means the other named plaintiffs in this Action, their respective Attorneys General and other authorized officials, and representatives of their respective Attorneys General.

(k)     "Prior Protective Orders" means the Stipulated Protective Order

Concerning Confidentiality entered by the Court on September 16, 2011 and the Amended

Stipulated Protective Order Concerning Confidentiality entered by the Court on October 4, 2011.

(l)     "Protected Person" means any person (including a Party) that has provided

Investigation Materials or that, voluntarily or under compulsory process, provides any

documents or testimony in this Action.

(m)     "This Action" means the above-captioned action pending in this Court,

including any pretrial, trial, post-trial, or appellate proceedings.

**B.     DESIGNATION OF CONFIDENTIAL INFORMATION**

2.     Within five business days after the Court's entry of this Second Amended Order,

the Parties shall send by email, facsimile, or overnight delivery a copy of this Order to each non-

party Protected Person (or, if represented by counsel, the Protected Person's counsel) that

provided Investigation Materials to Plaintiffs or have been served with a subpoena seeking the

production of documents or data by any Party.

If a non-party Protected Person determines that this Order does not adequately protect its

confidential Investigation Materials, it may, within ten days after receipt of a copy of this Order,

seek additional relief from the Court. If a non-party Protected Person seeks additional relief from

the Court, the Investigation Materials for which additional protection has been sought will not be

produced until the Court has ruled. No non-party Investigation Materials shall be produced to

Defendants by Plaintiffs until 11 days after a non-party's receipt of a copy of this Order unless,

before then, the non-party Protected Person that produced the Investigation Materials indicates

that it is satisfied with the terms of this Order. In these circumstances, Plaintiffs shall produce to Defendants that non-party Protected Person's Investigation Materials as soon as feasible.

The time periods in this Paragraph begin for non-parties with the earlier of notice of this Order or notice of the Prior Protective Orders, and Plaintiff States' obligations begin with entry of the October 4, 2011 Prior Protective Order.

3.      A Protected Person may designate as "Confidential Information" any information that it provides to any Party during this Action, to the extent such information constitutes Confidential Information as defined in Paragraph 1(a) of this Order. Such designations constitute a representation to the Court that such Protected Person believes, in good faith, that the information so designated constitutes Confidential Information. Any production of documents or testimony not designated as Confidential Information will not be deemed a waiver of any future claim of confidentiality concerning such information if it is later designated Confidential Information pursuant to Paragraph 6 of this Order. However, any such subsequent designation will not retroactively prohibit the disclosure of any information for which disclosure was proper when made.  All designations of Confidential Information under the Prior Protective Orders carry over and are effective under this Order.

4.      All transcripts of depositions and documents that Defendants provided to Plaintiffs during the Investigation will be treated as Confidential Information without the need for further designation. Defendants may withdraw these designations at any time.

5.      Designation as Confidential Information of deposition transcripts and documents produced during this Action is governed as follows:

(a)     Whenever discovery is sought by subpoena from a non-party in this

Action after entry of this Order, a copy of this Order shall accompany the subpoena.

(b)     All transcripts of depositions taken in this Action after entry of this Order

will be treated as Confidential Information in their entirety for 10 days after the date a copy of

the final transcript has been made available to the deponent for review. Within three days of

receipt of the final transcript, the Party that noticed the deposition shall provide the final

transcript to the deponent. At any time during the 10 days following receipt of the final

transcript, the deponent may designate testimony as Confidential Information, in compliance

with Paragraph 3 of this Order. Such designations (with reference to the page(s) and line(s) of

the final transcript) must be provided in writing by the person making such designations to

Plaintiffs' and Defendants' counsel.

(c)     A Protected Person that designates as Confidential Information any

document produced in this Action after entry of this Order must stamp or label each confidential

page of each document with the designation "CONFIDENTIAL." If the entire document is not

Confidential Information, the Protected Person shall stamp or label only those pages that contain

Confidential Information. Where Confidential Information is produced in electronic format on a

disk or other medium that contains exclusively Confidential Information, the

"CONFIDENTIAL" designation may be placed on the disk.

6.     If a Party or Protected Person inadvertently fails to designate as Confidential

Information any documents or testimony, it may later so designate by notifying the Parties in

writing. After receiving such notice, the Parties shall thereafter treat the newly designated

information as Confidential Information. No prior disclosure of newly designated Confidential

Information shall violate this Order. However, in such circumstance, the disclosing Party will cooperate with the Protected Person to retrieve copies distributed beyond as permitted by this Order and otherwise take reasonable steps to mitigate the disclosure.

7.     If a Party receives a confidentiality waiver to allow a deponent that is not related to the waiving Protected Person to be questioned on information that would otherwise be Confidential Information, that waiver (including identification of the specific Confidential Information to which it pertains) must be disclosed to counsel for all other Parties as soon as practicable, but no later than two business days prior to the deposition of the witness in question, unless good cause for a later disclosure is shown. Waivers related to Investigation Materials under the Prior Protective Orders are effective under this Order unless withdrawn.

8.     Any Party that objects to the designation as Confidential Information of any documents or transcripts may notify the designating person in writing, copying all Parties. The designating person shall then have 10 days from receipt of the notification to file a motion seeking an order upholding the designation. The burden of proving that the designation is proper under Rule 26(c)(1)(G) shall be upon the person seeking to uphold the designation. If a motion is filed, the Parties shall continue to treat the designated Confidential Information at issue as Confidential Information until a ruling on the motion. Any such motion shall be referred to the Special Master and shall be subject to the procedures set forth in the Court's order appointing the Special Master and entered on October 7, 2011. If the designating person does not seek an order within 10 days of receiving notice, or if the Court determines the designation of Confidential Information to have been inappropriate, the challenged designation shall be rescinded.

**C.**     **SCOPE OF DISCLOSURE OF CONFIDENTIAL INFORMATION**

9.      Except as authorized by this Order, information designated as Confidential

Information pursuant to this Order shall not be disclosed to any person other than the persons set

forth below, and may be disclosed to and used by the persons set forth below only in this Action:

(a)     the Court and all persons assisting the Court in this Action, including

Special Master Levie and his staff, law clerks, court reporters, and stenographic or clerical

personnel;

(b)     United States Department of Justice attorneys and employees, and

independent contractors retained by the United States Department of Justice to assist in the

prosecution of this litigation or otherwise assist in its work;

(c)     Attorneys and employees of the Attorneys General of the Plaintiff States,

and independent contractors retained by them to assist in the prosecution of this litigation or

otherwise assist in their work;

(d)     outside counsel acting for Defendants in this Action, that counsel's

employees, and independent contractors assisting such outside counsel in the defense of this

Action;

(e)     authors, addressees, and recipients of particular information designated as

Confidential Information solely to the extent that they have previously had lawful access to the

particular information disclosed or to be disclosed;

(f)     persons (and their counsel) Plaintiffs or Defendants believe, in good faith,

to have had prior access to the Confidential Information, or who have been participants in a

communication that is the subject of the Confidential Information and from whom verification of

7

or other information about that access or participation is sought, solely to the extent of disclosing such information to which they may have had access or that is the subject of the communication in which they may have participated; provided that, unless and until the persons or their counsel confirms that the persons had access or were participants, only as much of the information may be disclosed as may be necessary to confirm the persons' access or participation; and

(g)     testifying or consulting experts retained by a Party to assist in the prosecution or defense of this Action, including employees of the firm with which the expert or consultant is associated or independent contractors to the extent necessary to assist the experts' work in this Action.

Defendants wish to designate up to ten (total) in-house lawyers to have access to Confidential Information. The Parties have not addressed this issue in this Order due to, among other issues, the need to allow non-parties to be heard on the issues surrounding the production of their confidential materials. Defendants reserve the right to move the Court to permit such access. Non-parties, whose confidential materials have been produced to outside counsel for the Defendants subject to the terms of this Order, do not waive the right to contest Defendants' motion to permit in-house counsel to access these materials.

10.     Before any information designated as Confidential Information may be disclosed to any person described in Paragraph 9(g) of this Order, he or she must first read this Order or must have otherwise been instructed on his or her obligations under the Order by this Court or counsel for a Party, and shall have executed the agreement included as Appendix A hereto. Counsel for the Party making the disclosure must retain the original of such executed agreement for a period of at least one year following the final resolution of this Action. Each individual

described in Paragraph 9 of this Order to whom information designated as Confidential

Information is disclosed must not disclose that Confidential Information to any other individual,

except as provided in this Order.

As long as within 7 days of entry of this Second Amended Order any signatory to the

agreement attached to the Prior Protective Orders receives a copy of this Second Amended

Order, that agreement is sufficient and is binding in relation to this Second Amended Order.

11.     Nothing in this Order:

(a)     limits a person's use or disclosure of its own information designated as

Confidential Information;

(b)     prevents disclosure of Confidential Information by any Party to any

current employee of the person that designated the information as Confidential Information;

(c)     prevents disclosure of Confidential Information by any Party with the

consent of the person that designated the Confidential Information; or

(d)     prevents the Plaintiffs, subject to taking appropriate steps to preserve the

further confidentiality of such information, from disclosing information designated as

Confidential Information (i) to duly authorized representatives of the Executive Branch of the

United States Government; (ii) in the course of any other legal proceedings in which the

Plaintiffs are parties,; (iii) to secure compliance with a Final Judgment that is entered in this

Action; (iv) for law enforcement purposes; or (v) as may be required by law.

**D.     DISCLOSURE OF CONFIDENTIAL INFORMATION IN THIS ACTION**

12.     If any documents or testimony designated under this Order as Confidential

Information is included in any pleading, motion, exhibit, or other paper to be filed with the

Court, the Party seeking to file such material shall follow the procedures set forth in LCvR 5.1(j) of the Rules of the United States District Court for the District of Columbia. Nothing in this Order shall restrict any person, including any member of the public, from challenging the filing of any Confidential Information material under seal. A Party that files with the Court material that has been designated as Confidential Information by a non-party shall notify the non-party of that filing (and what particular materials were filed) within one day after the filing, provided that the non-party has informed the parties of its desire to receive such notification and provided an email contact to the parties. In addition, parties shall provide non-parties at least twenty-four (24) hours' notice before any trial or pretrial court hearings during which a non-party's Confidential Information may be publicly disclosed, provided that the non-party has informed the Parties of its desire to receive such notification and provided an email contact to the parties.

13.     Disclosure at trial of documents and testimony designated as Confidential Information is governed as follows:

(a)     Absent a ruling by the Court to the contrary, documents or deposition testimony designated as Confidential Information by a Party or non-party that appear on an exhibit list or in deposition designations, that are admitted into evidence at trial, will be disclosed on the public record, and any examination relating to such information will likewise be disclosed on the public record, after compliance with the following process:

(i)     Within seven days after the Parties file pretrial exhibit lists and within seven days after the Parties file deposition designations, each Party shall ensure that each non-party receives a written notice of any exhibits or designated deposition testimony listed by that Party that the non-party designated as Confidential Information, including the document-

production page numbers and/or page and line numbers of deposition testimony. The Party will

inform the non-party that, absent objection, that Confidential Information may be disclosed on

the public record.

(ii)      If a Party or non-party objects to potential public disclosure of all

or part of the information identified in the written notice, within seven days of the date on which

it received the notice, the Party or non-party shall identify to the notifying Party the information

designated as Confidential Information for which it seeks protection from public disclosure. The

Party or non-party objecting to public disclosure and the notifying Party shall attempt to resolve

their differences by, for example, redacting irrelevant Confidential Information. If no resolution

is reached and the Party or non-party continues to object to potential public disclosure of the

information at trial, the Party or non-party must, within fourteen days after receipt of written

notice, file a motion for additional protection. Resolution of these motions shall be referred to the

Special Master, pursuant to the Court's order appointing the Special Master and entered on

October 7, 2011, who will determine whether the materials in question should be afforded

protection as confidential and the nature of any additional protections that will be applied to the

use of documents found to be confidential at trial.

(b)      Absent a ruling by the Court to the contrary, documents or deposition

testimony designated as Confidential Information by a Party or non-party that do not appear on

an exhibit list or in deposition designations, that are admitted into evidence at trial, will be

disclosed on the public record, and any examination relating to such information will likewise be

disclosed on the public record, after compliance with the following process:

(i)      A Party must alert the Court before doing so that it intends to use Confidential Information of a Party or non-party and that that Party or non-party is not on notice.

(ii)      At that time, the Court will determine whether to seal the courtroom while such Confidential Information is being discussed.

(iii)      Within one day after the Party uses that Confidential Information, that Party shall ensure that a non-party that designated the material receives a written notice of same. The Party will inform the non-party that, absent objection, that Confidential Information will be disclosed on the public record.

(iv)      If the Party or non-party continues to object to public disclosure of the information at trial, the Party or non-party must, within seven days after receipt of written notice, file a motion for additional protection. Any such motion shall be submitted to the Special Master for disposition.

14.      All materials produced or exchanged in connection with this Action, including but not limited to Confidential Information, produced by a Party or non-party as part of this proceeding shall be used solely for purposes of the conduct of this Action and shall not be used for any business, commercial, competitive, personal, or other purpose.

15.      Nothing in this Order shall prevent any person, including members of the public, from petitioning the Court for reconsideration of a determination that any trial proceedings shall not be on the public record.

**E.      PROCEDURES UPON TERMINATION OF THIS ACTION**

16.      Within 90 days after receiving notice of the entry of an order, judgment, or decree terminating this Action, all persons having received information designated as Confidential

12

Information must either make a good-faith effort to return such material and all copies thereof to the person that produced it, or destroy all such Confidential Information and certify that fact in writing to that person. Counsel for the Parties will be entitled to retain court papers, deposition and trial transcripts and exhibits, and work product, provided that Plaintiffs' employees and Defendants' counsel and such counsel's employees do not disclose the portions of court papers, deposition transcripts, exhibits, or work product containing information designated as Confidential Information to any person except pursuant to Court order or agreement with the person that produced the information designated as Confidential Information. All Confidential Information returned to the Parties or their counsel by the Court likewise must be disposed of in accordance with this Paragraph. Nothing in this Paragraph restricts the rights of the Plaintiffs, under Paragraph 11 of this Order, to retain and use documents, information, or other material designated as Confidential Information for law enforcement purposes or as otherwise required by law.

**F.     RIGHT TO SEEK MODIFICATION**

17.     Nothing in this Order prevents any person, including members of the public, from seeking modification of this Order, upon motion made pursuant to the rules of this Court.

## G.    PRIOR PROTECTIVE ORDERS

18.    Upon its entry, this Order replaces the Prior Protective Orders.

**SO ORDERED.**

        /s/
ELLEN SEGAL HUVELLE
United States District Judge

Date:   November 10, 2011

APPENDIX A

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA et al., | |
| *Plaintiffs*, | Civil No. 11-01560 (ESH) |
| v. | |
| AT&T INC. et al., | |
| *Defendants*. | |

**AGREEMENT CONCERNING CONFIDENTIALITY**

I, _____, am employed as _____

by _____.

I hereby certify that:

1.      I have read the Second Amended Stipulated Protective Order Concerning Confidentiality ("Protective Order") entered in the above-captioned action, and understand its terms.

2.      I agree to be bound by the terms of the Protective Order and agree to use information, designated as Confidential Information, provided to me only for the purpose of this litigation.

3.      I understand that my failure to abide by the terms of the Protective Order entered in the above-captioned action will subject me, without limitation, to civil and criminal penalties for contempt of Court.

4.      I submit to the jurisdiction of the United States District Court for the District of Columbia solely for the purpose of enforcing the terms of the Protective Order entered in the above-captioned action and freely and knowingly waive any right I may otherwise have to object to the jurisdiction of said Court.

5.      I make this certificate this _____ day of _____, 201__.

Signed: _____