**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, et al., *Plaintiffs*, v. AT&T INC., et al., *Defendants*. | Case No. 1:11-cv-01560 (ESH) **Discovery Matter: Referred to Special Master Levie** |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION SEEKING RELIEF
TO FACILITATE EFFICIENT TRIAL PREPARATION**

Judge Huvelle has twice refused to amend the Protective Order to permit non-parties to have access to confidential materials produced in this case. *See* 9/21/11 Tr. 65; 10/24/11 Tr. 116. Specifically, Judge Huvelle refused Plaintiffs' request to "change the rules of the game" to "help [them] in [the] case which [they] brought" — in which they "ordinarily would be standing on" their own — by authorizing the "wholesale" sharing of confidential material with counsel and experts for non-parties. 10/24/11 Tr. 111-12. Although Judge Huvelle did not "preclude" Plaintiffs from seeking permission from the Special Master to share "specific documents" with specific non-parties based on a showing of a "specific need," *id.* at 116-17, Plaintiffs' current motion does not satisfy that standard.[*] Instead, they seek wholesale access by an unlimited group to a vast amount of information. Moreover, the government makes no showing of

---

[*] Plaintiffs try to suggest, with a cropped quotation, that Judge Huvelle said that their proposal for "'a relevant set of documents that we narrowed down'" was "'[a]ll right.'" Pls.' Mem. at 3 (quoting 10/24/11 Tr. 112). But Judge Huvelle held only that she would not "preclude" them from making such a motion. 10/24/11 Tr. 116.

"specific need," but merely repeats arguments in support of its motion that were already properly rejected by Judge Huvelle.

1.      Far from being a "narrow[]" request, Plaintiffs seek to share with unnamed outside counsel and experts for unnamed non-parties material produced by defendants to the Federal Communications Commission ("FCC") that are contained in 16 different filings. Those 16 filings contain, in total, approximately 1.5 *million* pages and more than 300 gigabytes of data. Plaintiffs do not identify with specificity the documents or data within that massive set that constitute the "Efficiencies Materials" they seek to share. Pls.' Mem. at 1. Indeed, the materials Plaintiffs seek to discuss with counsel and experts for non-parties are "not limited" to those 16 filings; they include all materials "constituting, discussing, or in support of any economic or engineering models" submitted to the FCC, no matter when filed with the FCC. Pls.' Proposed Order Annex A. Plaintiffs, therefore, have not identified "specific documents" produced as confidential in this case that they seek to discuss with unspecified counsel and experts for unspecified non-parties. 10/24/11 Tr. 116-17.

2.      Plaintiffs also have not made any showing of "specific need." Plaintiffs propose to amend the Protective Order to allow them to discuss the (unspecified) documents with any or all of the nearly 200 outside counsel and experts for entities other than Defendants who have signed the FCC's protective order; additional counsel or experts could sign in the future, and likely would if the Protective Order in this case were amended as Plaintiffs' propose. Although Plaintiffs claim generically that they wish to discuss these voluminous materials with "knowledgeable outside lawyers and consultants," Pls.' Mem. at 2, Plaintiffs do not identify a specific need to speak with any particular individuals within that broad and varied group.

Plaintiffs' desire to share Defendants' confidential documents with "outside lawyers and consultants representing potential witnesses," *id.* at 1, who Plaintiffs "will call on [their] behalf at trial," 10/24/11 Tr. 110, is particularly disturbing because, as Plaintiffs acknowledge (at 3), those non-party fact witnesses are themselves precluded from looking at Defendants' documents. Nor are such documents relevant to their factual testimony, which should be limited to matters within their own knowledge. Certainly, outside counsel for such witnesses should not be recommending ways to tailor their testimony in light of Defendants' confidential documents.

**3.**     Finally, Plaintiffs make here exactly the same arguments they previously made, unsuccessfully, with the Court. Plaintiffs contend (at 2) that they have a particular need for help in analyzing Defendants' "Efficiencies Materials" and that it will be helpful to give those materials to experts and outside counsel for non-parties. Before Judge Huvelle, counsel for the United States likewise stressed that the Department of Justice wanted to share with non-parties Defendants' documents "about efficiencies." 10/24/11 Tr. 110. He explained that they wanted help with those documents "to find out [whether] what they say about efficiencies is accurate and whether the other player has something different to say." *Id.* The Court was unconvinced, telling the Department that sorting through and understanding Defendants' documents was "your problem. That's exactly what happens all the time." *Id.* at 111. The Court accordingly refused to "change the rules of the game," which leaves Plaintiffs "standing on" their own in the "case which [they] brought." *Id.* at 111-12.

Plaintiffs' motion should be denied.

Dated: November 18, 2011

Respectfully submitted,

*/s/ Mark C. Hansen*
Mark C. Hansen, D.C. Bar # 425930
Michael K. Kellogg, D.C. Bar # 372049
Kellogg, Huber, Hansen, Todd,
   Evans & Figel, P.L.L.C.
1615 M Street, NW, Suite 400
Washington, DC 20036
(202) 326-7900

Richard L. Rosen, D.C. Bar # 307231
Donna E. Patterson, D.C. Bar # 358701
Arnold & Porter LLP
555 Twelfth Street, NW
Washington, DC 20004-1206
(202) 942-5000

Wm. Randolph Smith, D.C. Bar # 356402
Kathryn D. Kirmayer, D.C. Bar # 424699
Crowell & Moring, LLP
1001 Pennsylvania Avenue, NW
Washington, DC 20004
(202) 624-2500

*Counsel for AT&T Inc.*

George S. Cary, D.C. Bar # 285411
Mark W. Nelson, D.C. Bar # 442461
Cleary Gottlieb Steen & Hamilton LLP
2000 Pennsylvania Avenue, NW
Washington, DC 20006
(202) 974-1500

Richard G. Parker, D.C. Bar # 327544
O'Melveny & Myers LLP
1625 Eye Street, NW
Washington, DC 20006
(202) 383-5300

*Counsel for T-Mobile USA, Inc. and*
   *Deutsche Telekom AG*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 18, 2011, I caused the foregoing Defendants' Opposition to Plaintiffs' Motion Seeking Relief To Facilitate Efficient Trial Preparation to be filed using the Court's CM/ECF system, which will send e-mail notification of such filings to counsel of record. This document is available for viewing and downloading on the CM/ECF system. A copy of the foregoing also shall be served via electronic mail on:

| | |
|---|---|
| Special Master | The Honorable Richard A. Levie, ralevie@gmail.com<br>rlevie@jamsadr.com<br>Elizabeth M. Gerber, elizabethmgerber@gmail.com<br>JAMS<br>555 13th Street, NW, Suite 400 West<br>Washington, DC 20004<br>Tel. (202) 533-2056<br>*With two hard copies by hand-delivery |
| United States of America | Claude F. Scott, Jr., claude.scott@usdoj.gov<br>Hillary B. Burchuk, hillary.burchuk@usdoj.gov<br>Lawrence M. Frankel, lawrence.frankel@usdoj.gov<br>Matthew C. Hammond, matthew.hammond@usdoj.gov<br>U.S. Department of Justice<br>Antitrust Division<br>450 5th Street, NW, Suite 7000<br>Washington, DC 20001<br>Tel. (202) 353-0378<br><br>Joseph F. Wayland, joseph.wayland@usdoj.gov<br>U.S. Department of Justice<br>950 Pennsylvania Avenue, NW, Suite 3121<br>Washington, DC 20530<br>Tel. (202) 514-1157 |
| State of California | Quyen D. Toland, quyen.toland@doj.ca.gov<br>Office of the Attorney General<br>Antitrust Section<br>455 Golden Gate Avenue, Suite 11000<br>San Francisco, CA 94102<br>Tel. (415) 703-5518 |

| | |
|---|---|
| State of Illinois | Robert W. Pratt, rpratt@atg.state.il.us<br>Office of the Attorney General<br>100 West Randolph Street<br>Chicago, IL 60601<br>Tel. (312) 814-3722 |
| Commonwealth of Massachusetts | William T. Matlack, william.matlack@state.ma.us<br>Michael P. Franck, michael.franck@state.ma.us<br>Office of the Attorney General<br>Antitrust Division<br>One Ashburton Place, 18th Floor<br>Boston, MA 02108<br>Tel. (617) 963-2414 |
| State of New York | Richard L. Schwartz, richard.schwartz@oag.state.ny.us<br>Geralyn J. Trujillo, geralyn.trujillo@ag.ny.gov<br>Matthew D. Siegel, matthew.siegel@ag.ny.gov<br>Office of the Attorney General<br>Antitrust Bureau<br>120 Broadway, Suite 2601<br>New York, NY 10271<br>Tel. (212) 416-8284 |
| State of Ohio | Jennifer L. Pratt, jennifer.pratt@ohioattorneygeneral.gov<br>Jessica L. Brown, jessica.brown@ohioattorneygeneral.gov<br>Office of the Attorney General<br>Antitrust Division<br>150 E. Gay St – 23rd Floor<br>Columbus, OH 43215<br>Tel. (614) 466-4328 |
| Commonwealth of Pennsylvania | James A. Donahue , III, jdonahue@attorneygeneral.gov<br>Joseph S. Betsko, jbetsko@attorneygeneral.gov<br>Office of the Attorney General<br>Antitrust Section<br>14th Floor, Strawberry Square<br>Harrisburg, PA 17120<br>Tel. (717) 787-4530 |
| Commonwealth of Puerto Rico | José G. Diaz-Tejera, jdiaz@justicia.pr.gov<br>Nathalia Ramos-Martínez, nramos@justicia.pr.gov<br>Department of Justice<br>Office of Monopolistic Affairs<br>P.O. Box 190192<br>San Juan, PR 00901-0192<br>Tel. (787) 721-2900 |

3

| | |
|---|---|
| State of Washington | David M. Kerwin, davidk3@atg.wa.gov<br>Office of the Attorney General<br>800 Fifth Avenue, Suite 2000<br>Seattle, WA 98104<br>Tel. (206) 464-7030 |

/s/ *Mark C. Hansen*
Mark C. Hansen