**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| **UNITED STATES OF AMERICA,** *et al.*,<br><br>                *Plaintiffs,*<br><br>        v.<br><br>**AT&T INC.,** *et al.*,<br><br>                *Defendants.* | )<br>)<br>)<br>)<br>)<br>)   **Case No. 1:11-cv-01560 (ESH)**<br>)<br>)   **Referred to Special Master Levie**<br>)<br>)<br>)<br>)<br>) |

<u>**SPECIAL MASTER ORDER NO. 4**</u>

Before the Special Master are the Plaintiffs' Motion Seeking Relief to Facilitate Efficient

Trial Preparation, Defendants' Opposition to Plaintiffs' Motion Seeking Relief to Facilitate

Efficient Trial Preparation, and Plaintiffs' Reply Memorandum in Support of Plaintiffs' Motion

Seeking Relief to Facilitate Efficient Trial Preparation. The Special Master has considered the

written submissions as well as oral argument presented on November 21, 2011. For the reasons

that follow, Plaintiffs' Motion is granted.

I.    **Background**

On October 11, 2011, Sprint Nextel Corporation, Cellular South, Inc., and Corr Wireless

Communications, L.L.C. moved to intervene in this case for the purpose of modifying the

Protective Order. [Joint Mtn. to Intervene ("Sprint Motion") (Doc. 52); Second Am. Prot. Order

(Doc. 79)]. These would-be interveners are plaintiffs in the related cases of *Sprint Nextel*

*Corporation v. AT&T, Inc.*, 1:11-cv-1600, and *Cellular South, Inc. v. AT&T, Inc.*, 1:11-cv-1690,

and sought access to the confidential documents produced by the Defendants to the Plaintiffs.

(Sprint Motion at 2). The Plaintiffs in this case supported the Sprint Motion. [Pls.' Stmt. in Supp. (Doc. 54)]. At a hearing on October 24, the Court orally denied the Sprint Motion because it was an inappropriate "wholesale request to be a party." (Tr. of 10/24/11 at 116:16–17; *see also* Minute Order of 10/24/11). The Court nevertheless ruled that the Plaintiffs could move later to share confidential documents with third parties if the Plaintiffs had "a specific need . . . for specific documents." (Tr. of 10/24/11 at 117:7–8).

Plaintiffs filed such a motion with the Special Master on November 16, 2011. [Mtn. (Doc. 84)]. Plaintiffs seek a modification of the Second Amended Stipulated Protective Order in this case (Doc. 79) to allow them to discuss discovery involving "economic or engineering models" with "outside lawyers and consultants who represent potential witnesses in this action and who have the right to access them in the Federal Communication Commission's proceeding."[1] [Proposed Order at A-1, 1 (Doc. 84-2)]. Defendants' submissions in the FCC case overlap with their submissions to Plaintiffs through discovery in this action, including documents and data concerning economic and engineering models ("Efficiencies Materials") central to Defendants' efficiencies defense. [Mem. in Supp. at 1–2 (Doc. 84-1)].

Certain third parties are permitted access to the same Efficiencies Materials through the FCC case as Plaintiffs have through this case. (*Id.* at 2). Nevertheless, because of the FCC Protective Order and the Protective Order in this case, Plaintiffs and these third parties may not discuss the Efficiencies Materials with each other. (*Id.*).

Plaintiffs argue that dismantling the "wall" erected by the protective orders will facilitate efficient trial preparation by allowing Plaintiffs to benefit from the expertise of the interested parties. (*Id.* at 2–3). Plaintiffs assert that their requested relief will not increase the universe of people with access to the confidential information and will only involve disclosure to outside

---

[1] That proceeding is *In re AT&T Inc.,* 26 F.C.C.R. 8801.
[2] (*See* Tr. of 10/24/11 at 102:2–9; Pls.' Stmt. in Supp. at 2; Mem. in Supp. at 2–3; Reply at 2).

counsel and consultants, not the Defendants' competitors. (*Id.* at 3). In their Reply, Plaintiffs limited the relief requested here only to outside counsel and consultants for Sprint. [Reply at 2 (Doc. 86)].

Defendants object principally on the ground that the Plaintiffs have not shown a "specific need" to share the confidential materials with outside counsel. [Opp. at 1 (Doc. 85)]. They argue that Plaintiffs' request is not nearly specific enough and contend that Plaintiffs' request will result in the sharing of 1.5 million pages and over 300 gigabytes of data. (*Id.* at 2). Defendants point out that Plaintiffs have not specified with whom they wish to share the materials. (*Id.*). Defendants are particularly concerned with Plaintiffs' intent to share the materials with counsel representing potential non-party fact witnesses. If, as Plaintiffs acknowledge, those witnesses are precluded from viewing the confidential documents, Defendants question what legitimate purpose would be served by sharing them with those witnesses' counsel. (*Id.* at 3).

Plaintiffs respond that they have identified a "specific need" to share and discuss the materials—"[d]iscussing those [economic or engineering] models with outside counsel and consultants will facilitate identification of the most knowledgeable witnesses to address [Defendants'] assumptions." (Reply at 1). Plaintiffs also contest Defendants' estimation of the scope of the request, stating that Defendants' calculation includes all documents in the enumerated productions rather than the specified subset. (*Id.*). Plaintiffs offer to provide twenty-four hours notice to Defendants of the names of any other persons with whom they desire to discuss the materials, in order that Defendants may object. (*Id.*).

## II.     Discussion

The Court set the standard for requests to share confidential information with third parties at the hearing on October 24: A party making such a motion must show "a specific need . . . for

specific documents." (Tr. of 10/24/11 at 117:7–8). Not permitted are attempts to "change the rules of the game." (*Id.* at 111:15).

Plaintiffs' rationale for its request is indeed similar to the one they offered in support of Sprint's Motion. (*Compare* Mem. in Supp. *with* Tr. of 10/24/11 at 108:16–110:24). In this Motion, however, Plaintiffs seek leave to share a defined and limited set of documents with outside consultants or counsel for a single company—Sprint. The current request is thus dramatically more narrow in scope than the one for wholesale sharing of discovery that the Court previously denied.[2] Rather than seeking all of AT&T's documents, Plaintiffs are now seeking a more limited subset of documents related to a defined subject and for the limited purpose of identifying which of Sprint's employees are the logical choices to be named as witnesses on behalf of Plaintiffs.

More importantly, both parties agree that the instant Motion will not expand the pool of people entitled to view the Efficiencies Materials under the Protective Order. Denying Plaintiffs' Motion will not enhance the protections for Defendants' confidential material, and granting it will not reduce them. The Sprint Motion, in contrast, would have given a third party access to documents to which it was not otherwise entitled at that juncture—a major, substantive reduction of the protections afforded the Defendants under the Protective Order.

Defendants argue that Plaintiffs have failed to identify a specific, limited set of people who would view the Efficiencies Materials. They point out that 82 people from Sprint have access to the Efficiencies Materials in the FCC proceedings. That number, Defendants contend, is too high to constitute a narrow request. The reality, of course, is that Plaintiffs, given the time constraints in needing to name witnesses and proceed with discovery, are unlikely to consult with all or even a substantial fraction of those 82 people. In any event, the more relevant focus is

---

[2] (*See* Tr. of 10/24/11 at 102:2–9; Pls.' Stmt. in Supp. at 2; Mem. in Supp. at 2–3; Reply at 2).

not on how many people may discuss the Efficiencies Materials but on the fact that this Motion does not involve people who do not already have access to the materials identified in the Motion.

Because Plaintiffs seek only to discuss the Efficiencies Materials with individuals who already have access to those materials, modifying the Protective Order as Plaintiffs request will merely remove an obstacle to the efficient pre-trial preparation of this case. As Plaintiffs noted at oral argument, Plaintiffs and Sprint's counsel are in ongoing discussions about potential witnesses and will continue these discussions regardless of the outcome of the Motion. Without the modification, though, Plaintiffs and Sprint's counsel are in the awkward position of having mutual knowledge that they must mutually avoid acknowledging for fear of violating a provision of the Protective Order. To be sure, there is nothing about the instant Motion that undermines the purpose of the Protective Order inasmuch as the confidentiality of the protected materials will not be shared with persons not already authorized for access.

The parties face a challengingly short pre-trial period, as well as strict limitations on the number of witnesses they may depose and identify. [*See* Stip. Sched. & Case-Mgmt. Order (Doc. 33); Special Master Order No. 3 (Doc. 82)]. Plaintiffs' request will enhance their ability to focus on the pertinent witnesses and to target their pre-trial preparations, thereby facilitating the just and efficient resolution of this matter at trial.

Although Defendants accurately have argued that Sprint's assistance is not strictly necessary for Plaintiffs' analysis of the Efficiencies Materials or identification of Sprint witnesses, the Special Master finds that the wall the Protective Order currently erects is not an aid to advancing trial preparation in the current circumstances. Granting the instant Motion will advance efficient trial preparation at no cost to Defendants.

### III.     Conclusion

For the reasons stated, the Special Master GRANTS Plaintiffs' Motion Seeking Relief to

Facilitate Efficient Trial Preparation, and it is

ORDERED that the Second Amended Stipulated Protective Order is modified to the

extent that documents described in Annex A hereto may be disclosed to and used by, only in this

action, outside lawyers and consultants of Sprint who have the right to access them in the Federal

Communications Commission's proceeding, WT Docket 11-65; and it is

FURTHER ORDERED that before Plaintiffs may disclose documents described in

Annex A to outside lawyers and consultants who have the right to access them in the Federal

Communication Commission's proceeding, WT Docket 11-65, other than those working for

Sprint, Plaintiffs must provide Defendants the identify of the person(s) to whom the disclosure is

proposed to be made twenty-four (24) hours before such disclosure.

Date:  November 21, 2011

/s/ Richard A. Levie_____
Hon. Richard A. Levie (Ret.)
Special Master

**ANNEX A**

1.      Documents and information provided to the Department by Defendants that constitute any materials submitted by AT&T Inc., T-Mobile USA, Inc., or Deutsche Telekom AG to the Federal Communications Commission ("FCC"), WT Docket 11-65, constituting, discussing, or in support of any economic or engineering models.  These materials include, but are not limited to:

- Materials produced by AT&T in response to Civil Investigative Demand No. 26614 issued on July 19, 2011
- Materials under cover of July 20, 2011 Letter from Richard Rosen, counsel for AT&T (white paper and back-up on network sharing)
- Materials under cover of July 25, 2011 Letter from Richard Rosen, counsel for AT&T (the original engineering model)
- Materials under cover of July 26, 2011 Letter from Richard Rosen, counsel for AT&T (white paper and back-up on network integration)
- Materials under cover of July 26, 2011 E-mail from Richard Rosen, counsel for AT&T (white paper and back-up on customer migration)
- Presentation and related materials made to the Department on August 3, 2011
- Materials under cover of August 9, 2011 Letter from Michael G. Van Arsdall, counsel for AT&T (data used for engineering model)
- Materials under cover of August 1, 2011 Letter from Michael Van Arsdall, counsel for AT&T (Dennis Carlton data and communications)
- Materials under cover of August 10, 2011 Letter from Michael G. Van Arsdall, counsel for AT&T (Reed-Tripathi white paper supporting documents)
- Materials under cover of August 11, 2011 Letter from Richard Rosen, counsel for AT&T (revised engineering model)
- Materials under cover of August 15, 2011 Letter from Richard Rosen, counsel for AT&T (AT&T updated economic analysis)
- Materials under cover of August 23, 2011 Letter from Michael Van Arsdall, counsel for AT&T (keep site locations)
- Materials under cover of August 25, 2011 Letter from Richard Rosen, counsel for AT&T
- Materials under cover of August 26, 2011 Letter from Richard Rosen, counsel for AT&T (white paper and back-up on the engineering model)
- Materials under cover of August 29, 2011 Letter from Michael Van Arsdall, counsel for AT&T (Alain Ohana's files relating to the engineering analysis)
- Materials under cover of October 11, 2011 Letter from Mark A. Klapow, counsel for AT&T (includes FCC econ workshop transcript, and public interest statement, and joint opposition)

2.      Documents and information provided to the Department in the future by Defendants that constitute any materials submitted by AT&T Inc., T-Mobile USA, Inc., or Deutsche Telekom AG to the Federal Communications Commission ("FCC"), WT Docket 11-65, constituting, discussing, or in support of any economic or engineering models.