**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, et al.,<br><br>    *Plaintiffs*,<br><br>v.<br><br>AT&T INC., et al.,<br><br>    *Defendants*. | Case No. 1:11-cv-01560 (ESH)<br><br>**Discovery Matter:  Referred to Special Master Levie** |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF PROPOSED ORDER GOVERNING TRIAL PREPARATION**

The parties have reached an impasse on four issues regarding trial preparation.  As to each, Plaintiffs are insisting on unreasonable limits that would unduly restrict Defendants' ability to prepare and present their full case, incorporating all of the facts and arguments about the wireless market and wireless technology that refute Plaintiffs' claims.  Defendants by contrast offer reasonable proposals, consistent with prior decisions in this case, designed to enable the full development of the facts by both sides and giving a tactical advantage to neither.

First, Plaintiffs seek to reserve to themselves up to 2 hours of the 7 hours available for non-party depositions that Defendants have noticed.  Plaintiffs should not be permitted artificially to limit Defendants' ability to develop their case through discovery.  Although Defendants will use substantially less than the 7 hours available for non-party depositions in many cases — or non-parties will agree to extend the length of the deposition to ensure that it can be completed in a single day — the full 7 hours may be required in some cases, particularly from non-party witnesses friendly to Plaintiffs.

Second, Plaintiffs seek to require simultaneous disclosure of exhibits, despite the Special Master's prior determination, in the context of witnesses, that sequential disclosure — with

Plaintiffs proceeding first — is appropriate.  Plaintiffs also propose that the first simultaneous disclosure of exhibits occur immediately after the close of fact discovery, which is premature and will require an over-designation of exhibits that have not been fully sifted.

Third, Judge Huvelle requested a neutral tutorial on wireless technology and the wireless industry, and "allot[ted] one day for each" side's experts.  10/24/11 Tr. 113-14.  Defendants' proposal accords with Judge Huvelle's request.  Plaintiffs, however, propose a single-day, joint session by both sides' experts, with coordination — or litigation — in advance of the tutorial.  Moreover, Plaintiffs propose to hold the tutorial in the midst of expert discovery, which will likely complicate the scheduling of expert depositions.

Fourth, Plaintiffs propose arbitrary limits on the length and content of pre-trial briefs.  Although both sides have a strong incentive to limit the length of their pre-trial briefs for the benefit of the Court, there is no need to set arbitrary limits now.  Indeed, Plaintiffs themselves recognize that any limits on the number of trial exhibits can be set in the future.  Furthermore, Plaintiffs propose to have opening briefs filed before the close of expert discovery, even though such briefs are to address legal and factual issues.

## I. DEFENDANTS SHOULD HAVE THE ABILITY TO USE THE FULL 7 HOURS AVAILABLE FOR NON-PARTY DEPOSITIONS

The Stipulated Scheduling and Case-Management Order ("CMO") provides that depositions of non-parties — including Rule 30(b)(6) depositions, even if a non-party produces multiple witnesses — "shall be no more than one (7 hour) day in length."  CMO ¶ 7 [ECF No. 33].  Defendants have begun subpoenaing non-parties for depositions.  Although Defendants do not anticipate requiring the full 7 hours for each non-party deposition, they expect that some depositions — particularly of unfriendly non-party witnesses, who may be inclined to filibuster — will require the full 7 hours.  Indeed, when Plaintiffs have taken depositions of Defendants'

employees, they have routinely used the full 7 hours — or, in some cases, the full 14 hours — available.

Plaintiffs, however, seek to reserve up to 2 hours of the time available to Defendants when deposing a non-party, even if Plaintiffs have not served their own subpoena to depose that non-party. Plaintiffs' proposal would severely prejudice Defendants' ability to develop their case, by denying them nearly 30 percent of the time available for those depositions. Plaintiffs' attempt to limit Defendants' ability to depose many of the relevant competitors and interested parties in the market for wireless services is consistent with Plaintiffs' strategy of presenting the Court with a narrow, cropped view of that market. Defendants' ability to present their desired defense depends on the introduction of extensive non-party testimony about the true nature of competition in the market for wireless services. In a case of this magnitude and importance, it makes no sense to rewrite the Federal Rules of Civil Procedure to deny Defendants the customary 7 hours of deposition granted to any federal litigant.

The Federal Rules authorize courts "to allow additional time . . . if needed for a fair examination of the deponent," such as when a "need for each party to examine the witness may warrant additional time." Fed. R. Civ. P. 30 advisory committee's note (2000). Moreover, the Rules contemplate that "the parties and the witness will make reasonable accommodations," *id.*, such as by agreeing to extend the time limit to avoid the need for a multi-day deposition. Consistent with the Rules, the CMO provides that "parties and affected non-parties may stipulate to additional time for individual depositions." CMO ¶ 7. Therefore, the appropriate way to accommodate Plaintiffs' interests in questioning a non-party who Defendants depose is to *enlarge* the time for the deposition, not artificially to limit Defendants' ability to obtain evidence by reserving a significant portion of the 7 hours for Plaintiffs' questions.

Moreover, even if an accommodation is unavailable and Plaintiffs must notice a second day of deposition, Plaintiffs cannot claim that they will be prejudiced by having to use one of their fact depositions on that non-party.[1]  Indeed, when negotiating limits on fact depositions, Plaintiffs never raised this concern about reserving a fixed amount of time for the non-noticing party to ask questions during non-party depositions.  In all events, under the CMO, Plaintiffs are entitled to depose every individual employee of a non-party listed as a witness for Defendants who has not previously been deposed, without those depositions counting against the 30 available to Plaintiffs for discovery.

## II.     THE PARTIES SHOULD DESIGNATE EXHIBITS, LIKE WITNESSES, SEQUENTIALLY, NOT SIMULTANEOUSLY

As the Special Master has already recognized, because "Plaintiffs have the burden of proof," it is "appropriate to require Plaintiffs to proceed with the first identification of witnesses."  Special Master Order No. 3, at 9 ("Order No. 3") [ECF No. 82].  That same principle should apply to the disclosure of exhibits, with Plaintiffs presenting their exhibit list before Defendants present their list.  Indeed, as with witnesses, if exhibits are "identified in a progressive manner, the likelihood is greater that the [exhibits] identified will more accurately reflect the [exhibits] needed to support or rebut the parties' respective cases."  *Id.* at 8.[2]  While Defendants propose sequential disclosure of exhibits by the parties, Plaintiffs propose two rounds of *simultaneous* exhibit disclosures:  first of non-party documents, then of party

---

[1] Defendants, of course, will face these same issues with respect to any non-parties that Plaintiffs subpoena for a deposition.

[2] By requiring Plaintiffs to disclose exhibits first, Defendants will be better able to narrow their own list of exhibits, likely obviating the need for limits on the number of exhibits. Plaintiffs do not propose to set such limits now, but to do so on December 20.  Defendants agree that it would be premature to set exhibit limits now; it will be equally premature on December 20, more than a month before the close of discovery.

4

documents. That proposal is inconsistent with the treatment of witness identification and should be rejected.

Furthermore, Plaintiffs propose that the simultaneous disclosure of non-party document exhibits occur on January 12, only two days after the close of discovery and one month before the start of trial. As Defendants have explained, and Plaintiffs are aware, such non-party documents will be essential to Defendants' efforts to present the Court with a full view of the marketplace. Plaintiffs' proposal forces Defendants to disclose those documents first, giving Plaintiffs a preview of Defendants' arguments before Plaintiffs are required to disclose the party document exhibits that will form the bulk of their case. Plaintiffs' proposal thus inverts the disclosure order that should follow from the fact that Plaintiffs bear the burden of proof.

Finally, Plaintiffs propose to require disclosure of exhibits on January 12 (non-party) and January 21 (party). Although those dates — if applied to Plaintiffs' (January 12) and Defendants' (January 21) exhibit disclosures — would comport with the principles set forth above, Defendants' proposed dates of January 29 (Plaintiffs) and February 1 (Defendants) would provide the parties with additional time to narrow their exhibit lists.[3]

## III. EACH PARTY SHOULD BE PERMITTED TO PRESENT ITS OWN NEUTRAL EXPERT TUTORIAL ON WIRELESS TECHNOLOGY AND THE WIRELESS INUDSTRY

Judge Huvelle requested a neutral tutorial on wireless technology and the wireless industry, and "allot[ted] one day for each" side's experts. 10/24/11 Tr. 113-14. Defendants' proposed order abides by that request and calls for one side to present its tutorial on February 1, 2012, with the other side presenting its tutorial the following day. When Plaintiffs expressed

---

[3] Both sides propose similar procedures for prompt resolution of confidentiality and admissibility disputes, though Plaintiffs' proposal includes extra time for reply briefs, which should not be necessary given the opportunity for a live hearing on those disputes.

concern that, by going second, Defendants would have an advantage because their experts could tailor their tutorial in response to points that Plaintiffs' experts made, Defendants offered to go first — or second — at Plaintiffs' option.

Plaintiffs instead propose to have the experts for both sides appear before Judge Huvelle simultaneously, on a single day, before the conclusion of expert discovery. Moreover, Plaintiffs propose to require the parties to agree in advance on the topics to be addressed, or to litigate that question in advance of the tutorial. Plaintiffs' proposal would interfere with both expert depositions and trial preparation, while likely resulting in dueling presentations from experts that devolve into a debate, which is not what Judge Huvelle requested. Each side's experts should be permitted to provide Judge Huvelle with neutral information on the topics that they deem most important to understanding the technology and industry at issue, and to do so in separate presentations, as Judge Huvelle contemplated.

## IV.   LIMITS ON PRE-TRIAL BRIEFS SHOULD NOT BE ADOPTED AT THIS TIME

Despite the fact that discovery is still ongoing, Plaintiffs propose word limits for the pre-trial "briefs on legal and factual issues" that will assist Judge Huvelle in preparing for trial. Order No. 3, at 4. Although both sides have strong incentives not to overwhelm the Court with overly long pre-trial briefs, any limits adopted now would necessarily be arbitrary. Indeed, as noted above, Plaintiffs do not seek to impose limits on the number of trial exhibits now, recognizing that it would be premature to do so. *See supra* note 2. It is equally premature — if not more so — to set word limits on pre-trial briefs.

Even if it were appropriate to adopt word limits now for the briefs, Plaintiffs' additional proposal to prohibit the parties from attaching exhibits to their pre-trial briefs should be rejected. The pre-trial briefs will quote key exhibits. Judge Huvelle's trial preparation will be assisted by the ability to review the exhibits containing those quotations while reading the pre-trial briefs,

whether to provide context to those quotations or to answer questions that may arise. There is no reason to deny Judge Huvelle that option.

As for the timing of pre-trial briefs, Defendants believe it would be more efficient to have sequential briefing, with each side filing its pre-trial brief when it submits the pre-filed testimony of its experts. But Defendants do not object to two rounds of simultaneous briefing, as Plaintiffs propose. However, Plaintiffs' proposed dates for those briefs — which call for opening briefs on relevant legal and factual issues on January 20, before the close of expert discovery — are too early. Defendants' proposed dates, which coincide with the dates for filing expert testimony, should be adopted.

## CONCLUSION

Defendants' proposals should be adopted on each of the issues in dispute.

Dated: November 23, 2011          Respectfully submitted,

         */s/ Mark C. Hansen*
         Mark C. Hansen, D.C. Bar # 425930
         Michael K. Kellogg, D.C. Bar # 372049
         Kellogg, Huber, Hansen, Todd,
           Evans & Figel, P.L.L.C.
         1615 M Street, NW, Suite 400
         Washington, DC 20036
         (202) 326-7900

         Richard L. Rosen, D.C. Bar # 307231
         Donna E. Patterson, D.C. Bar # 358701
         Arnold & Porter LLP
         555 Twelfth Street, NW
         Washington, DC 20004-1206
         (202) 942-5000

         Wm. Randolph Smith, D.C. Bar # 356402
         Kathryn D. Kirmayer, D.C. Bar # 424699
         Crowell & Moring, LLP
         1001 Pennsylvania Avenue, NW
         Washington, DC 20004
         (202) 624-2500

         *Counsel for AT&T Inc.*


         George S. Cary, D.C. Bar # 285411
         Mark W. Nelson, D.C. Bar # 442461
         Cleary Gottlieb Steen & Hamilton LLP
         2000 Pennsylvania Avenue, NW
         Washington, DC 20006
         (202) 974-1500

         Richard G. Parker, D.C. Bar # 327544
         O'Melveny & Myers LLP
         1625 Eye Street, NW
         Washington, DC 20006
         (202) 383-5300

         *Counsel for T-Mobile USA, Inc. and*
           *Deutsche Telekom AG*

## CERTIFICATE OF SERVICE

I hereby certify that on November 23, 2011, I caused the foregoing Defendants' Memorandum in Support of Proposed Order Governing Trial Preparation to be filed using the Court's CM/ECF system, which will send e-mail notification of such filings to counsel of record. This document is available for viewing and downloading on the CM/ECF system. A copy of the foregoing also shall be served via electronic mail on:

| | |
|---|---|
| Special Master | The Honorable Richard A. Levie, ralevie@gmail.com<br>rlevie@jamsadr.com<br>Elizabeth M. Gerber, elizabethmgerber@gmail.com<br>JAMS<br>555 13th Street, NW, Suite 400 West<br>Washington, DC 20004<br>Tel. (202) 533-2056<br>*With two hard copies by hand-delivery |
| United States of America | Claude F. Scott, Jr., claude.scott@usdoj.gov<br>Hillary B. Burchuk, hillary.burchuk@usdoj.gov<br>Lawrence M. Frankel, lawrence.frankel@usdoj.gov<br>Matthew C. Hammond, matthew.hammond@usdoj.gov<br>U.S. Department of Justice<br>Antitrust Division<br>450 5th Street, NW, Suite 7000<br>Washington, DC 20001<br>Tel. (202) 353-0378<br><br>Joseph F. Wayland, joseph.wayland@usdoj.gov<br>U.S. Department of Justice<br>950 Pennsylvania Avenue, NW, Suite 3121<br>Washington, DC 20530<br>Tel. (202) 514-1157 |
| State of California | Quyen D. Toland, quyen.toland@doj.ca.gov<br>Office of the Attorney General<br>Antitrust Section<br>455 Golden Gate Avenue, Suite 11000<br>San Francisco, CA 94102<br>Tel. (415) 703-5518 |

| | |
|---|---|
| State of Illinois | Robert W. Pratt, rpratt@atg.state.il.us
Office of the Attorney General
100 West Randolph Street
Chicago, IL 60601
Tel. (312) 814-3722 |
| Commonwealth of Massachusetts | William T. Matlack, william.matlack@state.ma.us
Michael P. Franck, michael.franck@state.ma.us
Office of the Attorney General
Antitrust Division
One Ashburton Place, 18th Floor
Boston, MA 02108
Tel. (617) 963-2414 |
| State of New York | Richard L. Schwartz, richard.schwartz@oag.state.ny.us
Geralyn J. Trujillo, geralyn.trujillo@ag.ny.gov
Matthew D. Siegel, matthew.siegel@ag.ny.gov
Office of the Attorney General
Antitrust Bureau
120 Broadway, Suite 2601
New York, NY 10271
Tel. (212) 416-8284 |
| State of Ohio | Jennifer L. Pratt, jennifer.pratt@ohioattorneygeneral.gov
Jessica L. Brown, jessica.brown@ohioattorneygeneral.gov
Office of the Attorney General
Antitrust Division
150 E. Gay St – 23rd Floor
Columbus, OH 43215
Tel. (614) 466-4328 |
| Commonwealth of Pennsylvania | James A. Donahue , III, jdonahue@attorneygeneral.gov
Joseph S. Betsko, jbetsko@attorneygeneral.gov
Office of the Attorney General
Antitrust Section
14th Floor, Strawberry Square
Harrisburg, PA 17120
Tel. (717) 787-4530 |
| Commonwealth of Puerto Rico | José G. Diaz-Tejera, jdiaz@justicia.pr.gov
Nathalia Ramos-Martínez, nramos@justicia.pr.gov
Department of Justice
Office of Monopolistic Affairs
P.O. Box 190192
San Juan, PR 00901-0192
Tel. (787) 721-2900 |

3

| State of Washington | David M. Kerwin, davidk3@atg.wa.gov |
| | Office of the Attorney General |
| | 800 Fifth Avenue, Suite 2000 |
| | Seattle, WA 98104 |
| | Tel. (206) 464-7030 |

/s/ *Mark C. Hansen*
Mark C. Hansen