## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA, et al., | ) ) ) |
| *Plaintiffs,* | ) ) Case No. 1:11-cv-01560-ESH |
| v. | ) ) **Discovery Matter:  Referred to** |
| AT&T INC., et al., | ) **Special Master Levie** ) |
| *Defendants.* | ) ) ) ) |

### NON-PARTY LIGHTSQUARED GP, INC.'S MOTION TO QUASH

On November 14, 2011, counsel for AT&T, Inc. served a subpoena on non-party LightSquared GP, Inc. for a deposition pursuant to Fed. R. Civ. P. 30(b)(6).[1]  AT&T's subpoena seeks testimony on 11 different broad categories.   On November 29, the Federal Communications Commission granted the request of AT&T, T-Mobile, and Deutsche Telekom (collectively, "defendants") to withdraw their pending applications related to this transaction. Because FCC approval is necessary before defendants may close any transfer of T-Mobile's licenses, defendants' decision to withdraw their applications suggests that the current deal's future is in question.  Indeed, AT&T itself has publicly suggested that defendants withdrew their FCC applications because they intend to either abandon the deal or change its terms.  Either way, non-party LightSquared should not be required to go forward with a deposition that is currently scheduled for December 7.  (Robbins Decl. Ex. B.)

---

[1]    Declaration of Patricia Robbins ("Robbins Decl.") Ex. A.

LightSquared respectfully requests that AT&T's deposition subpoena be quashed, or that the deposition at least be postponed, until defendants definitively decide whether they will continue to pursue the transaction as it is currently structured.   If the defendants intend to abandon the current transaction, or change its terms, LightSquared, as a third party, should not be subjected to the burden and expense of going forward with the deposition at this time.   If the parties intend to abandon the deal, then the deposition is not necessary at all.   Alternatively, if the parties intend to change the terms of the deal, whether and/or to what extent LightSquared may be relevant to that new deal can be assessed at the appropriate time.   Defendants have an obligation to minimize the burden on non-parties to ensure that they are not subjected unnecessarily to multiple depositions. *See* Fed. R. Civ. P. 45.

**BACKGROUND**

On April 21, 2011, defendants applied to the FCC for consent to transfer to defendant AT&T control over licenses and authorizations that defendant T-Mobile USA currently holds. These license transfers are necessary to the proposed merger and the FCC's consent to the transfers is required under the Communications Act.   *See* 47 U.S.C. §§ 214(a), 310(d). Defendants cannot complete their proposed merger without the FCC's consent, regardless of the outcome of the litigation currently pending before this Court.

On November 23, FCC Chairman Julius Genachowski announced that he would circulate a draft Hearing Designation Order among the FCC Commissioners seeking to refer the defendants' applications to an administrative law judge for hearing.   The next day, defendants requested to withdraw their pending FCC applications.   On November 29, the FCC granted defendants' request and released a 111-page staff report that identified in detail the ways in which the agency believes that the defendants' proposed transaction would lessen competition

2

and contravene the public interest. *See* http://www.fcc.gov/document/bureau-order-dismissing-applications-and-bureau-staff-report.

On November 29, Jim Cicconi, AT&T's Senior Executive Vice President of External and Legislative Affairs, commented on the withdrawal and stated that "[t]here are essentially two reasons why an applicant would withdraw a merger application – either it intends to abandon the transaction altogether, or it plans to submit a new application reflecting changes to the transaction or materially changed circumstances."[2]

In light of these recent developments, as required by Local Rule 7(m), on December 5, 2011, LightSquared requested that the defendants postpone the LightSquared deposition until the defendants definitively determine how they will structure the transaction for the purpose of securing FCC approval, assuming defendants intend to proceed with any transaction at all. (Robbins Decl. ¶ 5.) Despite the fact that they have no pending application at the FCC, and no clear path to obtain FCC approval, defendants did not agree to LightSquared's request. (*Id.* ¶ 6, Ex. D.) Because defendants refused to postpone the deposition voluntarily, LightSquared respectfully moves to quash the Rule 30(b)(6) subpoena and/or to postpone the deposition until defendants submit new applications to the FCC for approval.

---

[2]     Jim Cicconi, *Withdrawal by Right* (Nov. 29, 2011), AT&T Public Policy Blog, *available at:* http://attpublicpolicy.com/wireless/withdrawal-by-right/.

**ARGUMENT**

Defendants are required to take "reasonable steps to avoid imposing undue burden or expense on" non-parties, such as LightSquared. Fed. R. Civ. P. 45(c)(1). To ensure that parties and their attorneys adhere to this requirement, Rule 45 "requires district courts supervising discovery to be generally sensitive to the costs imposed on third parties." *In re Motion to Compel Compliance with Subpoena*, 257 F.R.D. 12, 18-19 (D.D.C. 2009) (quoting *Watts v. SEC*, 482 F.3d 501, 509 (D.C. Cir. 2007)).

AT&T's public statements suggest that the transaction as currently structured may be substantially altered or may not proceed at all. (*Supra* n.2.) Defendants have voluntarily withdrawn their applications to obtain the necessary approvals from the FCC for the current deal. Regardless whether defendants intend to abandon this deal altogether, or simply restructure it, as far as LightSquared is concerned, the result is the same—defendants have no demonstrable need to take LightSquared's deposition *now*. LightSquared and other nonparties should not be subjected to burdensome and costly discovery while defendants decide how they are going to proceed. That is contrary to both the spirit and the letter of Rule 45. Moreover, to the extent defendants decide to restructure the deal, there is no way to know today whether LightSquared's information would even be relevant to that new deal.[3] *Cf. In re Motion to Compel Compliance*, 257 F.R.D. at 19 (quashing deposition subpoena in part because it imposed an undue burden by seeking testimony "irrelevant to the 'central inquiry'" in the matter).

---

[3]     The defendants' withdrawal of their FCC applications has also abated any urgency in conducting discovery and scheduling trial in this matter. Any new application that the defendants file with the FCC will "begin a subsequent review process" which would be subject to a 180-day review period under FCC practice. *See In re Applications of AT&T Inc. and Deutsche Telekom AG For Consent to Assign or Transfer Control of Licenses and Authorizations*, WT Docket No. 11-65, ¶ 9 (Nov. 29, 2011).

## CONCLUSION

For the foregoing reasons, this Court should quash the subpoena until such time as the defendants explain what transaction they are pursuing and have a plan to obtain FCC approval for that transaction.

Date:  December 6, 2011                      Respectfully submitted,

Jennifer L. Giordano (D.C. Bar No. 496746)
LATHAM & WATKINS LLP
555 11th Street NW, Suite 1000
Washington, D.C. 20004
Telephone:  (202) 637-2200
Fax:  (202) 637-2201
jennifer.giordano@lw.com

*Attorneys for Non-Party LightSquared GP, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify, on this 6th day of December, 2011, that I caused a true and correct copy of Non-Party LightSquared GP, Inc.'s Motion to Quash to be served upon the following via electronic mail:

Matthew C. Hammond
Katherine Celeste
U.S. Department of Justice
Antitrust Division
450 Fifth Street, N.W., Suite 7000
Washington, DC 20001
matthew.hammond@usdoj.gov
katherine.celeste@usdoj.gov

Attorney for Plaintiff United States

and

Steven F. Benz
Kellogg, Huber, Hansen, Todd, Evans & Figel, P.L.L.C.
Sumner Square
1615 M Street, N.W., Suite 400
Washington, DC 20036-3209
sbenz@khhte.com

Attorney for Defendant AT&T, Inc.

Jennifer L. Giordano