# EXHIBIT A

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the

District of Columbia

| UNITED STATES OF AMERICA, et al. | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   1:11-cv-01560 |
| AT&T INC., et al. | ) | |
| | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) |                                                           ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:  Lightsquared GP, Inc., 10802 Parkridge Blvd., Reston, VA 20191
     c/o Corporation Service Company, Bank of America Center, 16th Floor, 1111 East Main St., Richmond, VA 23219

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

See Schedule A to Defendants' Subpoena Pursuant to Fed. R. Civ. P. 30(b)(6) and 45 to Lightsquared GP, Inc.

| Place: Kellogg, Huber, Hansen, Todd, Evans & Figel, P.L.L.C., Sumner Square, 1615 M Street, N.W., Suite 400, Washington, DC 20036 | Date and Time: 11/29/2011 9:00 am |
|---|---|

The deposition will be recorded by this method:  video and electronic transcription

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:  11/14/2011

CLERK OF COURT

OR   /s/ Kn Figel

_____     _____
*Signature of Clerk or Deputy Clerk*           *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*    Defendant AT&T Inc.
_____ , who issues or requests this subpoena, are:

Kenneth M. Fetterman - Kellogg, Huber, Hansen, Todd, Evans & Figel, P.L.L.C
1615 M Street, N.W., Suite 400, Washington, DC 20036
kfetterman@khhte.com; (202) 326-7900

AO 88A  (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.  Misc.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of
$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $  0.00  .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

### Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, et al., | : |
| Plaintiffs, | : |
| v. | : Case No. 1:11-cv-01560-ESH |
| AT&T INC., et al., | : |
| Defendants. | : |

## DEFENDANTS' SUBPOENA
## PURSUANT TO FED. R. CIV. P. 30(b)(6) AND 45
## TO LIGHTSQUARED GP, INC.

PLEASE TAKE NOTICE that, pursuant to Fed. R. Civ. P. 30(b)(6) and 45, Lightsquared GP, Inc. ("you" or "your") shall designate one or more officers, directors, managing agents or other persons who are most qualified to testify on its behalf on November 29, 2011, at the offices of Kellogg, Huber, Hansen, Todd, Evans & Figel, P.L.L.C., Sumner Square, 1615 M Street, N.W., Suite 400, Washington, DC 20036, with respect to the topics attached as Schedule A.

The deposition will be conducted before an officer qualified to administer oaths and take depositions and will be recorded stenographically and by videotape. All parties are invited to attend and participate to the extent permitted by the Federal Rules of Civil Procedure.

Dated: November 11, 2011

Respectfully submitted,

*/s/ Steven F. Benz*
Steven F. Benz, D.C. Bar # 428026
Mark C. Hansen, D.C. Bar # 425930
Michael K. Kellogg, D.C. Bar # 372049
Kellogg, Huber, Hansen, Todd, Evans & Figel, P.L.L.C.
1615 M Street, NW, Suite 400
Washington, DC 20036
(202) 326-7900

Richard L. Rosen, D.C. Bar # 307231
Donna E. Patterson, D.C. Bar # 358701
Arnold & Porter LLP
555 Twelfth Street, NW
Washington, DC 20004-1206
(202) 942-5000

Wm. Randolph Smith, D.C. Bar # 356402
Kathryn D. Kirmayer, D.C. Bar # 424699
Crowell & Moring, LLP
1001 Pennsylvania Avenue, NW
Washington, DC 20004
(202) 624-2500

*Counsel for AT&T Inc.*

George S. Cary, D.C. Bar # 285411
Mark W. Nelson, D.C. Bar # 442461
Cleary Gottlieb Steen & Hamilton LLP
2000 Pennsylvania Avenue, NW
Washington, DC 20006
(202) 974-1500

Richard G. Parker, D.C. Bar # 327544
O'Melveny & Myers LLP
1625 Eye Street, NW
Washington, DC 20006
(202) 383-5300

*Counsel for T-Mobile USA, Inc. and Deutsche Telekom AG*

## CERTIFICATE OF SERVICE

I hereby certify that on November 11, 2011, I caused the foregoing Defendants' Subpoena Pursuant to Fed. R. Civ. P. 30(b)(6) and 45 to Lightsquared GP, Inc. to be served by electronic mail.

Dated: November 11, 2011

*/s/ Steven F. Benz*
Steven F. Benz

# SCHEDULE A
# TO DEFENDANTS' SUBPOENA PURSUANT TO
# FED. R. CIV. P. 30(b)(6) AND 45 TO LIGHTSQUARED GP, INC.

I. <u>Definitions</u>

A. "This action" means the action filed by the United States of America against AT&T, Inc., captioned United States v. AT&T, Inc., Case Number 1:11-cv-01560, pending in the United States District Court for the District of Columbia.

B. "Communication" means the transmittal of information or request for information, including but not limited to any written contact between two or more people by such means as letters, memoranda, facsimile transmissions, and e-mails and oral contact between two or more people by such means as face-to-face meetings, telephone conversations, and voice mail.

C. "Company," "you," and "your" all mean Lightsquared GP, Inc. and all persons or entities acting or that have acted on its behalf, including, but not limited to, divisions, subsidiaries, holding companies, parents, successors, predecessors, and any other related entity as well as its officers, directors, trustees, present and former employees, agents, affiliates, joint ventures, partners, assigns, or any other representatives or other persons under their control.

D. "Documents" shall include all information producible under Rule 34, including, but not limited to, books, papers, records, letters, notes, schedules, tabulations, vouchers, accounts, statements, financial statements, balance sheets, income or revenue statements, debt summaries, profit-and-loss statements, spreadsheets, data bases, affidavits, memoranda, records, communications, electronic mail ("email"), voicemail, facsimiles, "text" or SMS/MMS messages, minutes, reports, abstracts, agreements, contracts, calendars, drafts, drawings, photographs, blueprints, slides, sketches, video recordings, audio recordings, charts, graphs and

similar items, including originals, copies, or reproductions of any kind, and shall also include any kind of transcript, transaction, or recording of any audio or visual presentation or communication of any kind. The term "documents" shall further include other data compilations or electronically stored information of any kind, including data or information that can be obtained or translated through detection devices or other means into any reasonably useable or readable format. All documents stored or maintained in an electronic form should be produced in the same electronic form in which they are stored or maintained in the regular course of business.

E. "Person" means any person and includes natural persons, corporations, firms, partnerships, proprietorships, associations, joint ventures, firms and other enterprises or legal entities.

F. "Plaintiffs" means the Plaintiffs in this action: (a) the United States of America, (b) the State of New York, (c) the State of Washington, (d) the State of California, (e) the State of Illinois, (f) the Commonwealth of Massachusetts, (g) the State of Ohio, (h) the Commonwealth of Pennsylvania, (i) the Commonwealth of Puerto Rico, and all of their respective divisions, officers, directors, present and former employees, agents and any other persons acting on their behalf.

G. "Relating to" and "relate to" mean concerning, constituting, regarding, referring to, describing, discussing, embodying, evidencing, memorializing, mentioning, recording, studying, analyzing, reflecting, pertaining to, supporting, refuting, or with respect to.

H. "AT&T" means AT&T, Inc. and all persons or entities acting or that have acted on its behalf, including but not limited to divisions, subsidiaries, holding companies, parents, successors, predecessors, and any other related entity as well as its officers, directors, trustees,

present and former employees, agents, affiliates, joint ventures, partners, assigns, or any other representatives or other persons under their control.

I. "T-Mobile" means T-Mobile USA, Inc., and all persons or entities acting or that have acted on its behalf, including but not limited to divisions, subsidiaries, holding companies, parents, successors, predecessors, and any other related entity as well as its officers, directors, trustees, present and former employees, agents, affiliates, joint ventures, partners, assigns, or any other representatives or other persons under their control.

J. "Transaction" refers to the proposed merger between AT&T, Inc. and T-Mobile USA, Inc.

K. "Device" means any mobile devices used to access mobile wireless services, including but not limited to cellular phones, smartphones, e-book readers, and tablet computers.

L. "Mobile wireless service provider" or "provider" means any entity providing mobile wireless services, including entities offering any mobile wireless service as a reseller of such services.

M. "Mobile wireless services" means mobile wireless voice, data, or text services.

N. "Network Quality" refers to the measurement of voice accessibility, retainability, voice quality, or reliability of a wireless network.

O. "Smartphone" refers to any mobile device that combines the functionality of a mobile telephone with a handheld computer, including but not limited to devices utilizing RIM's BlackBerry OS, Apple's iOS, Google's Android, Microsoft's Windows Phone, or Nokia's Symbian.

P. "Cell Site" refers to a site where antennas and other electronic communications equipment are located to create a cell in a cellular network.

II.   <u>Subject Matters of Deposition</u>

1.   The Company's competitive position in the mobile wireless industry, including but not limited to, the effect on competition in general or on any competitor of its (a) wireless mobile broadband network, (b) planned provision of mobile wireless network access services on a wholesale basis, (c) business model and service offerings, and (d) current and future research and development activities and innovations in the wireless industry.

2.   The Company's studies, analyses and reports concerning the provision of wholesale network access directly to manufacturers, carriers, retailers or distributors of smartphones, tablets, e-book readers, or other devices, and the impact of such wholesale access on competition in the mobile wireless industry.

3.   All negotiations, discussions and agreements with Sprint including, but not limited to (a) the Company's use of Sprint's terrestrial base stations and the Company's reasons for utilizing Sprint's facilities and (b) Sprint's use of the Company's wireless mobile broadband network.

4.   Negotiations, discussions and agreements between the Company and actual or potential customers for any mobile wireless services currently offered or anticipated to be offered by the Company, including access to the Company's network, and the terms of all such agreements or potential agreements.

5.   The Company's business plans and strategies relating to its mobile wireless services, including, but not limited to, the Company's plans to enter or expand service into any geographic area, research and development plans, marketing plans, plans to introduce new services or products, projections of company growth and success, or plans to improve existing services, products, or network capacity or quality.

-8-

6. The Company's 4G LTE network deployment plans, including but not limited to the: (a) technology used, (b) anticipated geographic coverage, (c) deployment timelines, schedules and anticipated launch date, (d) efforts to obtain governmental approvals of the Company's wireless network and any technological changes necessary to obtain those approvals, (e) status of trials or other testing, and (f) network infrastructure build-out plans, including plans for constructing, leasing or otherwise deploying cell sites.

7. The Company's current spectrum holdings and any past, present, or future plans, whether consummated or abandoned, to sell, lease, or otherwise dispose of rights to wireless spectrum, or to purchase, lease, or otherwise acquire rights to wireless spectrum.

8. T-Mobile's competitive position and significance in the mobile wireless services industry, its future competitive significance, and any Company actions in response to T-Mobile as a competitor.

9. The Company's studies or analyses of the demand for wireless mobile data services during the last five years and projections for demand for such data services during the next six years.

10. Any evaluation or analysis by the Company of the Transaction, and any actions taken or planned in response to the Transaction or the announcement of the Transaction.

11. The identification, authenticity, business records foundation, and contenrs of all documents produced by the Company to the FCC, Plaintiffs, or Defendants in connection with the Transaction or this action.