EXHIBIT C

Jennifer L. Giordano
Direct Dial: +202.637.1013
Jennifer.giordano@lw.com

555 Eleventh Street, N.W., Suite 1000
Washington, D.C. 20004-1304
Tel: +1.202.637.2200  Fax: +1.202.637.2201
www.lw.com

# LATHAM&WATKINS LLP

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Abu Dhabi | Moscow |
| Barcelona | Munich |
| Beijing | New Jersey |
| Boston | New York |
| Brussels | Orange County |
| Chicago | Paris |
| Doha | Riyadh |
| Dubai | Rome |
| Frankfurt | San Diego |
| Hamburg | San Francisco |
| Hong Kong | Shanghai |
| Houston | Silicon Valley |
| London | Singapore |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |
| Milan | |

December 5, 2011

**VIA ELECTRONIC MAIL**

Yvette Tarlov
U.S. Department of Justice
Antitrust Division
450 Fifth Street, N.W., Suite 7000
Washington, DC 20001
yvette.tarlov@usdoj.gov

Scott Angstreich
Kellogg, Huber, Hansen, Todd, Evans & Figel, P.L.L.C.
Sumner Square
1615 M Street, N.W., Suite 400
Washington, DC 20036-3209
sangstreich@khhte.com

Patrick Bock
Cleary Gottlieb Steen & Hamilton LLP
2000 Pennsylvania Avenue, N.W.
Washington, DC 20006
pbock@cgsh.com

Re:   *United States et al. v. AT&T Inc. et al.*, Civil Action No. 11-01560 (ESH)

Dear Counsel:

We are writing in connection with defendant AT&T Inc.'s subpoena requesting a Rule 30(b)(6) deposition of LightSquared in connection with the above litigation. That deposition is currently scheduled for December 7, 2011. However, in light of recent developments, we would like all parties to agree to postpone the deposition.

We understand that on November 23, AT&T, T-Mobile, and Deutsche Telekom ("defendants") requested permission to withdraw the applications that they had submitted to the Federal Communications Commission in connection with the transaction. On November 29, the FCC allowed the parties to withdraw their applications, and released a lengthy staff report identifying ways in which the agency believes that the transaction would lessen competition and

**LATHAM&WATKINS**LLP

contravene the public interest. Because the FCC's approval is necessary before the parties may close any transfer of T-Mobile's licenses, the parties' withdrawal of their applications has led to much speculation in the industry and in the press regarding the future of this deal. Indeed, on November 29, AT&T's Senior Executive Vice President of External and Legislative Affairs, Jim Cicconi, stated, "[t]here are essentially two reasons why an applicant would withdraw a merger application – either it intends to abandon the transaction altogether, or it plans to submit a new application reflecting changes to the transaction or materially changed circumstances."[1]

LightSquared requests that its deposition be postponed until defendants definitively decide whether they are going to continue to pursue the transaction as it is currently structured. If defendants intend to abandon the current transaction, or materially change its terms, LightSquared, as a third party, should not be subjected to the burden and expense of going forward with the deposition on December 7. Obviously, if the parties intend to abandon the deal, then the deposition is not necessary at all. Alternatively, if the parties intend to materially change the terms of the deal, whether and/or to what extent LightSquared may be relevant to that new deal can be assessed at the appropriate time. Defendants have an obligation to minimize the burden on LightSquared and other third parties to ensure that they are not subjected unnecessarily to multiple depositions, particularly given the highly confidential and time-sensitive nature of the information that the parties are seeking from LightSquared. *See* Fed. R. Civ. P. 45.

Please contact me if you would like to discuss.

Sincerely,

Jennifer Giordano/dw.

Jennifer L. Giordano
of LATHAM & WATKINS LLP

cc: Daniel A. Sasse, Crowell & Moring, LLP (dsasse@crowell.com)

---

[1] Jim Cicconi, *Withdrawal by Right* (Nov. 29, 2011), AT&T Public Policy Blog, *available at:* http://attpublicpolicy.com/wireless/withdrawal-by-right/.