IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA, *et al.*,  )<br>  )<br>*Plaintiffs*,  )<br>  )<br>v.  )<br>  )<br>AT&T INC., *et al.*,  )<br>  )<br>*Defendants*.  )<br>  ) | Case No. 1:11-cv-01560 (ESH)<br><br>Referred to Special Master Levie |

## SPECIAL MASTER ORDER NO. 6

This matter is before the Special Master on Non-Party LightSquared GP, Inc.'s Motion to Quash. The Special Master has considered the written materials as well as the arguments submitted telephonically on December 6, 2011. For the reasons that follow, the Motion is denied.

### I.   Background

Defendant AT&T, Inc. issued a Fed. R. Civ. P. 30(b)(6) subpoena on LightSquared on November 14, 2011, for a deposition to take place on December 7, 2011. [Motion at 1 (Doc. 95)]. On December 6, 2011, non-party LightSquared GP, Inc. hand-filed the Motion to Quash that deposition based on the uncertainty generated by AT&T's recent withdrawal of its application before the Federal Communications Commission. (*Id.* at 1–3). Because AT&T does not currently have an application pending before the FCC, and because FCC approval is a prerequisite to completing the proposed merger, LightSquared argues that it is unduly burdensome to force it to undertake the inconvenience and expense of a deposition while the future of the deal is uncertain. (*Id.* at 4). During the argument, LightSquared also raised a

concern that circumstances relating to the litigation or a re-filing with the FCC, based upon any changes in the previously agreed-upon merger agreement, could lead to a request for a second deposition of LightSquared.

AT&T responds that the recent events with the FCC proceeding have not altered the posture or timelines in the instant case. [Motion, Ex. D (12/5/11 Letter from Scott Angstreich to Jennifer Giordano) (Doc. 95-5)]. AT&T notes that the agreement between it and LightSquared, memorialized in the November 29 letter between AT&T, T-Mobile, DOJ and LightSquared contemplates the possibility of a second deposition. [*See* Motion, Exhibit B at 3 (11/29/11 Letter) (Doc. 95-3)]. Thus, in AT&T's view, there is no reason to postpone or cancel the scheduled deposition of LightSquared's representatives.

Plaintiff United States, as represented by the Department of Justice, also participated in the oral argument. DOJ took no position on LightSquared's Motion, but articulated several concerns. DOJ asserted that it was reserving its right to take further action in the future, noting that AT&T has publicly stated that its withdrawal of its FCC application either represents an intent to "abandon the transaction altogether" or an intent to "submit a new application reflecting changes to the transaction or materially changed circumstances." [Motion at 3 (citing Jim Cicconi, *Withdrawal by Right* (Nov. 29, 2011), AT&T Public Policy Blog, *available at* http://attpublicpolicy.com/wireless/withdrawal-by-right/)]. DOJ interprets these comments to mean that the current litigation may, in fact, not present a live case or controversy.

## II.     Discussion

The Special Master is sensitive to LightSquared's concerns and takes note of the issues DOJ has raised. The recent activity before the FCC raises the spectre of an alteration of the course of the proposed merger. The FCC-related activities have not, however, altered the status

of this litigation. Although FCC approval is necessary for the proposed merger, so, too, is a favorable ruling from the federal court in this case. As there is no requirement of which the Special Master is aware that one approval must come before the other, the federal court case remains on track with a scheduled trial date of February 13, 2012.

LightSquared's reluctance to expend resources on depositions in a case to which it is not a party and which it believes may not reach trial is understandable. Nevertheless, the potential for an out-of-court resolution is too uncertain to rise to the level of undue burden under Rule 45. Unless or until the status of this case changes, the parties and non-parties subject to otherwise valid subpoenas have an obligation to proceed.

### III.   Conclusion

For the reasons stated, Non-Party LightSquared GP, Inc.'s Motion to Quash is DENIED.

Date:  December 6, 2011

/s/ Richard A. Levie_____
Hon. Richard A. Levie (Ret.)
Special Master